UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20191-WILLIAMS(s)

UNITED STATES OF AMERICA

v.

OLEANVINE PICKERING MAYNARD,

Defendant.

_____/

## FACTUAL PROFFER

The United States of America and the defendant, Oleanvine Pickering Maynard (hereinafter, "Defendant") hereby stipulate to the following facts, which form the basis for the Defendant's guilty plea to the Superseding Indictment. The Defendant agrees that the United States could prove the below facts beyond a reasonable doubt if the case were to go to trial.

Between March 16, 2022, and April 28, 2022, the Defendant and co-defendants Andrew Alturo Fahie ("Fahie") and Kadeem Stephan Maynard ("Kadeem") (collectively, "the defendants") conspired with each other and a DEA confidential source ("CS"), who the Defendant and her co-defendants believed was a member of the Mexican Sinaloa Cartel, to allow the CS to ship thousands of kilograms of cocaine through the Island of Tortola ("Tortola") in the British Virgin Islands ("BVI") to the United States in exchange for a percentage of the proceeds from the cocaine sales.

The Defendant and her co-defendants used their connections with, and positions of authority in, the government of the BVI to facilitate the CS's drug trafficking scheme. Kadeem introduced the CS to the Defendant, who was Kadeem's mother and managing Director of the BVI Ports Authority. The Defendant introduced the CS to Fahie, who was the Premier of the BVI.

1

Kadeem coordinated meetings between the CS, the Defendant, and Fahie, and relayed information between the CS, the Defendant, and Fahie.

During various meetings between the CS, Kadeem, Fahie, and the Defendant, the defendants agreed to allow the CS to port vessels containing 3,000-kilogram loads of cocaine in Tortola for 24-48 hours until the cocaine could be shipped to Puerto Rico en route to the United States. Fahie agreed to bribe officials managing the ports and airports in furtherance of the scheme, and the Defendant and Kadeem agreed to obtain the necessary licenses and paperwork authorizing the CS's vessels to port in the BVI without suspicion.

For example, on or about March 16, 2022, the CS met with Kadeem in Tortola. During the meeting, Kadeem stated that he and the Defendant were interested in working with the CS and that he would introduce the CS to the Defendant. Kadeem also stated that he and the Defendant had already started to make the necessary arrangements to carry out the plan.

On another occasion, on or about March 20, 2022, Kadeem arranged a meeting between himself, the Defendant, and the CS in St. Thomas, U.S. Virgin Islands ("USVI"). During this meeting, the CS told the Defendant and Kadeem that he was a member of the Sinaloa Cartel and requested their help moving thousands of kilograms of an illegal substance, which they suspected was cocaine, from Colombia through Tortola with the ultimate destinations of Miami and New York. The CS stated that he required protection and safe passage for the container for 24-48 hours until it could be taken to Puerto Rico. The Defendant said that she could assist with obtaining the necessary licenses and paperwork and suggested using shell companies to conceal the payments that she and Kadeem would receive. The Defendant indicated that she had started looking into different licenses to give their scheme the appearance of legitimacy.

2

The CS proposed a test run of 3,000 kilograms of the illegal substance, which the Defendant and Kadeem suspected was cocaine. If that load was successful, the CS said he would ship additional 3,000-kilogram loads over the next four months. The Defendant and Kadeem acknowledged that Fahie, as Tortola's Premier, would need to be involved, but Kadeem assured that the Defendant could convince Fahie to go along with the plan.

At the end of the meeting, the CS provided the Defendant and Kadeem with $10,000 cash as a gesture of good faith, which she and Kadeem accepted.

On April 7, 2022, the CS met in person with the Defendant and Fahie in Tortola, during which Fahie agreed to the CS's proposed cocaine trafficking scheme in exchange for 12% of the proceeds from the sales of the cocaine in Miami and New York, with 2% to be used for bribes. The CS said that a kilogram of cocaine would sell for $26,000-$28,000 per kilogram in Miami and $34,000-$38,000 per kilogram in New York. Fahie used a calculator to determine that his 10% of a 3,000-kilogram load sold for $26,000 per kilogram would be $7.8 million. Fahie, the Defendant, and the CS agreed that Fahie and the Defendant would meet the CS in Miami where the CS would provide a $500,000 up front payment to Fahie and a $200,000 payment to the Defendant. The Defendant would then fly back to the BVI with the money.

On April 26, 2022, the Defendant traveled from the BVI to Miami to meet with Fahie, who had arrived in the United States on April 24, 2022, and the CS. As planned, the Defendant boarded a private jet at the Opa Locka executive airport, where the CS showed her Fahie's $500,000 payment and her $200,000 payment that she was supposed to bring back to the BVI in furtherance of the scheme.

The parties agree that these facts, which do not include all of the facts known to the United

States and to the Defendant, are sufficient to prove the charges in the Superseding Indictment.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 6/12/23          By: _____
                           KEVIN D. GERARDE
                           ASSISTANT UNITED STATES ATTORNEY

Date: 6/12/23          By: _____
                           D'ARSEY HOULIHAN, ESQ.
                           DEFENSE COUNSEL

Date: 6/12/23          By: _____
                           OLEANVINE PICKERING MAYNARD
                           DEFENDANT