UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20191-WILLIAMS(s)

UNITED STATES OF AMERICA

v.

OLEANVINE PICKERING MAYNARD,

        Defendant.
        _____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Oleanvine Pickering MAYNARD (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges the defendant with conspiracy to import cocaine, in violation of Title 21, United States Code, Sections 963 and 952(a).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing

Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that, for Count 1, the Court must impose a mandatory minimum term of imprisonment of ten (10) years' imprisonment, unless the defendant is safety valve eligible, and may impose a statutory maximum sentence of up to life imprisonment, followed by a term of supervised release of at least five (5) years and up to a lifetime of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000 and may order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

2

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly make the following recommendation to the Court:

  (a)   The quantity of cocaine involved in the offense, for purposes of Section

3

2D1.1(a) and (c) of the Sentencing Guidelines, exceeds 450 kilograms.

8. The United States and the defendant agree that at the time of sentencing, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Section 5C1.2 of the Sentencing Guidelines, the Court impose a sentence within the Sentencing Guidelines range without regard to any statutory minimum sentence identified in paragraph 3 above, provided that:

(a) the defendant does not have:

1. more than four Criminal History points, excluding any Criminal History points resulting from a 1-point offense, as calculated under the Sentencing Guidelines;

2. a prior offense earning three points as calculated under the Sentencing Guidelines; and

3. a prior violent offense (as defined in 18 U.S.C. § 16) earning two points as calculated under the Sentencing Guidelines;

(b) the defendant did not use violence or credible threats of violence or possessed a firearm or other dangerous weapon (or induced another participant to do so) in connection with the offense;

(c) the offense did not result in death or serious bodily injury to any person;

(d) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise; and

(e) not later than the time of the initial sentencing hearing, the defendant has truthfully provided to this Office all information and evidence that the defendant has concerning the

offense of offenses that were part of the same course of conduct or of a common scheme or plan.

9. If the defendant satisfies the criteria in paragraph 8, this Office will not object to a downward variance of two levels from the guideline range calculated under the current Guidelines Manual (to reflect the 2-level reduction currently contemplated in 2D1.1(b)(18)) in exchange for the defendant's express agreement that she will not later seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) after November 1, 2023, when pending amendments to Section 5C1.2 become effective (triggering a two-level reduction under Section 2D1.1(b)(18)). If the Court does not grant the two-level variance requested on the basis of the proposed amendment, then the defendant shall be released from the above-described agreement relating to 18 U.S.C. § 3582(c). This Office remains free to oppose a variance sought on any other grounds. The defendant understands and agrees that this provision is not binding on the Court or the Probation Office, and that the Court remains free to deny any variance requested by either party or jointly.

10. This Office and the defendant agree that this Office will not object to a downward variance of two levels from the guideline range calculated under the current Guidelines Manual (to reflect the 2-level reduction currently contemplated in 4C1.1) in exchange for the defendant's express agreement that she will not later seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) after November 1, 2023, when Section 4C1.1 becomes effective (triggering a two-level reduction for certain zero-point offenders). If the Court does not grant the two-level variance requested on the basis of the proposed amendment, then the defendant shall be released from the above-described agreement relating to 18 U.S.C. § 3582(c). This Office remains free to oppose a variance sought on any other grounds. The defendant understands and agrees that this provision

is not binding on the Court or the Probation Office, and that the Court remains free to deny any variance requested by either party or jointly.

11. The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that she will not commit any further crimes.

12. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to

file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

13.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office.  In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

14.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

15.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of, such offense pursuant to 21 U.S.C. § 853.

16. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeited property, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

17. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

18. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to narcotics trafficking, removal is presumptively mandatory. The defendant knowingly and voluntarily consents to removal from the United States following completion of her sentence, waives any

rights relating to any and all forms of relief from removal or exclusion, agrees to abandon any pending applications for such relief, and agrees to cooperate with the Department of Homeland Security during removal proceedings.

19. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 6/12/23   By: _____
KEVIN GERARDE
ASSISTANT UNITED STATES ATTORNEY

Date: 6/12/23   By: _____
D'ARSEY HOULIHAN, ESQ.
COUNSEL FOR DEFENDANT

Date: 6/12/23   By: _____
OLEANVINE PICKERING MAYNARD
DEFENDANT

9