

**VIRGIN ISLANDS**

# CRIMINAL CODE

**Revised Edition**
showing the law as at 30 June 2013

This is a revised edition of the law, prepared by the Law Revision Commissioner
under the authority of the Law Revision Act 2014.

This edition contains a consolidation of the following laws—

Page
3

**CRIMINAL CODE**
Act 1 of 1997  ..  in force 1 September 1997
Amended by Acts:  7 of 2002  ..  in force 16 September 2002
                 15 of 2005  ..  in force 6 May 2005
                 8 of 2006  ..  in force 7 June 2006
                 3 of 2007  ..  in force 17 January 2007



**VIRGIN ISLANDS**

# CRIMINAL CODE

**Revised Edition**
showing the law as at 30 June 2013

This is a revised edition of the law, prepared by the Law Revision Commissioner
under the authority of the Law Revision Act 2014.

This edition contains a consolidation of the following laws—

Page
3

**CRIMINAL CODE**

Act 1 of 1997  ..  in force 1 September 1997

Amended by Acts:  7 of 2002  ..  in force 16 September 2002

15 of 2005  ..  in force 6 May 2005

8 of 2006  ..  in force 7 June 2006

3 of 2007  ..  in force 17 January 2007

Published in 2014
On the authority and on behalf of the Government of The Virgin Islands
by
The Regional Law Revision Centre Inc.

For information contact—

Attorney General's Chambers
4th Floor, TTT Building
Wickham's Cay I
P.O. Box 242
Road Town
Tortola, VG1110
British Virgin Islands

Tel: (284) 468 – 2960
Fax: (284) 468 – 2983
Email: agc@gov.vg

Printed on the authority and on behalf of the Government of The Virgin Islands
by
The Regional Law Revision Centre Inc.
P.O. Box 1626, Hannah-Waver House, Caribbean Commercial Centre,
The Valley, AI-2640, Anguilla
Authorised Printers for this Revised Edition

# CRIMINAL CODE

## ARRANGEMENT OF SECTIONS

### PRELIMINARY

SECTION
1. Short title
2. Saving of other laws
3. Interpretation
4. Offences committed partly within and partly beyond the jurisdiction

## PART I

### GENERAL RULES AS TO CRIMINAL LIABILITY

5. Ignorance of the law
6. *Bona fide* claim of right
7. Intention and motive
8. Mistake of fact
9. Presumption of sanity
10. Insanity
11. Intoxication
12. Immature age
13. Surgical operations
14. Duress
15. Compulsion by husband
16. Defence of person or property
17. Use of force in effecting arrest
18. Person not to be punished twice for same offence
19. Principal offenders
20. Offences committed by joint offenders in prosecution of common purpose
21. Counselling another to commit an offence

## PART II

### PUNISHMENTS

22. Kinds of punishments
23. Imprisonment
24. Fines
25. Imprisonment in lieu of fine
26. Forfeiture of proceeds of offence
27. Compensation
28. Costs
29. Suspended sentence of imprisonment
30. Security for keeping the peace

31. Security for coming up for judgment
32. General punishment for offences
33. Sentence cumulative unless otherwise ordered
34. Escaped convicts to serve unexpired sentences when recaptured
35. Discharge of offender without punishment

## PART III

### OFFENCES AGAINST GOVERNMENT AND PUBLIC ORDER

36. Treason
37. Concealment of treason
38. Treason felony
39. Limitation on prosecution for treason, etc.
40. Definition of overt act
41. Incitement to mutiny
42. Aiding, etc. acts of mutiny
43. Inducing police officer, etc., to desert
44. Piracy *jure gentium*
45. Piracy in other cases
46. Definition
47. Seditious intention
48. Seditious offences
49. Power to prohibit importation of publications
50. Offences in relation to publications the importation of which is prohibited or restricted
51. Delivery of prohibited publication to police officer
52. Power to examine suspected package, etc.
53. Legal proceedings
54. Evidence
55. Unlawful oaths to commit serious offences
56. Other unlawful oaths to commit offences
57. How far compulsion is a defence
58. Unlawful drilling
59. Publication of false news likely to cause fear and alarm the public
60. Defamation of foreign personages
61. Foreign enlistment
62. Unlawful assembly
63. Riot
64. Proclamation for dispersal of rioters and rioting thereafter
65. Obstructing making of proclamation
66. Rioters destroying or damaging certain property
67. Rioters interfering with aircraft, vehicle or vessel
68. Definition of prohibited and offensive weapons
69. Restriction on importation, etc. of prohibited weapons
70. Restriction on carrying offensive weapons, etc.

71. Power of search, arrest and forfeiture
72. Forcible entry
73. Forcible detainer
74. Criminal trespass
75. Challenging or offering to fight
76. Affray
77. Threatening violence
78. Assembling for the purpose of smuggling


## PART IV

### OFFENCES AGAINST THE ADMINISTRATION OF LAWFUL AUTHORITY

79. Interpretation and application of this Part
80. Bribery by public official
81. Bribery of public official
82. Taking gratification to screen offender from punishment
83. Public official using his office for gratification
84. Bribery of or by public official to influence the decision of a public body
85. Bribery of or by foreign public official
86. Influencing public official
87. Trading in influence
88. Public official taking gratification
89. Bribery for procuring contracts
90. Conflict of interests
91. Treating of public official
92. Receiving gift for a corrupt purpose
93. Frauds and breaches of trust by public officials
94. Illicit enrichment
95. Corruption of agent
96. Public officials charged with special duties
97. False claims by public officials
98. Abuse of office
99. False certificates by public officials
100. Unauthorised administration of oaths
101. False assumption of authority
102. Personating public officials
103. Threat of injury to public officials


## PART V

### OFFENCES RELATING TO THE ADMINISTRATION OF JUSTICE

104. Deceiving witness
105. Destroying evidence
106. False swearing

107. Perverting the course of justice
108. Unlawful disclosure of identity of informer
109. Offences relating to judicial proceedings
110. Perjury
111. Subordination of perjury
112. Fabrication of evidence
113. Contradictory statements by witnesses
114. Evidence in trial for perjury
115. Form of oath, etc., not material
116. Compounding of offences
117. Advertisements for stolen property
118. Rescue
119. Escape
120. Permitting prisoner to escape
121. Aiding prisoner to escape and harbouring a prisoner
122. Removal, etc. of property under lawful seizure
123. Obstructing court officers
124. False information to person employed in public service

## PART VI

### OFFENCES RELATING TO RELIGION

125. Insulting any religion
126. Disturbing religious assembly
127. Writing or uttering words, etc., with intent to wound religious feeling
128. Hindering burial, etc.
129. Trespassing on burial place

## PART VII

### SEXUAL OFFENCES

130. Definitions
131. Rape
132. Sexual intercourse with girl of or under age of 13
133. Unlawful sexual intercourse with girl under age of 16
134. Unlawful sexual intercourse with defective
135. Sexual assault by husband in certain circumstances
136. Incest by a man
137. Incest by a woman
138. Indecent assault
139. Indecency with a child
140. Permitting girl under 16 to use premises for sexual intercourse
141. Causing or encouraging prostitution, etc. of girl under sixteen
142. Causing prostitution of woman

143.  Procurement of woman by threats
144.  Procurement of woman by false pretences
145.  Administering drugs to facilitate intercourse
146.  Detention of woman in brothel, etc.
147.  Man living on earnings of prostitution
148.  Woman exercising control over prostitute
149.  Living on earnings of male prostitution
150.  Keeping brothels
151.  Letting premises for use as brothel

## PART VIII

### ABORTION

152.  Use of poison, etc. or instruments to cause miscarriage
153.  Supplying poison, etc. with intent to procure a miscarriage
154.  Child destruction

## PART IX

### OFFENCES RELATING TO MARRIAGE

155.  Bigamy
156.  Fraudulent pretence of marriage
157.  Fraudulently taking part in sham marriage ceremony
158.  Personation in marriage ceremony

## PART X

### GENOCIDE

159.  Interpretation of this Part
160.  Punishment for genocide

## PART XI

### HOMICIDE AND OTHER OFFENCES AGAINST THE PERSON

161.  Definition of murder
162.  Persons suffering from diminished responsibility
163.  Penalty for murder
164.  Provocation
165.  Attempted murder
166.  Manslaughter
167.  Infanticide
168.  Threats to murder
169.  Conspiracy to murder
170.  Abetment of suicide

171. Suicide pacts
172. Causing death defined
173. Persons capable of being killed
174. Concealing the birth of a child
175. Wounding or causing grievous bodily harm with intent
176. Wounding or inflicting grievous bodily harm
177. Wounding
178. Attempting to choke, etc. in order to commit an offence
179. Using anaesthetic, etc., to commit an offence
180. Administering poison so as to endanger life or inflict grievous harm
181. Administering poison with intent to injure, etc.
182. Impeding escape from shipwreck
183. Causing bodily harm by corrosive or explosive substance
184. Using explosive or corrosive substance with intent to do grievous harm
185. Placing explosive near building, etc. with intent to cause bodily harm
186. Causing explosion likely to endanger life or property
187. Setting traps, etc. with intent to inflict grievous bodily harm
188. Unlawful use of firearms
189. Excess use of force
190. Reckless and negligent acts
191. Other negligent acts or omissions causing harm
192. Dealing with poisonous substances in a negligent manner
193. Acts tending to the destruction of aircraft and ships
194. Conveying person for hire in unsafe conveyance
195. Common assault
196. Assault causing actual bodily harm
197. Assault on person protecting wreck
198. Assaults specially punishable
199. Assault on female or child
200. Assault on police officers, etc.

## PART XII

### NEGLECT ENDANGERING LIFE OR HEALTH

201. Neglecting apprentice or servant
202. Failure to supply necessaries
203. Abandoning or exposing child under two years
204. Cruelty to children
205. Other negligent acts or omissions causing harm

# PART XIII

## ABDUCTION, KIDNAPPING AND SIMILAR CRIMES

206.  Definitions of "abduction" and "kidnapping"
207.  Punishment for kidnapping
208.  Abduction with intent to convey out of the Territory, etc.
209.  Abduction or kidnapping female with intent to marry, etc.
210.  Unlawfully taking girl under age of sixteen away from parent
211.  Child stealing
212.  Wrongful confinement
213.  Unlawful compulsory labour
214.  Human trafficking
215.  Smuggling of migrants

# PART XIV

## OFFENCES RELATING TO PROPERTY

216.  Construction of this Part
217.  Definition of "theft"
218.  What act is not dishonest
219.  "Appropriates" defined
220.  "Property" defined
221.  Property belonging to another
222.  Intention of permanently depriving the owner
223.  Punishment for theft
224.  Robbery
225.  Burglary
226.  Aggravated burglary
227.  Removing articles from place open to the public
228.  Abstraction of electricity
229.  Fraudulent use of telephone, fax or telex system
230.  Taking conveyance without authority
231.  Obtaining property by deception
232.  Evasion of liability by deception
233.  Obtaining pecuniary advantage or services by deception
234.  Drawing dishonoured cheque
235.  Making off without payment
236.  False accounting
237.  Officers of company liable for certain offences committed by company
238.  False statement by company directors, etc.
239.  Destruction, etc. of valuable security, or procuring execution of same by deception
240.  Blackmail
241.  Handling stolen goods
242.  Provisions relating to stolen goods

| 10 | *Criminal Code* | LAW OF VIRGIN ISLANDS |
|---|---|---|

243. Procedure and evidence in trial for handling stolen goods
244. Evidence by statutory declaration in certain cases
245. Going equipped to steal, etc.
246. Forfeiture of article used in committing offence
247. Restitution


## PART XV

### FORGERY, COINING AND COUNTERFEITING

248. Definition of forgery
249. Intent to defraud
250. Forgery of certain documents with intent to defraud
251. Forgery of certain documents with intent to defraud or deceive
252. Forging or uttering forged court documents
253. Forging or uttering forged documents relating to registration of births, marriages and death
254. Forgery of, and other offences relating to, passports
255. Forgery of other documents with intent to defraud or deceive
256. Forgery of seals and dies
257. Uttering forged document, etc.
258. Uttering cancelled or spent document
259. Mode of trial *re.* uttering
260. Demanding property on forged document
261. Possession of forged notes, documents, seals or dies
262. Making or having possession of implements or materials for forgery
263. Unauthorised possession of paper, etc. used for manufacture of currency notes
264. Interpretation of terms relating to coining offences
265. Counterfeiting coin
266. Impairing, etc., current coin
267. Uttering and possession of coin with intent to utter
268. Dealing in counterfeit coin
269. Importing and exporting counterfeit coin
270. Making, possessing and selling articles resembling gold or silver coin
271. Making, possessing, etc., implements for coining
272. Defacing and uttering defaced coins
273. Melting down currency
274. Mutilating or defacing currency notes
275. Imitation of currency
276. Forfeiture of articles used in relation to offences under this Part


## PART XVI

### PERSONATION

277. Personation in general

278.  Lending, or personating person named in, certificate, etc.
279.  Personation in respect of a testimonial
280.  Falsely acknowledging recognisances, etc.


## PART XVII

### CRIMINAL DAMAGE AND SIMILAR OFFENCES

281.  Destroying or damaging property
282.  Threats to destroy or damage property
283.  Possessing anything with intent to destroy or damage property
284.  Without lawful excuse
285.  "Property"
286.  Award of compensation in case of a conviction of an offender under section 265
287.  Powers of search
288.  Casting away ships, etc.


## PART XVIII

### COMPUTER AND COMPUTER-RELATED OFFENCES

289.  Definitions
290.  Application of Part
291.  Illegal access
292.  Interfering with data
293.  Interfering with computer system
294.  Illegal interception of data, etc.
295.  Dissemination of unlawfully acquired computer data
296.  Illegal devices
297.  Search and seizure warrants
298.  Assisting police
299.  Recording or and access to seized data
300.  Production of data
301.  Disclosure of stored traffic data
302.  Preservation of data
303.  Interception of traffic data
304.  Evidence
305.  Confidentiality and limitation of liability


## PART XIX

### CRIMINAL LIBEL

306.  Libel
307.  Definition of defamatory matter
308.  Definition of publication

| 12 | *Criminal Code* | LAW OF VIRGIN ISLANDS |
|---|---|---|
| | | Revision Date: 30 June 2013 |

309.   Definition of unlawful publication
310.   Absolute privilege
311.   Conditional privilege
312.   Explanation as to good faith
313.   Presumption as to good faith

## PART XX

### NUISANCES AND OTHER OFFENCES AGAINST THE PUBLIC IN GENERAL

314.   Common nuisance
315.   Watching and besetting
316.   Chain letters
317.   Obscene publications
318.   Child pornography
319.   Idle and disorderly persons
320.   Rogues and vagabonds
321.   Disorderly conduct
322.   Drunkenness
323.   Abusive and false statements
324.   Obeah
325.   Acts likely to spread disease
326.   Pollution, etc.
327.   Adulteration of food, etc.
328.   Unauthorised wearing of uniform
329.   Negligence with fire
330.   Throwing missile, etc. in public place
331.   Defacing buildings, etc.
332.   Removing boats, etc.
333.   Animals in public place
334.   Fireworks and firearms in public place
335.   Gambling
336.   Neglect to maintain family
337.   Unlawful depasturing of animals
338.   Obstructing police officer
339.   Refusing to assist police officer, etc.
340.   Using animal without consent of owner
341.   Indecency, etc. in public place
342.   Having possession of thing reasonably suspected of being stolen
343.   Preventing work or trading
344.   Jurisdiction in respect of offence under this Part

## PART XXI

### CONSPIRACY, ATTEMPT AND ASSISTING OFFENDERS

345.   Conspiracy to commit an offence
346.   Punishment for conspiracy
347.   Other conspiracies
348.   Exemptions
349.   Supplementary provisions regarding conspiracy
350.   "Attempt" defined
351.   Punishment for attempt or incitement to commit an offence
352.   Assisting offenders
353.   Penalty for concealing an offence

## PART XXII

### MISCELLANEOUS

354.   Arrest without warrant
355.   Further provisions concerning arrestable offences
356.   Penalties for giving false information
357.   Provisions relating to cases in which the assent of the Attorney General is
       required
358.   Offences and penalties, etc.
359.   Alternative convictions
360.   Restriction on proceedings for offences under common law
361.   Abolition of certain common law offences
362.   Repeals and consequential amendments
       SCHEDULE 1:   Table of Offences and Penalties
       SCHEDULE 2:   Table of Alternative Verdicts
       SCHEDULE 3:   PART I:   Enactments Repealed
                     PART II:  Amendments of General Application

## CRIMINAL CODE

*(Acts 1 of 1997, 7 of 2002, 15 of 2005, 8 of 2006 and 3 of 2007)*

### Commencement

*[1 September 1997]*

PRELIMINARY

### Short title

**1.** This Act (hereinafter referred to as "this Code") may be cited as the Criminal Code.

### Saving of other laws

**2.** (1) Except as hereinafter expressly provided, nothing in this Code shall affect—

    *(a)* the liability, trial or punishment of a person for an offence against the common law or any other law in force in the Territory other than this Code;

    *(b)* the power of a court to punish a person for contempt of such court under the Contempt of Court Act;

    *(c)* the liability, trial or punishment of a person under a sentence passed, or to be passed in respect of an act done or commenced before the commencement of this Code;

    *(d)* any power of Her Majesty, or of the Governor vested in him or her as the representative of Her Majesty, to grant a pardon or to remit or commute, in whole or in part, or to respite the execution of a sentence passed or to be passed; or

    *(e)* a law for the time being in force for the Government of Her Majesty's naval, military or air forces.

(2) Where a person does an act which is punishable under this Code and also punishable under any other law, he or she shall not be punished for that act both under this Code and that other law.

### Interpretation

**3.** (1) Except as otherwise in this Code, or in the Interpretation Act, expressly provided, this Code shall be interpreted in accordance with the principles of legal interpretation obtaining in England, and expressions used in the Code shall be presumed, so far as is consistent with their context, to be used in accordance with the meanings attached to them in the criminal law of England, and shall be construed in accordance therewith.

(2) In this Code, unless the context otherwise requires—

"arrestable offence" means an offence for which a person may be arrested without a warrant, under the provisions of section 355;

16        *Criminal Code*        LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

"court" means the High Court or the Magistrate's Court as the context requires;

"knowingly", used in connection with any term denoting uttering or using, implies knowledge of the character of the thing uttered or used;

"money" includes bank notes, bank drafts, cheques and any other orders, warrants or requests for the payment of money;

"night" or "night-time" means the interval between 1900 hours in the evening and 0600 hours in the morning of the following day;

"oath" includes an affirmation or statutory declaration;

"offence" includes an act, attempt or omission punishable by law;

"person employed in the public service" includes—

    *(a)* a person holding a public office, whether temporarily or permanently, by appointment, by election or by operation of law;

    *(b)* an arbitrator, umpire or referee in any proceeding or matter acting with the sanction of a court or in pursuance of any law;

    *(c)* a magistrate or justice of the peace;

    *(d)* a member of a statutory body, tribunal or commission appointed under or in pursuance of any law; and

    *(e)* a marriage officer or Civil Marriage Officer, appointed under the Marriage Act when acting in performance of his or her functions as such;

"possession" includes not only having in one's own personal possession, but knowingly having anything in the actual or personal possession or custody of another person, or having anything in any place (whether belonging to or occupied by oneself or not) for the use or benefit of oneself or any other person; and if there are 2 or more persons and any one or more of them with the knowledge and consent of all or any of the others has or have anything in his, her or their custody or possession, it shall be deemed to be in the custody and possession of each and all of them;

"property" includes any description of real or personal property, money, debts and legacies and any deeds, instruments or other documents relating to or evidencing the title or right to any property or giving a right to recover or receive any money or goods;

"public" includes not only all persons in the Territory but also persons inhabiting or using any particular place, or any number of persons and also such indeterminate persons as may happen to be affected by the conduct in respect of which such expression is used;

"public way" includes any highway, market place, square, street, bridge or other way which is lawfully used by the public as of right;

"publicly", when applied to acts done, means either that they are so done in a public place as to be seen by any person, whether such person is or is not in a public place, or that the acts are so done in a place which is not a public place as to be likely to be seen by any person in a public place;

"utter" includes using or dealing with or attempting to use or deal with, or attempting to induce any person to use, deal with or act upon the thing in question;

"valuable security" includes a document which is the property of a person and which is evidence of the ownership of property or of the right to recover or receive property;

"vessel" includes any thing or device capable of being used for the conveyance of goods or passengers on water from one place to another and includes a hovercraft and any vessel being towed or carried by another vessel;

"wound" means an incision or puncture which breaks the continuity of the whole skin and not merely the cuticle or upper skin.

(3) Except where the context otherwise requires, Parts I and II of this Code apply to offences under any other law as they apply to offences under this Code.

### Offences committed partly within and partly beyond the jurisdiction

**4.** When an act which, if done wholly within the jurisdiction of the court, would be an offence against this Code, is done partly within, and partly beyond the jurisdiction, every person who within the jurisdiction does or takes any part in such act may be tried and punished under this Code in the same manner as if the act had been done wholly within the jurisdiction.

## PART I

### GENERAL RULES AS TO CRIMINAL LIABILITY

### Ignorance of the law

**5.** Ignorance of the law does not afford an excuse for an act or omission which would otherwise constitute an offence unless knowledge of the law by the offender is expressly declared to be an element of the offence.

### *Bona fide* claim of right

**6.** A person is not criminally responsible in respect of an offence relating to property, if the act done or omitted to be done by him or her with respect to the property was done in the exercise of an honest claim of right and without intention to defraud.

### Intention and motive

**7.** (1) Subject to the express provisions of this Code or any other law, a person is not criminally responsible for an act or omission which occurs independently of the exercise of his or her will, or for an event which occurs by accident.

(2) Unless the intention to cause a particular result is expressly declared to be an element of an offence constituted in whole or in part by an act or omission, the result intended to be caused by an act or omission is immaterial.

(3) Unless otherwise expressly declared, the motive by which a person is induced to do or omit to do an act, or to form an intention, is immaterial as regards criminal responsibility.

(4) In determining whether a person has committed an offence, a court—

(a) shall not be bound in law to infer that he or she intended or foresaw a result of his or her actions by reason only of it being a natural and probable consequence of those actions, but

(b) shall decide whether he or she intended or foresaw that result by reference to all the evidence, drawing such inference from the evidence as appears proper in the circumstances.

## Mistake of fact

**8.** Subject to the express or implied provisions of this Code or any other law, a person who does or omits to do an act under an honest and reasonable, but mistaken belief in the existence of any state of things is not criminally responsible for the act or omission to any greater extent than if the real state of things had been such as he or she believed to exist.

## Presumption of sanity

**9.** Every person is presumed to be of sound mind, and to have been of sound mind at any material time, until the contrary is proved.

## Insanity

**10.** (1) Subject to subsection (2) and to the provisions of this Code with regard to persons suffering from diminished responsibility, a person shall not be criminally responsible for an act or omission if, at the time of doing the act or making the omission he or she is, through a disease affecting his or her mind, incapable of understanding what he or she is doing or of knowing that he or she ought not to do the act or make the omission.

(2) A person may be criminally responsible for an act or omission, although his or her mind is affected by disease, if such disease does not in fact produce upon his or her mind one or other of the effects in subsection (1) in reference to that act or omission.

## Intoxication

**11.** (1) Save as provided in this section, intoxication shall not constitute a defence to a criminal charge.

(2) Intoxication shall be a defence to a criminal charge if by reason thereof, at the time of the act or omission complained of, the person charged did not know that such act or omission was wrong or did not know what he or she was doing, and—

(a) the state of intoxication was caused, without his or her consent, by the malicious or negligent act of another person; or

(b) the person charged was by reasons of intoxication insane, whether temporarily or otherwise, at the time of such act or omission.

(3) Where a defence under subsection (2) is established, then—

(a) in a case falling within subsection (2)(a), the accused shall be discharged;

(b) in a case falling within subsection (2)(b), the provisions of section 10 shall apply and the person charged shall be dealt with in accordance with the provisions relating to insanity contained in the Criminal Procedure Act.

(4) Intoxication shall be taken into account for the purpose of determining whether the person charged had formed any specific intention, in the absence of which he or she would not be guilty of the offence.

(5) For the purpose of this section, "intoxication" shall be deemed to include a state produced by narcotics or drugs.

## Immature age

**12.** (1) A person under the age of 10 years is not criminally responsible for any act or omission.

(2) A person under the age of 14 years is not criminally responsible for an act or omission unless it is proved that at the time of doing the act or making the omission he or she had capacity to know that he or she ought not to do the act or make the omission.

(3) A male person under the age of 12 is presumed to be incapable of having carnal knowledge.

(4) Where a person is charged with an offence under this Code or any other law in respect of a child who is alleged to be under a specified age and that the child appears to the court to be under that age, the child shall be presumed to be under that age unless the contrary is proved.

## Surgical operations

**13.** A person is not criminally responsible for performing, in good faith and with reasonable care and skill, a surgical operation upon any person for his or her benefit, or intended benefit, or upon an unborn child for the purpose of the preservation of the mother's life, if the performance of the operation is reasonable having regard to the patient's state at the time and all the circumstances of the case.

## Duress

**14.** (1) Except for the offence of murder, genocide and treason, a person is not criminally responsible for an offence if the act is done or not done only because during the time which it is being done or omitted to be done the person is compelled to do or not to do the act by threats on the part of another person.

(2) For the purpose of subsection (1), a threat must consist of immediate or proximate death or grievous bodily harm upon refusal to comply therewith to that person or a third party.

## Compulsion by husband

**15.** A married woman is not free from criminal responsibility for doing or
omitting to do an act merely because the act or omission takes place in the
presence of her husband; but on a charge against a wife, other than for treason or
murder, it shall be a good defence to prove that the offence was committed in the
presence of and under the coercion of the husband.

## Defence of person or property

**16.** Subject to the express provisions of this Code or any other law for the
time being in force in the Territory, criminal responsibility for the use of force in
the defence of person or property shall be determined according to the common
law.

## Use of force in effecting arrest

**17.** A person may use such force as is reasonable in the circumstances in
preventing crime, or in effecting or assisting in the lawful arrest of offenders or
suspected offenders or of persons unlawfully at large.

## Person not to be punished twice for same offence

**18.** A person shall not be punished twice, either under the provisions of this
Code or under the provisions of any other law, for the same offence.

## Principal offenders

**19.** (1) When an offence is committed, each of the following persons is
deemed to have taken part in committing the offence and to be guilty of the
offence, and may be charged with actually committing it, that is to say—

> (a) every person who actually does the act or makes the omission
> which constitutes the offence;
>
> (b) every person who does or omits to do any act for the purpose of
> enabling or aiding any other person to commit the offence;
>
> (c) every person who aids or abets another person in committing the
> offence; and
>
> (d) any person who counsels or procures another person to commit
> the offence.

(2) In a case arising out of subsection (1)(d), the accused may be charged
with committing the offence or with counselling or procuring its commission.

(3) A conviction of counselling or procuring the commission of an
offence entails the same consequences in all respects as a conviction of
committing the offence.

(4) A person who procures another to do or omits to do an act of such a
nature that, if the person had himself or herself done the act, or made the
omission, the act or omission would have constituted an offence on the person's
part, is guilty of an offence of the same kind, and is liable to the same
punishment, as if the person had done the act or made the omission, and the
person may be charged with doing the act or making the omission.

*Criminal Code*      21

## Offences committed by joint offenders in prosecution of common purposes

**20.** When 2 or more persons form a common intention to prosecute an unlawful purpose in conjunction with one another and in the prosecution of such unlawful purpose, an offence is committed of such a nature that its commission was a probable consequence of the prosecution of the unlawful purpose, each of them is deemed to have committed the offence.

## Counselling another to commit an offence

**21.** (1) When a person counsels another to commit an offence, and an offence is actually committed after such counsel by the person to whom it is given, it is immaterial whether the offence actually committed is the same as that counselled or a different one, or whether the offence is committed in the way counselled or in a different way.

(2) In either case, the facts constituting the offence actually committed must be a probable consequence of the carrying out of the counsel, and the person who gave the counsel is deemed to have counselled the other person to commit the offence.

## PART II

### PUNISHMENTS

## Kinds of punishment

**22.** Subject to the provisions of this Code and of any other law in force relating to the jurisdiction of particular courts, the following kinds of punishments may be imposed by a court on persons convicted of offences under this Code—

    *(a)* imprisonment;

    *(b)* fine;

    *(c)* payment of compensation to injured party;

    *(d)* suspended sentence;

    *(e)* finding security to keep the peace and be of good behaviour or to come up for judgment;

    *(f)* probation under the Probation of Offenders Act;

    *(g)* forfeiture of articles involved in an offence;

    *(h)* any other punishment expressly provided for by law for the time being in force.

## Imprisonment

**23.** (1) A person liable to imprisonment for life or any other period may be sentenced to a shorter term, except in the case of a sentence passed in pursuance of section 163.

(2) Subject to the provisions of this Code or any other law, a person liable to imprisonment may be sentenced to pay a fine in addition to or instead of imprisonment.

## Fines

**24.** (1) Where a fine is imposed under any law, then, in the absence of express provisions relating to the fine in that law, the following provisions shall apply—

    *(a)* where no limit is expressed as regards the amount of the fine, the amount of the fine which may be imposed is unlimited but shall not be excessive;

    *(b)* in the case of an offence punishable by a fine or a term of imprisonment or both, the imposition of a fine, or of a term of imprisonment or both, shall be in the discretion of the court;

    *(c)* in the case of—

        (i) an offence punishable with imprisonment as well as a fine, and in which the offender is sentenced to a fine (with or without imprisonment);

        (ii) an offence punishable with a fine only in which the offender is sentenced to a fine,

        the court imposing the fine may, in its discretion, direct by its sentence that in default of payment of the fine, within such time (if any) as the court may direct, the offender shall suffer imprisonment for a term not exceeding the maximum term specified in section 25, and the imprisonment shall be in addition to and consecutive with any other imprisonment to which the offender may have been sentenced, or may be liable under a commutation of sentence.

(2) For the purpose of subsection (1)*(c)*, where the sentence directs that in default of payment of the fine, the offender shall be imprisoned, and if such person has undergone the whole of such imprisonment in default, no court shall issue a distress warrant unless, for special reasons, to be recorded in writing by the court, it considers it necessary.

## Imprisonment *in lieu* of fine

**25.** (1) In the absence of express provisions in any law relating thereto, the term of imprisonment which may be ordered by a court in respect of the non-payment of any sum adjudged to be paid as a fine, costs or compensation, or of any sum adjudged to be paid under any law relating to the offence of which the offender has been convicted, shall be such term as in the opinion of the court will satisfy the justice of the case, but shall not exceed the maximum fixed by the following scale—

| *Where the amount of the sum of money adjudged to be paid* | *The period of imprisonment shall not exceed* |
|---|---|
| *(a)* does not exceed $200 | 4 days |
| *(b)* exceeds $200 but does not exceed $500 | 30 days |
| *(c)* exceeds $500 but does not exceed $1,000 | 2 months |
| *(d)* exceeds $1,000 but does not exceed $2,000 | 4 months |
| *(e)* exceeds $2,000 | 6 months. |

(2) Imprisonment imposed in default of the payment of any sum payable in respect of a fine, costs or compensation shall terminate immediately the fine is paid or levied by process of law, and in a case where part of the amount payable is paid, the term of the imprisonment shall be reduced in proportion to the amount so paid.

**Forfeiture of proceeds of offences**

**26.** (1) Where any person is convicted of an offence under this Act that is punishable with a term of imprisonment of 2 years or more, the court may, in addition to or *in lieu* of any other penalty which may be imposed, order the forfeiture to the Crown of any property which has passed in connection with, or was used in, the commission of the offence or, if such property cannot be forfeited or cannot be found, of such sum as the court shall assess as the value of the property, and any property or sum so forfeited shall be dealt with in such manner as the Governor may direct. *(Amended by Act 8 of 2006)*

(2) The payment of any sum ordered to be forfeited under subsection (1) may be enforced in the same manner and subject to the same incidents as in the case of the payment of a fine.

**Compensation**

**27.** (1) A person who is convicted of an offence may be ordered by the court to make compensation to any person injured, in person or property, by his or her offence and the compensation may be in addition to any other punishment.

(2) Subsection (1) shall not preclude a person who, or whose property, has been injured by the act or omission of another from bringing an action in respect of such injury, but if he or she shall so do, the court, in making an award, shall take into account any compensation that may have been paid by virtue of an order under subsection (1).

**Costs**

**28.** Subject to limitations imposed by any other law, a court may order a person convicted of an offence to pay costs of and incidental to the prosecution or any part thereof.

**Suspended sentence of imprisonment**

**29.** (1) Subject to subsection (2), where a court passes a sentence of imprisonment for a term of not more than 2 years for an offence, it may order that the sentence shall not take effect unless, during a period specified in the

*Criminal Code*

order, being not less than one year or more than 2 years from the date of the order, the offender commits in the Territory another offence punishable with imprisonment.

(2) A court shall not deal with an offender by means of a suspended sentence unless it is of the opinion that—

> (a) the case is one in which a sentence of imprisonment would have been appropriate even without the power to suspend the sentence; and

> (b) the exercise of that power can be justified by the exceptional circumstances of the case.

(3) A court which passes a suspended sentence on any person for an offence—

> (a) shall consider whether the circumstances of the case are such as to warrant, in addition, the imposition of a fine or the making of a compensation order; and

> (b) shall not make a probation order in his or her case in respect of another offence of which he or she is convicted by or before the court or for which he or she is dealt with by the court.

(4) Where an offender is convicted of an offence punishable with imprisonment committed during the period of a suspended sentence, then, unless the sentence has already taken effect, the court shall consider his or her case and deal with him or her by one of the following methods—

> (a) the court may order that the suspended sentence shall take effect with the original term unaltered;

> (b) the court may order that the sentence shall take effect with the substitution of a lesser term for the original term;

> (c) the court may by order vary the original order under subsection (1) by substituting for the period specified therein a period expiring not later than 2 years from the date of the variation;

> (d) the court may make no order with respect to the suspended sentence.

(5) Where the court orders that a suspended sentence shall take effect, with or without any variation of the original term, it may order that the sentence shall take effect immediately, or that the term thereof shall commence on the expiration of another term of imprisonment passed on the offender by that or another court.

(6) In proceedings for dealing with an offender in respect of a suspended sentence, any question whether the offender has been convicted of an offence punishable with imprisonment committed during the period of the suspended sentence is one of law to be determined by the court and not by the verdict of a jury.

**Security for keeping the peace**

**30.** (1) Subject to subsection (2), a person convicted of an offence not punishable with imprisonment for life may, instead of, or in addition to, any

punishment to which he or she is liable, be ordered to enter into his or her own recognizance, with or without sureties, in such amount as the court thinks fit, that he or she shall keep the peace and be of good behaviour for a time to be fixed by the court, and may be ordered imprisoned until such recognizance with sureties if so directed, is entered into.

(2) An order of imprisonment under subsection (1) for not entering into the recognizance shall not—

(a) extend for a period longer than one year; and

(b) together with the fixed term of imprisonment, if any, extend for a term longer than the longest term to which he or she might be sentenced to be imprisoned for the offence of which he or she is convicted.

## Security for coming up for judgment

**31.** When a person is convicted of an offence not punishable with imprisonment for life, the court may, instead of passing sentence, discharge the offender on entering on his or her own recognizance, with or without sureties, in such sum as the court thinks fit, on condition that he or she shall appear and receive judgment at some future sitting of the court or when called upon.

## General punishment for offences

**32.** When in this Code or any other law no punishment is specially provided for an offence it shall be punishable with imprisonment for a term not exceeding 2 years or with a fine not exceeding $2,000, or with both.

## Sentence cumulative unless otherwise ordered

**33.** (1) Where a person after conviction of an offence is convicted of another offence, either before sentence is passed upon him or her under the first conviction or before the expiration of that sentence, any sentence other than a sentence of corporal punishment, which is passed upon him or her under the subsequent conviction, shall be executed after the expiration of the former sentence, unless the court, subject to subsection (2), directs that it shall be executed concurrently with the former sentence or of any part thereof.

(2) No court shall direct that a sentence of imprisonment in default of payment of a fine shall be executed concurrently with a former sentence imposed under section 24(1)*(c)* of this Code or of any part thereof.

## Escaped convicts to serve unexpired sentences when recaptured

**34.** If a sentence is passed under this Code upon an escaped convict, the sentence shall run consecutively or concurrently, as the court may order, with the unexpired portion of the sentence which the convict was undergoing when he or she escaped.

## Discharge of offender without punishment

**35.** (1) Where in any trial the court thinks that the charge is proved, but is of the opinion that, having regard to—

    *(a)* the character, antecedents, age, health or mental condition of the accused;

    *(b)* the trivial nature of the offence; or

    *(c)* the extenuating circumstances in which the offence was committed,

it is inexpedient to inflict any punishment, the court may, without proceeding to conviction, make an order dismissing the charge.

       (2) An order made under subsection (1) shall, for the purpose of revesting or restoring stolen property and of enabling a court to make an order in that behalf, have the like effect of a conviction.

       (3) Where a charge is dismissed under subsection (1), the court may order the accused person to pay the whole or any part of the costs of and incidental to the prosecution.

## PART III

### OFFENCES AGAINST GOVERNMENT AND PUBLIC ORDER

### Treason

**36.** A person commits the offence of treason and is liable on conviction on indictment to suffer imprisonment for life if he or she—

    *(a)* expresses, utters, declares or publishes in any manner, or by any overt act manifests an intention so to publish, any matter, thing or intention whatsoever which, if done in England, is treason by the law of England;

    *(b)* does, in the Territory, any act which if done in England would be treason by the law of England; or

    *(c)* instigates any other person to invade the Territory with armed force.

            *(Amended by Act 8 of 2006)*

### Concealment of treason

**37.** A person who—

    *(a)* knowing that a person intends to commit treason, does not give information thereof with all reasonable despatch to the Governor, the Magistrate, a justice of the peace or a police officer, or use other reasonable endeavours to prevent the commission of the offence; or

    *(b)* knowing or believing that a person is guilty of treason, does an act
with intent to impede his or her apprehension or prosecution for
that offence,

commits an offence and is liable on conviction on indictment to imprisonment
for life. *(Amended Act 8 of 2006)*

## Treason felony

**38.** Any person who, in the Territory, does an act or publishes anything which
by the law of England if done in England constitutes an offence under the
Treason 11 & 12 Vict. c.12 Felony Act, 1848, commits an offence and is liable
on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Limitation on prosecution for treason, etc.

**39.** (1) No person shall be tried for an offence, committed within the
Territory, under section 36, 37 or 38 unless the prosecution is commenced within
3 years after the date of the commission of the offence.

    (2) A person charged with an offence to which this section refers shall not
be convicted, otherwise than on his or her own plea of guilty, except on the
evidence in open court of 2 witnesses—

    *(a)* at least to one overt act of the kind alleged; or

    *(b)* he evidence of one witness to one overt act and one other witness
to another act relevant to the same kind of offence.

    (3) This section shall not apply in a case in which this act of treason
alleged is the killing of Her Majesty or a direct attempt to endanger the life or
injure the person of Her Majesty.

## Definition of overt act

**40.** For the purposes of offences referred to in this Part, when the
manifestation by an overt act of an intention to effect a purpose is an element of
the offence, in addition to any other act which may be held to constitute an overt
act, every act of conspiring with any person to effect that purpose, and every act
done in furtherance of the purpose by any of the persons conspiring, shall be
deemed to be an overt act manifesting the intention.

## Incitement to mutiny

**41.** (1) A person who deliberately attempts—

    *(a)* to seduce any person serving in Her Majesty's naval, military or
air forces, or a police officer or member of a security force from
his or her duty or allegiance to Her Majesty;

    *(b)* to incite such persons to commit an act of mutiny or any traitorous
or mutinous act; or

    *(c)* to incite such persons to make or endeavour to make a mutinous
assembly,

commits an offence and is liable on conviction on indictment to imprisonment
for life. *(Amended by Act 8 of 2006)*

*Criminal Code*

(2) For the purposes of this section and of sections 42 and 43 "security force" means any force established in the Territory by virtue of an enactment.

## Aiding, etc. acts of mutiny

**42.** A person who—

    *(a)* aids, abets or is accessory to an act of mutiny by; or

    *(b)* incites to sedition or to disobedience to a lawful order given by a superior officer,

a member of her Majesty's naval, military or air forces or a police officer or member of any security force, commits an offence and is liable on conviction on indictment to imprisonment for 5 years. *(Amended by Act 8 of 2006)*

## Inducing police officer, etc., to desert

**43.** A person who—

    *(a)* procures or persuades or attempts to procure or persuade to desert;

    *(b)* aids, abets or is accessory to the desertion of; or

    *(c)* having reason to believe that he or she is a deserter, harbours or aids in concealing,

a member of Her Majesty's naval, military or air forces or a police officer or member of any security force, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

## Piracy *jure gentium*

**44.** (1) A person who is guilty of piracy *jure gentium* is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

(2) For the purposes of this section, piracy *jure gentium* means piracy as defined in the Schedule to the Tokyo Convention Act 1967, as applied to the Territory by the 1864 Tokyo Convention Act 1967 (Overseas Territories) Order, 1968.

## Piracy in other cases

**45.** A person who is guilty of piracy, or of a crime connected with, relating to or akin to piracy, in circumstances not constituting an offence under section 44, is liable to be tried and punished according to the laws of England.

## Definition

**46.** For the purpose of sections 47 to 52—

"import" includes—

    *(a)* to bring into the Territory; and

    *(b)* to bring into the territorial waters of the Territory, whether or not the matter so brought is brought ashore or whether there is, or is not an intention to bring the same ashore;

"publication" includes all written and printed matter, and a gramophone or other record, perforated roll, recording tape, cinematograph film or other contrivance by means of which words or ideas may be mechanically produced, represented or conveyed and everything, whether of a nature similar to the foregoing or not, containing a visible representation, or by its form, shape or other characteristics, or in any manner, is capable of producing, representing or conveying words or ideas and every copy or reproduction of a publication;

"periodical publication" includes every publication issued periodically or in parts or numbers at intervals, whether regular or irregular;

"prohibited publication" means any publication, the sale or public display of which has been prohibited by order under section 49;

"seditious publication" means a publication having a seditious intention within the meaning of section 47; and

"seditious words" means words having a seditious intention within the meaning of section 47.

## Seditious intention

47. (1) A "seditious intention" is an intention—

    (a) to bring into hatred or contempt or to excite disaffection against the person of the Sovereign, Her heirs, or successors, the Governor, or the Government of the Territory by law established;

    (b) to excite the inhabitants of the Territory to attempt to procure the alteration, otherwise than by lawful means, of any matter in the Territory as by law established;

    (c) to bring into hatred or contempt or to excite disaffection against the administration of justice in the Territory;

    (d) to raise discontent or disaffection amongst the inhabitants of the Territory; or

    (e) to promote ill-will or hostility between different classes of the population of the Territory.

(2) An act or a speech or publication is not seditious by reason only that it intends—

    (a) to show that the Crown has been misled or mistaken in any of its measures;

    (b) to point out errors or defects in the Government or constitution of the Territory;

    (c) to persuade the inhabitants of the Territory to attempt to procure by lawful means the alteration of any matter in the Territory as by law established; or

    (d) to point out, with a view to their removal, any matters which are producing or have a tendency to produce feelings of ill-will or enmity between different classes of the population.

(3) In determining whether the intention with which an act was done, words were spoken, or any document was published, was or was not seditious, every person shall be deemed to intend the consequences which would naturally flow from his or her conduct at the time and under the circumstances in which he or she so conducted himself or herself.

## Seditious offences

**48.** (1) A person who—

     (a) does or attempts to do, or makes any preparation to do an act with a seditious intention;

     (b) utters seditious words;

     (c) prints, publishes, sells, offers for sale, distributes or reproduces seditious publication; or

     (d) imports a seditious publication, unless he or she has no reason to believe it is seditious,

commits an offence. *(Amended by Act 8 of 2006)*

(2) A person who commits an offence under subsection (1) is liable—

     (a) on summary conviction to imprisonment for a term not exceeding 3 years or to a fine not exceeding \$3,000, or both; or

     (b) on conviction on indictment to imprisonment for a term not exceeding 10 years,

and any seditious publication shall be forfeited to the Crown.

*(Inserted by Act 8 of 2006)*

(3) A person who, without lawful excuse, has in his or her possession a seditious publication commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding \$2,000 or both, and the publication shall be forfeited to the Crown. *(Amended by Act 8 of 2006)*

(4) It shall be a defence to a charge under subsection (2) that, if the person charged did not know that the publication was seditious when it came into his or her possession, he or she did, as soon as the nature of the publication became known to him or her, deliver it to the nearest police station.

## Power to prohibit importation of publications

**49.** (1) If the Cabinet is of the opinion that a publication, or all publications published by a person or association of persons outside the Territory would be contrary to the public interest, the Cabinet may by order published in the *Gazette* prohibit the importation of the publication or publications and, in the case of a periodical publication may, by the same or a subsequent order, prohibit the importation of any past or future issue of the publication.

(2) An order under subsection (1) shall, unless a contrary intention is expressed therein, apply to a translation into any language of the publication specified in the order.

## Offences in relation to publications the importation of which is prohibited or restricted

**50.** (1) A person who imports, sells, offers for sale, distributes or reproduces a publication, the importation of which is prohibited under section 49, or an extract therefrom, or who publicly displays a prohibited publication or an extract therefrom, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years or to a fine not exceeding $3,000 or both, and the publication shall be forfeited to the Crown.

(2) A person who, without lawful excuse, has in his or her possession a publication, the importation of which is prohibited under section 49 or an extract therefrom, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000 or both, and the publication shall be forfeited to the Crown.

*(Amended by Act 8 of 2006)*

## Delivery of prohibited publication to police officer

**51.** (1) A person to whom a publication, the importation of which is prohibited under section 49, or an extract therefrom—

*(a)* is sent without his or her knowledge or privity, and not in response to a request made before the prohibition of the importation of the publication came into effect, shall forthwith if, or as soon as the nature of its contents have become known to him or her; or

*(b)* in the case of a publication or extract therefrom coming into his or her possession before an order prohibiting its importation has been made,

forthwith upon the coming into effect of an order prohibiting the importation of the publication, deliver it or an extract therefrom to the nearest police station.

(2) A person who defaults in complying with subsection (1) commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000 or both, and the publication shall be forfeited to the Crown. *(Amended by Act 8 of 2006)*

(3) A person who complies with the provisions of subsection (1) or is convicted of an offence under subsection (2), shall not be liable to be convicted for having imported or having in his or her possession the same publication or an extract therefrom.

## Power to examine suspected package, etc.

**52.** (1) A person employed in the public service and authorised in that behalf by the Governor may detain, open and examine any package or article which he or she suspects to contain a publication or extract therefrom which it is an offence under the provisions of section 50 to import and during the examination may detain any person importing, distributing or posting the package or article or in whose possession the package or article is found.

(2) If any such publication or extract therefrom is found in the package or article, the whole package or article may be impounded and retained and the

person importing, distributing or posting it, or in whose possession it is found, may be arrested and proceeded against.

## Legal proceedings

**53.** (1) No prosecution for an offence under section 48 shall be begun except within 6 months after the offence is committed, except that where a person leaves the Territory within 6 months of committing the offence, the prosecution may be begun within 6 months from the date when he or she returns to the Territory.

(2) No person shall be prosecuted for an offence under section 48 without the written consent of the Director of Public Prosecutions.

## Evidence

**54.** No person shall be convicted of an offence under section 48 upon the uncorroborated testimony of one witness.

## Unlawful oaths to commit serious offences

**55.** A person commits an offence and is liable on conviction on indictment to imprisonment for life, if he or she—

*(a)* administers, or is present at and consents to the administration of an oath, or engagement in the nature of an oath, purporting to bind the person who takes it to commit an offence punishable with imprisonment for life; or

*(b)* takes any such oath or engagement, not being compelled so to do.
*(Amended by Act 8 of 2006)*

## Other unlawful oaths to commit offences

**56.** A person commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years if he or she—

*(a)* administers or is present at and consents to the administration of, an oath or engagement in the nature of an oath, purporting to bind the person who takes it—

(i) to engage in an enterprise having a mutinous or seditious intention;

(ii) to commit an offence not punishable with imprisonment for life;

(iii) to disturb the public peace;

(iv) to be a member of an association, society or confederacy, formed for the purpose of doing an act mentioned in sub-paragraph (i), (ii) or (iii);

(v) to obey the orders or commands of a committee or body of persons, not lawfully constituted, or a leader or commander or other person not having authority by law for that purpose;

(vi) not to inform or give evidence against an associate, confederate or other person;

(vii) not to reveal or discover any unlawful association, society or confederacy, or any illegal act done or to be done or any illegal oath or engagement that may have been administered or tendered to or taken by himself, herself or any other person, or the import of such oath or engagement; or

(b) takes any such oath or engagement, not being compelled so to do.
*(Amended by Act 8 of 2006)*

## How far compulsion is a defence

**57.** A person who takes an oath or engagement as is mentioned in sections 55 and 56 cannot set up a defence that he or she was compelled to do so unless, within 14 days after taking it or, if he or she is prevented by actual force or sickness, within 14 days after the termination of the prevention, he or she declares on oath before a judicial officer, all that he or she knows concerning the matter, including the person or persons by whom and in whose presence, and the place where and the time when, the oath or engagement was administered or taken.

## Unlawful drilling

**58.** (1) A person commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years, if he or she—

(a) without the permission of the Governor, trains or drills another person in the use of arms or the practice of military exercises, movements or evolutions; or

(b) is present at a meeting or assembly of persons, held without the permission of the Governor, for the purpose of training or drilling another person in the use of arms or the practice of military exercises, movements or evolutions.
*(Amended by Act 8 of 2006)*

(2) A person who at a meeting or assembly held without the permission of the Governor, is trained or drilled in the use of arms or the practice of military exercises, movements or evolutions, or who is present at any such meeting or assembly for the purpose of being so trained or drilled, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Publication of false news likely to cause fear and alarm the public

**59.** (1) A person who—

(a) publishes a false statement, rumour or report which is likely to cause fear or alarm or to disturb the peace; or

(b) does anything which is likely to cause undue fear, alarm or disturbance of the peace,

commits an offence and is liable—

(i) on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $20,000, or both;

     (ii) on conviction on indictment to imprisonment for a term not exceeding 5 years or to a fine not exceeding $50,000, or both. *(Substituted by Act 7 of 2002)*

(2) It shall be a defence to a charge under subsection (1) if the accused proves that, prior to the publication, he or she took such measures to verify the accuracy of the statement, rumour or report as to lead him or her reasonably to believe that it was true.

## Defamation of foreign personages

**60.** A person who, without any justification or excuse as would be sufficient on the defamation of a private person, publishes in any manner anything tending to degrade, revile or expose to hatred or contempt a foreign prince, potentate, ambassador or other foreign dignitary with intent to disturb peace and friendship between the United Kingdom or the Territory and the country to which the prince, potentate, ambassador or dignitary belongs, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Foreign enlistments

**61.** A person who, not being licensed in writing by the Governor, in that behalf—

     *(a)* being a British subject, accepts or agrees to accept a commission or engagement in the air, military or naval service of a foreign state at war with a friendly state or whether a British subject or not, induces another person to accept or agree to accept a commission or engagement in the air, military or naval service of a foreign state as stated in this paragraph; or

     *(b)* being a British subject, quits or goes on board a ship or aircraft with a view to quitting the Territory, with intent to accept a commission, or engagement in the air, military or naval service of a foreign state at war with a friendly state, or whether a British subject or not, induces another person to quit or go on board a ship or aircraft with a view to quitting the Territory with the like intent,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Unlawful assembly

**62.** (1) When 3 or more persons assemble with intent to commit an offence, or being assembled with intent to carry out some common purpose, conduct themselves in such a manner as to cause persons in the neighbourhood reasonably to fear that the persons so assembled will commit a breach of the peace, or will by such assembly needlessly and without any reasonable occasion provoke other persons to commit a breach of the peace, they are guilty of an unlawful assembly.

(2) For purposes of subsection (1), it is immaterial that the original assembling was lawful if, being assembled, they conduct themselves with a common purpose in such manner as stated in subsection (1).

(3) Any person who takes part in an unlawful assembly commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

## Riot

**63.** (1) When an unlawful assembly has begun to execute the purpose for which it is assembled, by a breach of the peace and to the terror of the public, the assembly becomes a riot and the persons assembled are said to be riotously assembled.

(2) Any person who takes part in a riot commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years or to a fine not exceeding $5,000, or both. *(Amended by Act 8 of 2006)*

## Proclamation for dispersal of rioters and rioting thereafter

**64.** (1) A magistrate or justice of the peace, in whose view 12 or more persons are riotously assembled, or who apprehends that a riot is about to be committed by 12 or more persons assembled within his or her view, may make or cause a proclamation to be made in the Governor's name, in such form as he or she thinks fit, commanding the rioters or persons so assembled to disperse peaceably.

(2) If, upon the expiration of a reasonable time after the proclamation is made, or if, the making thereof having been prevented by force, 12 or more persons continue riotously assembled together, any person authorised to make a proclamation, a police officer, or any person acting in aid of the person or police officer, may do all things necessary for dispersing the persons who continue to be assembled, or for apprehending all or any of them, and if any person resists, may use all such force as is reasonably necessary for overcoming the resistance and shall not be liable in any criminal or civil proceeding for having, by the use of such force, caused harm or death to any person.

(3) If a proclamation is made, as provided in this section, a person who, after the expiration of a reasonable time after the making of the proclamation for the dispersal of the persons assembled, takes or continues to take part in the riot or assembly, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years. *(Amended by Act 8 of 2006)*

## Obstructing the making of a proclamation

**65.** (1) A person who forcibly prevents or obstructs the making of a proclamation, as mentioned in section 64(1), commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years.

(2) A person who, knowing that the making of the proclamation has been so prevented, takes or continues to take part in the riot or assembly, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years.

*(Amended by Act 8 of 2006)*

## Rioters destroying or damaging certain property

**66.** Persons who, being riotously assembled together, unlawfully pull down, destroy or burn, or begin to pull down, destroy, burn or unlawfully damage any building, machinery or structure, each commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

## Rioters interfering with aircraft, vehicle or vessel

**67.** Persons who, being riotously assembled together, unlawfully and with force prevent, hinder or obstruct the loading or unloading of an aircraft, vehicle or vessel, or the starting or transit of an aircraft, vehicle or vessel or the sailing operations or navigation of an aircraft or vessel, or unlawfully and with force board any aircraft, vehicle or vessel with intent so to do, each commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Definition of prohibited and offensive weapons

**68.** (1) For the purpose of sections 69, 70, 71 and 72 the following definitions apply—

    *(a)* "air gun" means a gun whose propelling force is compressed air and includes an air pistol or air rifle; *(Inserted by Act 8 of 2006)*

    *(b)* "automatic rifle" means any rifle so designed or adapted that if pressure is applied to the trigger, missiles continue to be discharged until the pressure is removed from the trigger or until the magazine containing the missiles is empty; *(Amended by Act 8 of 2006)*

    *(c)* "dagger" includes any sword, or any knife or other instrument having a blade ending in a sharp point, which is not primarily designed for use in a profession, craft or business, or for domestic use;

    *(d)* "flick knife" or "flick gun" means any knife which has a blade which opens automatically by hand pressure applied to a button, spring or other device in or attached to the handle of the knife;

    *(e)* "firearm" means any lethal barrelled weapon of any description from which any shot, bullet or other missiles can be discharged and includes—

        (i) any weapon which is so designed or adapted that, if pressure is applied to the trigger, missiles continue to be discharged until pressure is removed from the trigger or the magazine containing the missiles is empty; and

        (ii) any weapon of whatever description designed or adapted for the discharge of any noxious liquid, gas or thing, and any component part of any such weapon, any accessory to such weapon designed or adapted to diminish the noise or flash caused by firing the weapon, but does not include—

(A) an air gun;

(B) a toy-pistol or toy-gun from which any shot, bullet or missile is discharged by the force of a spring alone; and

(C) a firearm which is preserved for antiquarian interest and not for use;

*(Substituted by Act 8 of 2006)*

*(f)* "gravity knife" means a knife that has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force and which, when released, is locked in place by means of a button, spring, lever or other device;

*(g)* "knife" includes a cutting instrument, not being a dagger, whether ending in a sharp point or not;

*(h)* "offensive weapon" includes an automatic rifle, bale hook, black jack, bludgeon, cutlass, dagger, flick knife, firearm, air gun, gravity knife, ice pick, iron bar of any description, knife, knuckle duster, open razor, pick handle, razor or razor blade, staff, stick, stone or sword, and any object adapted for use as a weapon; *(Amended by Act 8 of 2006)*

*(i)* "prohibited weapon" means any machine gun, submachine gun, automatic rifle or weapon of any description or design, adapted for the discharge of a noxious liquid or gas and also any black jack, bludgeon, flick knife, gravity knife or knuckle duster.

(2) For the purpose of paragraph *(c)*, of subsection (1), sword, knife or other instrument when worn or carried by any person, shall be deemed to be a dagger unless it is designed primarily for use in a profession, craft or business exercised or carried on by such person, or for domestic use, and is being worn or carried by such person for the purpose of its use in such profession, craft or business, or for domestic use.

### Prohibition on importation, etc. of prohibited weapons

**69.** A person who imports into the Territory or manufactures, sells or hires or offers for sale or hire, or exposes or has in his or her possession for the purpose of sale or hire, or wears or carries in public, a prohibited weapon, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years or to a fine not exceeding $10,000, or both. *(Amended by Act 8 of 2006)*

### Restriction on carrying offensive weapons, etc.

**70.** (1) A person who carries or has in his or her possession an offensive weapon, or an explosive or incendiary device, in a public place or outside his or her own house or premises, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

(2) Where the offensive weapon is a firearm, a person does not commit an offence under this section if he or she is in possession of a firearm licence, issued under the Firearms Act and a permit in writing, signed by the

Commissioner of Police, giving him or her permission to carry the firearm outside his or her house or premises.

(3) Where the offensive weapon is a knife, a person does not commit an offence under this section if he or she proves that he or she was wearing or carrying the knife outside his or her own house or premises for some lawful purpose, for which the knife was necessary.

(4) For the purpose of this section, an imitation firearm shall be deemed to be an offensive weapon, and "imitation firearm" means anything which has the appearance of a firearm, whether or not the same is capable of being fired.

(5) Nothing in this section shall be deemed to prevent a police officer or a member of Her Majesty's armed forces from wearing or carrying any firearm, sword, staff or other weapon issued for the purposes of his or her duty.

## Power of search, arrest and forfeiture

**71.** (1) A police officer who suspects that a person has concealed about his or her person an offensive or prohibited weapon may request such person to accompany him or her to the nearest police station where the senior police officer on duty may cause the person to be searched.

(2) A person who refuses to accompany a police officer when so required for the purpose of subsection (1) commits an offence and may be arrested without a warrant and is liable on summary conviction to a fine not exceeding $100. *(Amended by Act 8 of 2006)*

(3) An offensive or prohibited weapon or explosive or incendiary device in respect of which any person has been convicted under this Part shall be forfeited to the Crown.

## Forcible entry

**72.** (1) A person who, in order to take possession thereof, enters into a building or onto any land in a violent manner, whether such violence consists in actual force applied to another person, or in threats or in breaking open any house, or in collecting an unusual number of persons, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $3,000, or both. *(Amended by Act 8 of 2006)*

(2) It is immaterial whether or not the person entering into a building or onto a land contrary to subsection (1) is entitled to enter into the building or onto the land.

(3) A person does not commit an offence under this section if he or she—

    *(a)* acts in pursuance of a warrant or other lawful authority authorising the use of force to gain entry into the building or onto the land; or

    *(b)* enters into a building or onto a land which he or she owns, but which is in the custody of his or her servant, agent or bailiff.

## Forcible detainer

**73.** A person who, being in actual possession of any building or land without colour of right, holds possession of it, in a manner likely to cause a breach of the

peace, against a person lawfully entitled to the possession thereof, commits the offence of forcible detainer and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Criminal trespass

**74.** (1) A person who enters into or upon any property in possession of another with intent to commit an offence or to intimidate, insult or annoy a person in lawful possession of such property, or who, having lawfully entered into or upon the property, remains there with intent thereby to intimidate, insult or annoy that person, or with intent to commit an offence, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both.

(2) If the property upon which the offence is committed under subsection (1) is a vessel, a building or tent used as a human dwelling, a building used as a place of worship, or as a place for the custody of property, the offender is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000.

*(Amended by Act 8 of 2006)*

## Challenging or offering to fight

**75.** A person who does an act with intent to provoke another person to fight, whether in a public place or not, with a deadly or dangerous instrument, and any person who agrees or offers so to fight, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Affray

**76.** A person who takes part in a fight in a public place commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

## Threatening violence

**77.** (1) A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year if he or she—

(a) with intent to intimidate or annoy any person, threatens to break or damage a dwelling-house; or

(b) with intent to alarm any person in a dwelling-house, discharges a firearm or commits a breach of the peace.
*(Amended by Act 8 of 2006)*

(2) If an offence under subsection (1) is committed in the night, the offender is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

## Assembling for the purpose of smuggling

**78.** Persons who assemble together, to the number of 2 or more, for the purposes of unshipping, carrying or concealing any goods subject to customs

duty and liable to forfeiture under any law relating to customs, commit an offence and each of them is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## PART IV

### OFFENCES AGAINST THE ADMINISTRATION
### OF LAWFUL AUTHORITY

**Interpretation and application of this Part**

79. (1) In this Part—

"agent"—

    *(a)* means any person employed by or acting for another person; and

    *(b)* includes a member or an officer of a public body, a trustee, a sub-contractor, and any person employed by or acting for such public body, trustee or sub-contractor;

"associate", in relation to a person, means—

    *(a)* a person who is a nominee or an employee of that person;

    *(b)* a person who manages the affairs of that person or a person whose affairs are managed by that person;

    *(c)* a firm of which that person, or his or her nominee, is a partner or a person in charge or in control of its business or affairs;

    *(d)* a company in which that person, or his or her nominee—

        (i) is a director or is in charge or in control of its business or affairs;

        (ii) holds a direct or indirect private interest; or

        (iii) by reason of his or her financial input through loans, debentures or otherwise, or by reason of the presence of his or her representative on the Board of Directors, is in a position to influence its policy or decisions; or

    *(e)* the trustee of a trust, where—

        (i) the trust has been created by that person; or

        (ii) the total value of the assets contributed by that person to the trust at any time, whether before or after the creation of the trust, amounts, at any time, to not less than 20% of the total value of the assets of the trust;

"child" means a son or daughter of any age and includes a child born out of wedlock, an adopted child, a step-child or a child of the family;

"child of the family", in relation to a person, means—

    *(a)* a child of both the person and his or her spouse; and

(b) any other child, who has been accepted and treated by both the person and his or her spouse as a child of their family;

"foreign public official" includes—

(a) a person who holds a legislative, executive, administrative or judicial position of a foreign state;

(b) a person who performs public duties or functions for a foreign state, including a person employed by a board, commission, corporation or other body or authority that is established to perform a duty or function on behalf of a foreign state, or is performing such a duty or function; and

(c) an official or agent of a public international organisation that is formed by 2 or more states or governments, or by 2 or more such public international organisations;

"foreign state" means a country or territory other than the Virgin Islands and includes—

(a) a political subdivision of a country or territory;

(b) the government, or a department or branch of the government, of a country, a territory or a political subdivision of a country or territory; and

(c) an agency of a country, a territory or a political subdivision of a country or territory;

"Government company" means a company registered under the BVI Business Companies Act and in which the Government of the Virgin Islands—

(a) holds a direct or indirect private interest; or

(b) by reason of its financial input through loans, debentures or otherwise, or by reason of the presence of its representatives on the Board of Directors, is in a position to influence its policy or decisions;

"gratification"—

(a) means a gift, reward, discount, premium or other pecuniary or non-pecuniary advantage, other than lawful remuneration; and

(b) includes—

(i) a loan, fee or commission consisting of money or of any valuable security or of other property or interest in property of any description;

(ii) the offer of an office, employment or other contract;

(iii) the payment, release or discharge of a loan, obligation or other liability;

(iv) the payment of inadequate consideration for property, an interest in property, goods or services;

(v) an overpayment for property, an interest in property, goods or services; and

 (vi) the offer or promise, whether conditional or unconditional, of anything mentioned in paragraph *(a)* or subparagraphs (i) to (v);

"principal" includes an employer, a beneficiary under a trust, a person beneficially interested in the succession of a person, and, in the case of a person serving in or under a public body, the public body;

"public body" means the Cabinet, the House of Assembly, a Ministry or Government department, a commission of inquiry, a statutory board, a statutory corporation or a Government company;

"public official" includes a Minister, a member of the House of Assembly, a judge of the Supreme Court, a magistrate, a public officer, a member of a commission of inquiry, a member or employee of a statutory board or a statutory corporation, a director or employee of a Government company, an arbitrator, an assessor, a member of a jury or any other person who performs a public function or provides a public service, whether appointed or elected, whether permanent or temporary, whether paid or unpaid and irrespective of that person's seniority;

"relative", in relation to a person, means—

 *(a)* a spouse or child of that person;

 *(b)* a brother or sister of that person;

 *(c)* a brother or sister of the spouse of that person; or

 *(d)* a parent, grandparent or grandchild of that person;

"spouse", in relation to a person, means the husband or wife of that person or a person of the opposite sex who is living with that person in the circumstances of husband and wife at the time the act or omission constituting the offence occurs.

 (2) A person commits an offence under this Part where—

 *(a)* the act or omission constituting the offence occurs in or outside the Virgin Islands; or

 *(b)* the act constituting the offence is done by that person or for him or her by another person.

 (3) Notwithstanding any law to the contrary, the prosecution of a summary offence under this Part may be commenced at any time before the expiration of 10 years from the date on which the offence is alleged to have been committed.

*(Substituted by Act 8 of 2006)*

## Bribery by public official

 **80.** (1) A public official who, directly or indirectly, solicits, accepts or obtains from another person, for himself, herself or for any other person, a gratification for—

 *(a)* doing or abstaining from doing, or having done or abstained from doing, an act in the execution of his or her functions or duties,

(b) doing or abstaining from doing, or having done or abstained from doing, an act which is facilitated by his or her functions or duties,

(c) expediting, delaying, hindering or preventing, or having expedited, delayed, hindered or prevented, the performance of an act in the execution of his or her functions or duties,

(d) expediting, delaying, hindering or preventing, or having expedited, delayed, hindered or prevented, the performance of an act by another public official, in the execution of the latter's functions or duties, or

(e) assisting, favouring, hindering or delaying, or having assisted, favoured, hindered or delayed, another person in the transaction of a business with a public body,

commits an offence.

(2) A public official who commits an offence under subsection (1) is liable—

(a) on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both; or

(b) on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both.

(3) Notwithstanding any other law, where in any proceedings against a person for an offence under subsection (1), it is proved that the public official directly or indirectly solicited, accepted or obtained a gratification from another person, for himself, herself or for another person, it shall be presumed, until the contrary is proved, that the gratification was solicited, accepted or obtained for any of the purposes set out in subsection (1)(a) to (e).

*(Substituted by Act 8 of 2006)*

## Bribery of public official

**81.** (1) A person who, directly or indirectly, gives, agrees to give, or offers a gratification to a public official for—

(a) doing, or for abstaining from doing, or having done or abstained from doing, an act in the execution of his or her functions or duties;

(b) doing or abstaining from doing, or for having done or abstained from doing, an act which is facilitated by his or her functions or duties;

(c) expediting, delaying, hindering or preventing, or having expedited, delayed, hindered or prevented, the performance of an act in the execution of his or her functions or duties;

(d) expediting, delaying, hindering or preventing, or having expedited, delayed, hindered or prevented, the performance of an act by another public official in the execution of the latter's functions or duties; or

(e) assisting, favouring, hindering or delaying or having assisted, favoured, hindered or delayed another person in the transaction of a business with a public body,

commits an offence.

(2) A person who commits an offence under subsection (1) is—

(a) liable, on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both;

(b) in the case of an individual, liable on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both; or

(c) in the case of a body corporate, liable on conviction on indictment, to a fine not exceeding $250,000 or 3 times the value of the gratification, whichever is higher.

(3) Notwithstanding any other law, where in proceedings against a person for an offence under subsection (1), it is proved that the accused directly or indirectly gave, agreed to give or offered gratification to a public official, it shall be presumed, until the contrary is proved, that the accused gave, agreed to give or offered the gratification for any of the purposes set out in subsection (1)(a) to (e).

*(Inserted by Act 8 of 2006)*

## Taking gratification to screen offender from punishment

**82.** (1) Subject to subsection (2), a person who, directly or indirectly, accepts or obtains, or agrees to accept or attempts to obtain a gratification for himself, herself, or for any other person, in consideration of his or her—

(a) concealing an offence;

(b) screening another person from legal proceedings for an offence;

(c) not proceeding against another person in relation to an alleged offence; or

(d) abandoning, withdrawing, obtaining or endeavouring to obtain the withdrawal of a prosecution against another person,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or on conviction on indictment, to imprisonment for a term not exceeding 5 years.

(2) This section shall not extend to a lawful compromise as to the civil interests resulting from the offence or a lawful compromise arising out of mediation approved by a court or plea bargaining, but such compromise shall not be a bar to criminal proceedings which may be instituted in respect of the offence.

*(Inserted by Act 8 of 2006)*

## Public official using his office for gratification

**83.** (1) Subject to subsection (3), a public official who, directly or indirectly, makes use of his or her office or position for a gratification for himself, herself or another person commits an offence and is liable—

    *(a)* on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both; or

    *(b)* on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both.

(2) For the purposes of subsection (1), a public official shall be presumed, until the contrary is proved, to have made use of the public official's office or position for a gratification where the public official has taken, or directed or participated in the taking of, a decision or action in relation to any matter in which the public official or a relative or associate, has a direct or indirect private interest or where the public official has given advice in such a matter.

(3) This section shall not apply to a public official who—

    *(a)* holds office in a public body as a representative of a body corporate which holds shares or interests in that public body; and

    *(b)* acts in that capacity in the interest of that body corporate.
        *(Inserted by Act 8 of 2006)*

## Bribery of or by public official to influence the decision of a public body

**84.** (1) A person who, directly or indirectly, gives, or agrees to give, or offers, to a public official, a gratification for—

    *(a)* voting or abstaining from voting, or having voted or abstained from voting, at a meeting of a public body of which he or she is a member, director or employee, in favour of or against any measure, resolution or question submitted to the public body;

    *(b)* performing or abstaining from performing, or aiding in procuring, expediting, delaying, hindering or preventing, or having performed or abstained from performing, or having aided in procuring, expediting, delaying, hindering or preventing, the performance of an act of a public body of which he or she is a member, director or employee; or

    *(c)* aiding in procuring, or preventing, or having aided in procuring or preventing, the passing of any vote or the granting of any contract or advantage in favour of any other person,

commits an offence.

(2) A person who commits an offence under subsection (1) is—

    *(a)* liable, on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both;

    *(b)* in the case of an individual, liable on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not

exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both; or

(c) in the case of a body corporate, liable on conviction on indictment, to a fine not exceeding $250,000 or 3 times the value of the gratification, whichever is higher.

(3) A public official who, directly or indirectly, solicits or accepts a gratification for—

(a) voting or abstaining from voting, or having voted or abstained from voting at a meeting of a public body of which he or she is a member, director or employee, in favour of or against any measure, resolution or question submitted to the public body;

(b) performing or abstaining from performing, or aiding in procuring, expediting, delaying, hindering or preventing, the performance of, an act of a public body of which he or she is a member, director or employee; or

(c) aiding in procuring or preventing, or having aided in procuring or preventing, the passing of any vote or the granting of any contract or advantage in favour of any person,

commits an offence.

(4) A public official who commits an offence under subsection (3) is liable—

(a) on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both; or

(b) on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both.
*(Inserted by Act 8 of 2006)*

## Bribery of or by foreign public official

**85.** (1) A person who, in order to obtain or retain business or other undue advantage in relation to the conduct of international business, directly or indirectly, gives, or agrees to give, or offers, to a foreign public official, a gratification for—

(a) doing, or for abstaining from doing, or having done or abstained from doing, an act in the execution of his or her functions or duties;

(b) doing or abstaining from doing, or for having done or abstained from doing, an act which is facilitated by his or her functions or duties;

(c) expediting, delaying, hindering or preventing, or having expedited, delayed, hindered or prevented, the performance of an act in the execution of his or her functions or duties;

(d) expediting, delaying, hindering or preventing, or having expedited, delayed, hindered or prevented, the performance of an

act by another foreign public official in the execution of the latter's functions or duties;

*(e)* assisting, favouring, hindering or delaying or having assisted, favoured, hindered or delayed any person in the transaction of a business with the foreign state or public international organisation for which the foreign public official performs duties or functions;

*(f)* voting or abstaining from voting, or having voted or abstained from voting, in favour of or against any measure, resolution or question in the execution of his or her duties or functions;

*(g)* aiding in procuring, expediting, delaying, hindering or preventing, or having aided in procuring, expediting, delaying, hindering or preventing the performance of, an act by or on behalf of the foreign state or public international organisation for which the foreign public official performs duties or functions; or

*(h)* aiding in procuring, or preventing, or having aided in procuring or preventing, the passing of any vote or the granting of any contract or advantage by the foreign state or public international organisation for which the foreign public official performs duties or functions, in favour of any other person,

commits an offence.

(2) A person who commits an offence under subsection (1) is—

*(a)* liable, on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both;

*(b)* in the case of an individual, liable on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both; or

*(c)* in the case of a body corporate, liable on conviction on indictment, to a fine not exceeding $250,000 or 3 times the value of the gratification, whichever is higher.

(3) Notwithstanding any other law, where in any proceedings against a person for an offence under subsection (1), it is proved that the accused gave, agreed to give or offered gratification, it shall be presumed, until the contrary is proved, that the accused gave, agreed to give or offered the gratification for any of the purposes set out in subsection (1)*(a)* to *(h)*.

(4) A foreign public official who, directly or indirectly—

*(a)* gives, or agrees to give, or offers, to a public official; or

*(b)* solicits, accepts or obtains from another person, for himself, herself or for any other person,

a gratification for—

(i) doing or abstaining from doing, or having done or abstained from doing, an act in the execution of his or her functions or duties;

(ii) doing or abstaining from doing, or having done or abstained from doing, an act which is facilitated by his or her functions or duties;

(iii) expediting, delaying, hindering or preventing, or having expedited, delayed, hindered or prevented, the performance of an act in the execution of his or her functions or duties;

(iv) expediting, delaying, hindering or preventing, or having expedited, delayed, hindered or prevented, the performance of an act by another foreign public official, in the execution of the latter's functions or duties;

(v) assisting, favouring, hindering or delaying or having assisted, favoured, hindered or delayed any person in the transaction of a business with the foreign state or public international organisation for which the foreign public official performs duties or functions;

(vi) voting or abstaining from voting, or having voted or abstained from voting, in favour of or against any measure, resolution or question in the execution of his or her duties or functions;

(vii) aiding in procuring, expediting, delaying, hindering or preventing, or having aided in procuring, expediting, delaying, hindering or preventing the performance of an act by, or on behalf of the foreign state or public international organisation for which the foreign public official performs duties or functions; or

(viii) aiding in procuring, or preventing, or having aided in procuring or preventing, the passing of a vote or the granting of a contract or advantage by the foreign state or public international organisation for which the foreign public official performs duties or functions, in favour of any other person,

commits an offence.

(5) A foreign public official who commits an offence under subsection (4) is liable—

(a) on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both; or

(b) on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both.

(6) Notwithstanding any other law, where in any proceedings against a person for an offence under subsection (4), it is proved that the foreign public official directly or indirectly—

(a) gave, or agreed to give, or offered, to a public official; or

(b) solicited, accepted or obtained from another person, for himself, herself or for any other person,

a gratification, it shall be presumed, until the contrary is proved, that the foreign public official gave, agreed to give, offered, solicited, accepted or obtained the

gratification for any of the purposes set out in subsection (4)*(a)*(i) to (viii) or subsection (4)*(b)*(i) to (viii), as the case may be.

*(Inserted by Act 8 of 2006)*

### Influencing public official

**86.** A person who, directly or indirectly, exercises any form of violence, or pressure by means of threat, upon a public official, with a view to the performance, by that public official, of an act in the execution of his or her functions or duties, or the non-performance, by that public official, of any such act, commits an offence and is liable—

    *(a)* on summary conviction, to imprisonment for a term not exceeding 5 years or to a fine not exceeding \$50,000, or both; or

    *(b)* on conviction on indictment, to imprisonment for a term not exceeding 10 years or to a fine not exceeding \$75,000, or both.

*(Substituted by Act 8 of 2006)*

### Trading in influence

**87.** (1) A person who, directly or indirectly, gives or agrees to give or offers a gratification to another person, to cause a public official to use his or her influence, real or fictitious, to obtain any work, employment, contract or other benefit from a public body, commits an offence.

(2) A person who, directly or indirectly, gives or agrees to give or offers a gratification to another person to use his or her influence, real or fictitious, to obtain work, employment, contract or other benefit from a public body, commits an offence.

(3) A person who, directly or indirectly, gives or agrees to give or offers a gratification to a public official to cause that public official to use his or her influence, real or fictitious, to obtain work, employment, contract or other benefit from a public body, commits an offence.

(4) A person who, directly or indirectly, solicits, accepts or obtains a gratification from any other person for himself, herself, or for any other person in order to make use of his or her influence, real or fictitious, to obtain any work, employment, contract or other benefit from a public body, commits an offence.

(5) A public official who, directly or indirectly, solicits, accepts or obtains a gratification from any other person for himself, herself or for any other person in order to make use of his or her influence, real or fictitious, to obtain any work, employment, contract or other benefit from a public body, commits an offence.

(6) A person who commits an offence under this section is—

    *(a)* liable, on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding \$30,000, or both;

    *(b)* in the case of an individual, liable on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding \$50,000 or 3 times the value of the gratification, whichever is higher, or both; or

(c) in the case of a body corporate, liable on conviction on indictment, to a fine not exceeding $250,000 or 3 times the value of the gratification, whichever is higher.

*(Inserted by Act 8 of 2006)*

## Public official taking gratification

**88.** (1) A public official who, directly or indirectly, accepts or receives a gratification, for himself, herself or for any other person—

(a) for doing or having done an act which he or she alleges, or induces any person to believe, he or she is empowered to do in the exercise of his or her functions or duties, although as a fact such act does not form part of his or her functions or duties; or

(b) for abstaining from doing or having abstained from doing an act which he or she alleges, or induces any person to believe, he or she is empowered not to do or bound to do in the ordinary course of his or her function or duty, although as a fact such act does not form part of his or her functions or duties,

commits an offence.

(2) A public official who commits an offence under subsection (1) is liable—

(a) on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both;

(b) on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both.

*(Inserted by Act 8 of 2006)*

## Bribery for procuring contracts

**89.** (1) A person who, directly or indirectly, gives or agrees to give or offers a gratification to a public official in consideration of that public official giving assistance or using influence in—

(a) promoting, executing, or procuring a contract with a public body for the performance of work, the supply of a service, or the procurement of supplies;

(b) the payment of the price provided for in a contract with a public body; or

(c) obtaining for that person or for any other person, an advantage under a contract for work or procurement,

commits an offence.

(2) Where a public official, directly or indirectly, solicits, accepts or obtains from a person, for himself, herself, or for any other person ("a third party"), a gratification for giving assistance or using influence in—

(a) promoting, executing, or procuring a contract with a public body for the performance of work, the supply of a service, or the procurement of supplies;

(b) the payment of the price provided for in a contract with a public body; or

(c) obtaining for that person or for any other person, an advantage under a contract for work or procurement,

the public official commits an offence and, if the third party, directly or indirectly, accepts, obtains or benefits from the gratification or part thereof knowing that the gratification was solicited, accepted or obtained by a public official in contravention of this subsection, the third party also commits an offence.

(3) A person who commits an offence under subsection (1) or (2) is—

(a) liable, on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both;

(b) in the case of an individual, liable on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both; or

(c) in the case of a body corporate, liable on conviction on indictment, to a fine not exceeding $250,000 or 3 times the value of the gratification, whichever is higher.

(4) Where a person is convicted of an offence under this section, the court may, in addition to any penalty imposed on him or her, make an order prohibiting that person, or any body corporate of which he or she is a director, shareholder or member, from applying for or obtaining a contract from a public body for a period not exceeding 7 years.

(5) Notwithstanding any other law, where in proceedings against a person for an offence under subsection (1), it is proved that the accused directly or indirectly gave, agreed to give or offered gratification to a public official, it shall be presumed, until the contrary is proved, that the accused gave, agreed to give or offered the gratification for any of the purposes set out in subsection (1)(a) to (c).

(6) Notwithstanding any other law, where in proceedings against a person for an offence under subsection (2), it is proved that the public official directly or indirectly solicited, accepted or obtained from a person a gratification for himself, herself or a third party, it shall be presumed, until the contrary is proved, that the gratification was solicited, accepted or obtained for any of the purposes set out in subsection (2)(a) to (c).

(7) Notwithstanding any other law, where in proceedings against a person for an offence under subsection (2), it is proved that a third party directly or indirectly accepted, obtained or benefitted from the gratification or part thereof, it shall be presumed, until the contrary is proved, that the third party accepted, obtained or benefitted from the gratification or part thereof knowing that the gratification was solicited, accepted or obtained by a public official in contravention of subsection (2).

*(Inserted by Act 8 of 2006)*

## Conflict of interests

**90.** (1) Where—

    *(a)* a public body in which a public official is a member, director, manager or other senior officer proposes to deal with a company, partnership or other undertaking in which the public official or his or her relative or associate has a direct or indirect private interest; and

    *(b)* the public official or his or her relative or his or her associate holds more than 10 per cent of the total issued share capital or of the total equity participation in the company, partnership or other undertaking, the public official shall forthwith disclose, in writing, to the public body the nature of such interest.

(2) Where, in relation to subsection (1), a public official or his or her relative or associate has a direct or indirect private interest in a decision which a public body is to take, the public official shall not vote or take part in any proceedings of the public body relating to such decision.

(3) A public official who knowingly contravenes subsection (1) or (2) commits an offence and is liable—

    *(a)* on summary conviction, to imprisonment for a term not exceeding 2 years or to a fine not exceeding $10,000, or both; or

    *(b)* on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding $25,000, or both.

(4) For the purposes of this section in relation to the relative of a public official, proof by the public official that he or she did not know the interest of the relative is a defence.

*(Inserted by Act 8 of 2006)*

## Treating of public official

**91.** A person who, while having dealings with a public body, directly or indirectly, offers a gratification to a public official who is a member, director or employee of the public body commits an offence and is liable—

    *(a)* on summary conviction, to imprisonment for a term not exceeding 2 years or to a fine not exceeding $10,000, or both; or

    *(b)* on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding $25,000, or both.

*(Inserted by Act 8 of 2006)*

## Receiving gift for a corrupt purpose

**92.** (1) A public official who, directly or indirectly, solicits, accepts or obtains a gratification for himself, herself or for any other person—

    *(a)* from a person, whom he or she knows is, have been, or is likely to be, concerned in proceeding or business transacted or about to be transacted by him or her, or having a connection with his or her functions or those of a public official to whom he or she is subordinate or of whom he or she is the superior; or

*(b)* from a person whom he or she knows to be interested in or related to the person so concerned,

commits an offence.

(2) A person who commits an offence under subsection (1) is liable—

*(a)* on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both; or

*(b)* on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both.
*(Inserted by Act 8 of 2006)*

## Frauds and breaches of trust by public officials

**93.** A public official who, in the discharge of his or her duties, commits a fraud or breach of trust affecting the public, whether such fraud or breach of trust would have been criminal or not if committed against a private person, commits an offence and is liable—

*(a)* on summary conviction to imprisonment for a term not exceeding 3 years; or

*(b)* on conviction on indictment to imprisonment for a term not exceeding 7 years.
*(Inserted by Act 8 of 2006)*

## Illicit enrichment

**94.** (1) The Commissioner of Police, or a member of the Police Force of or above the rank of Inspector authorised by the Commissioner of Police in writing, may, subject to an order issued on an *ex parte* application to the High Court, investigate a public official where there are reasonable grounds to suspect that there has been a significant increase in the assets of the public official that the public official cannot reasonably explain in relation to his or her lawful income or assets.

(2) Where a public official fails to give a satisfactory explanation for the significant increase in his or her assets to the person conducting an investigation under subsection (1), the significant increase in his or her assets shall be deemed to be illicit enrichment for the purposes of this section and the public official commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the significant increase, whichever is higher, or both.

(3) Where a court is satisfied in proceedings for an offence under subsection (2), having regard to the closeness of the relationship of the accused to any other person and to other relevant circumstances, that there is reason to believe that the other person—

*(a)* is, or was holding assets in trust for, or otherwise on behalf of the accused;

*(b)* acquired the assets as a gift or loan without adequate consideration from the accused,

the assets shall, until the contrary is proved, be deemed to be the assets of the accused.

*(Inserted by Act 8 of 2006)*

## Corruption of agent

**95.** (1) An agent who, directly or indirectly, corruptly solicits, accepts or obtains from any other person for himself, herself or for any other person, a gratification for doing or abstaining from doing an act in the execution of his or her functions or duties or in relation to his or her principal's affairs or business, or for having done or abstained from doing such act, commits an offence and is liable—

       *(a)* on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both; or

       *(b)* on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both.

(2) A person who, directly or indirectly, gives or agrees to give or offers, a gratification to an agent for doing or abstaining from doing an act in the execution of his or her functions or duties or in relation to his or her principal's affairs or business or for having done or abstained from doing such act, commits an offence and is liable—

       *(a)* on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $30,000, or both; or

       *(b)* on conviction on indictment, to imprisonment for a term not exceeding 7 years or to a fine not exceeding $50,000 or 3 times the value of the gratification, whichever is higher, or both.

(3) No proceedings for an offence under this section shall be instituted except by or with the consent of the Attorney General.

*(Inserted by Act 8 of 2006)*

## Public officials charged with special duties

**96.** A public official who—

       *(a)* being charged by virtue of his or her employment with judicial or administrative duties respecting property of a special character, or respecting the carrying on of any manufacture, trade or business of a special character; and

       *(b)* having acquired or holding, directly or indirectly, a private interest in such property, manufacture, trade or business,

discharges duties with respect to that property, manufacture, trade, or business or with respect to the conduct of any person in relation thereto, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year. *(Amended by Act 8 of 2006)*

### False claims by Public officials

97. A public official who—

(a) being employed in a capacity which requires or enables him or her to furnish returns or statements concerning a sum payable or claimed to be payable to himself or herself or to any other person; or

(b) concerning any other matter required to be certified for the purpose of paying money or delivering goods to any person, makes a return or statement in relation to such matter which is, to his or her knowledge, false in any material particular,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

### Abuse of office

98. (1) A public official who, in abuse of the authority of his or her office, does or directs to be done any arbitrary act prejudicial to the rights of another, commits an offence and is liable—

(a) on summary conviction to imprisonment for a term not exceeding 3 years; or

(b) on conviction on indictment to imprisonment for a term not exceeding 7 years.

(2) If the act referred to in subsection (1) is done or directed to be done for purposes of gain, the public official commits an offence and is liable—

(a) on summary conviction to imprisonment for a term not exceeding 3 years; or

(b) on conviction on indictment to imprisonment for a term not exceeding 7 years.

*(Amended by Act 8 of 2006)*

### False certificate by public officials

99. A public official, who, being authorised or required by law to give a certificate which is, to his or her knowledge, false in any material particular, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

### Unauthorised administration of oaths

100. A person who administers an oath, or takes a solemn declaration or affidavit concerning any matter with respect to which he or she has not by law any authority so to do, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year. *(Amended by Act 8 of 2006)*

*Criminal Code*

## False assumption of authority

**101.** A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years, if he or she—

> (a) not being a judicial officer, assumes to act as such; or

> (b) falsely represents himself or herself to be a person authorised by law to sign a document testifying to the contents of any register or record kept by a lawful authority, or testifying to any fact or event and signs such documents as being so authorised.
> *(Amended by Act 8 of 2006)*

## Personating public officials

**102.** A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years, if he or she—

> (a) personates a public officials on an occasion when the latter is required to do any act or attend in any place by virtue of his or her employment; or

> (b) falsely represents himself or herself to be a public official and assumes to do an act or attend in any place for the purpose of doing any act by virtue of such employment.
> *(Amended by Act 8 of 2006)*

## Threat of injury to public officials

**103.** A person who threatens to injure a public official, or any person in whom he or she believes that public official is interested, for the purpose of inducing the public official to do an act, to refrain from or delay doing an act connected with the exercise of the public official's public functions, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years. *(Amended by Act 8 of 2006)*

PART V

OFFENCES RELATING TO THE ADMINISTRATION OF JUSTICE

## Deceiving witness

**104.** Any person who practises fraud or deceit, or knowingly makes or exhibits a false statement or representation to a person called, or to be called as a witness in any judicial proceeding, with intent to affect the testimony of the person as a witness, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

## Destroying evidence

**105.** Any person who, knowing that a book, document or thing of any kind whatsoever is or may be required in evidence in a judicial proceeding, wilfully removes or destroys it or renders it illegible or undecipherable or incapable of identification, with intent to prevent it from being used in evidence, commits an

offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

## False swearing

**106.**  Any person who swears falsely or makes a false affirmation or declaration before a person authorised to administer an oath or take a declaration upon a matter of public concern or private legal rights under such circumstances that the false swearing or declaration, if committed in a judicial proceeding would have amounted to perjury, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

## Perverting the course of justice

**107.**  A person commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years, if he or she—

    *(a)* does anything to obstruct, prevent, pervert or defeat the course of justice or falsely accuses any person of an offence; *(Substituted by Act 7 of 2002)*

    *(b)* in order to obstruct the due course of justice, dissuades, hinders or prevents any person lawfully bound to appear and give evidence as a witness from so appearing and giving evidence, or endeavours so to do; or

    *(c)* obstructs or in any way interferes with or knowingly prevents the execution of any legal process, civil or criminal.

## Unlawful disclosure of identity of informer

**108.** (1) Subject to subsection (3), a law enforcement officer or any other person who discloses to another person other than a person mentioned in subsection (4)—

    *(a)* the name, or a description, of a person who has, or whom he or she believes has provided information to a law enforcement agency in connection with the commission or investigation of any criminal offence; or

    *(b)* the fact, or his or her belief, that a person has provided information to a law enforcement agency in connection with the commission or investigation of any criminal offence,

commits an offence.

    (2) A person who commits an offence under subsection (1) is liable—

    *(a)* on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding \$10,000, or both; or

    *(b)* on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding \$25,000, or both.

    (3) Subsection (1) does not apply to the disclosure of information in court proceedings or, where necessary, for the purposes of such proceedings.

*Criminal Code*

(4) For the purposes of subsection (1), the persons referred to in that section are the Governor, the Chief Minister, the Deputy Chief Minister, the Deputy Governor and a law enforcement officer.

(5) For the purposes of this section, "law enforcement officer" means a member of the Royal Virgin Islands Police Force, the Attorney General, the Director of Public Prosecutions or any other prosecutor, an officer or official of the Financial Investigation Agency, or a public officer employed in the Customs Department, Immigration Department or Prison Department, and "law enforcement agency" shall be construed accordingly.

*(Inserted by Act 8 of 2006)*

### Offences relating to judicial proceedings

**109.** (1) A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years, if he or she—

(a) within the premises in which any judicial proceeding is being held, or within the precincts of the same, shows disrespect, in speech or manner, to or with reference to such proceedings, or any person before whom such proceeding is being held;

(b) having been summoned to give evidence in a judicial proceeding, fails to attend;

(c) being present at a judicial proceeding and being called upon to give evidence, refuses to be sworn or to make an affirmation;

(d) having been sworn or affirmed, refuses without lawful excuse to answer a question or to produce a document which it is within his or her power to produce;

(e) having attended a judicial proceeding to give evidence, remains in the room in which the proceeding is being held after the witnesses have been ordered to leave the room;

(f) causes an obstruction or disturbance in the course of a judicial proceeding;

(g) while a judicial proceeding is pending, makes use of any speech or writing misrepresenting such proceeding or capable of prejudicing any person in favour of or against any parties to such proceeding, or calculated to lower the authority of any person before whom the proceeding is to be held;

(h) publishes a report of the evidence taken in any judicial proceeding which has been directed to be held in private;

(i) attempts wrongfully to interfere with or influence a witness in any judicial proceeding, either before or after he or she has given evidence;

(j) dismisses any employee because he or she has given evidence on behalf of a certain party to a judicial proceeding;

(k) wrongfully retakes possession of land from any person to whom possession has been awarded by writ or order of a court; or

    *(l)* commits any other act or intentional disrespect to any court or judicial proceeding or to any person before whom the proceeding is being held.

*(Amended by Act 8 of 2006)*

    (2) When any offence against subsection (1)*(a)*, *(c)*, *(d)*, *(e)*, *(f)*, *(g)* or *(l)* of is committed in view of the court, the court may cause the offender to be detained in custody, and at any time before the rising of the court on the same day, may take cognizance of the offence and summarily sentence the offender to a fine not exceeding $200 or to imprisonment for a term not exceeding one month.

    (3) The provisions of this section shall be deemed to be in addition to and not in derogation of the powers conferred by the Contempt of Court Act, the Magistrate's Code of Procedure Act, and any other powers of the High Court or the Court of Appeal to punish for contempt of court.

## Perjury

**110.** (1) A person lawfully sworn as a witness, or as an interpreter in a judicial proceeding who wilfully makes a statement, material in that proceeding, which he or she knows to be false or does not believe to be true, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

    (2) Where a statement made for the purpose of a judicial proceeding is not made before the court or tribunal itself but is made on oath before a person authorised by law to administer an oath to the person who makes the statement and to record or authenticate the statement, it shall, for the purpose of this section, be treated as having been made in a judicial proceeding.

    (3) For the purpose of this section, it is immaterial whether—

        *(a)* the person making the statement is or is not competent to be a witness and whether or not his or her evidence is admissible; and

        *(b)* the false testimony is given orally or in writing.

    (4) The question whether a statement, in respect of which a charge of perjury is made was material is a question of law to be determined by the court of trial.

    (5) A person shall not be liable to be convicted of an offence under this section, or of an offence declared by any law to be perjury or subornation of perjury, solely upon the evidence of one witness as to the falsity of a statement alleged to be false.

    (6) For the purpose of this section, proceedings before a statutory body or tribunal which is empowered to take evidence on oath shall be deemed to be judicial proceedings.

## Subordination of perjury

**111.** A person who aids, abets, counsels, procures or suborns another person to commit an offence under this Part commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

**Fabrication of evidence**

**112.** (1) A person who, with intent to mislead a court, fabricates evidence or knowingly makes use of fabricated evidence, to defeat, obstruct or pervert the course of justice in any judicial proceeding, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

(2) A person fabricates evidence if he or she causes circumstances to exist, or makes a false entry in a book, account or record or makes a document containing a false statement, or makes up a false story in any form whatsoever, or forges a document with intent to mislead judicial proceedings.

(3) For the purpose of this section and sections 113 and 114 "court" includes a tribunal, commission of inquiry and any person authorised to take evidence on oath.

**Contradictory statements by witnesses**

**113.** (1) Subject to subsection (2), where 2 or more inconsistent or contradictory statements of fact or alleged fact, material to the issue or matter in question, have been wilfully made on oath by the same witness in judicial proceedings, whether or not before the same court, that witness commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year. *(Amended by Act 8 of 2006)*

(2) A person shall not be convicted of an offence under this section unless the court is satisfied that the statements, or either of them, were or was made with the intent to deceive the court, before which the statements or either of them were or was made.

(3) Upon the trial of a person for an offence under this section, it shall not be necessary to prove the falsity of either of the inconsistent or contradictory statements, but upon proof that both the statements were made by the accused, and being satisfied that the accused had the intent referred to in subsection (2) the court may convict the accused.

(4) At the trial of a person for an offence under this section, the record of a court containing a statement made on oath by the person charged shall be *prima facie* evidence of such statement.

**Evidence in trial for perjury**

**114.** On the trial of a person for—

     *(a)* perjury; or

     *(b)* procuring or suborning the commission of perjury,

the fact of a former trial before the court shall be sufficiently proved by the production of a certificate containing the substance and effect (omitting the formal parts) of the proceedings at the former trial purporting to be signed by the Registrar or other person having custody of the records of the court without proof of the signature or official status of the person appearing to have signed the certificate.

### Form of oath etc., not material

**115.** For the purposes of this Part, the form and ceremonies used in administering an oath are immaterial if the court or person before whom the oath is taken has power to administer an oath for the purpose of verifying the statement in question and if the oath has been administered in a form and with the ceremonies which the person taking the oath has accepted without objection or has declared to be binding on him or her.

### Compounding of offences

**116.** A person who asks, receives or obtains, or agrees or attempts to receive or obtain, property or benefit of any kind for himself, herself or any other person upon any agreement or understanding that he or she will—

(a) compound or conceal an offence;

(b) abstain from, discontinue or delay a prosecution for an offence; or

(c) withhold evidence thereof,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

### Advertisements for stolen property

**117.** A person who—

(a) publicly offers a reward for the return of property which has been stolen or lost, and in the offer makes use of words purporting that no question will be asked, or that the person producing such property will not be seised or molested;

(b) publicly offers to return to any person who may have bought or advanced money by way of loan upon stolen or lost property, the money so paid or advanced, or any other sum of money or reward for the return of the property; or

(c) prints or publishes an offer referred to under paragraph *(a)* or *(b),*

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

### Rescue

**118.** (1) Subject to subsection (2), any person who, by force, rescues or attempts to rescue from lawful custody a person—

(a) who is under sentence of imprisonment for life or charged with an offence punishable with imprisonment for life, commits an offence and is liable on conviction on indictment to imprisonment for life;

(b) who is imprisoned on a charge or under sentence for an offence other than those specified in paragraph *(a)*, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years; or

*Criminal Code*

> (c) in any other case, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 2 years.
> *(Amended by Act 8 of 2006)*

(2) If the person rescued is in the custody of a private person, the offender must have been aware of the fact that the person rescued is in lawful custody.

## Escape

119. A person who, being in lawful custody, escapes from such custody, commits an offence and is liable—

> (a) on summary conviction to imprisonment for a term not exceeding 3 years; or
>
> (b) on conviction on indictment to imprisonment for a term not exceeding 7 years.
> *(Amended by Act 8 of 2006)*

## Permitting prisoner to escape

120. A person who, having another person in his or her custody, intentionally or negligently permits that person to escape, commits an offence and is liable—

> (a) on summary conviction to imprisonment for a term not exceeding 3 years; or
>
> (b) on conviction on indictment to imprisonment for a term not exceeding 7 years.
> *(Amended by Act 8 of 2006)*

## Aiding prisoner to escape and harbouring a prisoner

121. (1) A person commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years, if he or she—

> (a) aids a prisoner is escaping or attempting to escape from lawful custody; or
>
> (b) conveys anything or causes anything to be conveyed into a prison with intent to facilitate the escape of a prisoner.

(2) A person who harbours or assists in any manner another person in harbouring a prisoner who has escaped from lawful custody, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years.

*(Amended by Act 8 of 2006)*

## Removal, etc. of property under lawful seizure

122. A person who, when any property has been attached or taken under the process or authority of a court, knowingly and with intent to hinder or defeat the attachment process receives, removes, retains, conceals or disposes of such property, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years. *(Amended by Act 8 of 2006)*

## Obstructing court officers

**123.** A person who wilfully obstructs or resists anyone lawfully charged with the execution of an order or warrant of a court, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

## False information to person employed in public service

**124.** A person who gives to any person employed in the public service information in the truth of which he or she does not believe, intending thereby to cause, or knowing it to be likely that he or she will thereby cause the person employed in the public service—

> *(a)* to do or omit anything which the person employed in the public service ought not to do or omit if the true state of facts respecting which the information is given were known to him or her; or

> *(b)* to use the lawful power of the person employed in the public service to the injury or annoyance of another person,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years or to a fine not exceeding $3,000, or both. *(Amended by Act 8 of 2006)*

# PART VI

## OFFENCES RELATING TO RELIGION

## Insulting any religion

**125.** A person who destroys, damages or defiles a place of worship or an object which is held sacred by a group or class of persons with the intention thereby of insulting the religion of those persons or with the knowledge that a group or class of persons is likely to consider such destruction, damage or defilement as an insult to their religion, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Disturbing religious assembly

**126.** A person who voluntarily causes disturbance to an assembly lawfully engaged in the performance of religious worship or ceremony, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Writing or uttering words, etc., with intent to wound religious feelings

**127.** A person who, with the intention of wounding the religious feelings of another person, writes or utters a word, makes a sound in the hearing of another person, makes a gesture or places an object in the sight of another person, commits an offence and is liable on summary conviction to imprisonment for a

term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

### Hindering burial, etc.

**128.** A person who unlawfully hinders the burial of the dead body of any person, or, without lawful authority in that behalf, disinters, dissects or harms the dead body of any person, or being under a duty to cause the dead body of any person to be buried, fails to perform such duty, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

### Trespassing on burial place

**129.** (1) A person who—

     *(a)* with the intention of wounding the feelings of another person;

     *(b)* insulting the religion of another person;

     *(c)* with the knowledge that the feelings of another person are likely to be wounded, that another person is likely to be wounded or that another person is likely to consider that his or her religion has been insulted thereby,

trespasses in any place of worship or of sculpture, or which is set apart for the performance of funeral rites or for the burial or depository of the remains of the dead, or who offers any indignity to a human corpse or disturbs persons assembled for a funeral ceremony commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

     (2) A person who wilfully removes, damages or interferes with flowers, candles, wreaths, tombstones or any other thing placed on, or near a grave, in memory or respect of, or as a tribute to the dead, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

     (3) For the purposes of this section, any flowers, candles, wreaths, tombstones or other thing placed on or near a grave shall, until the contrary is proved, be deemed to have been so placed in memory, respect of or as a tribute to the dead.

## PART VII

### SEXUAL OFFENCES

### Definitions

**130.** (1) For the purposes of this Part—

"brothel" means a house, room or any other place resorted to by more than one prostitute for the purposes of prostitution, and the fact that one of the women is the owner or tenant and the occupier of the premises is immaterial;

"man" includes a boy;

"woman" includes a girl; and

"unlawful sexual intercourse" means sexual intercourse outside of the bond of
marriage.

(2) Where upon the trial of an offence under this Part it is necessary to
prove intercourse (whether natural or unnatural) it shall not be necessary to
prove the completion of intercourse by the emission of seed, but the intercourse
shall be deemed to be complete upon proof of penetration only.

## Rape

**131.** (1) A man who rapes a woman commits an offence and is liable on
conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

(2) A man commits rape if—

    *(a)* he has unlawful sexual intercourse with a woman who at the time
of intercourse did not consent to it; and

    *(b)* at that time he knows that she does not consent to the intercourse
or he is reckless as to whether she consents to it.

(3) If at a trial for a rape offence the jury has to consider whether a man
believed that a woman was consenting to sexual intercourse, the presence or
absence of reasonable grounds for such belief is a matter to which the jury is to
have regard, in conjunction with any other relevant matters in considering
whether he so believed.

(4) In subsection (3) a "rape offence" means rape or attempted rape, or
aiding, abetting, counselling or procuring rape or attempted rape, or incitement
to rape.

(5) For the purposes of this section, a woman is deemed not to have
consented to sexual intercourse if her acquiescence is obtained by threat of force
or use of force, or by means of threats or intimidation of any kind, or by fear of
bodily harm, or by means of false representations as to the nature of the act or, in
the case of a married woman, by personating her husband.

(6) On a trial for rape, the jury may find the accused guilty of—

    *(a)* sexual intercourse with a girl under the age of 13 years, under
section 132;

    *(b)* sexual intercourse with a girl under the age of 16 years, under
section 133;

    *(c)* indecent assault on a woman, under section 138;

    *(d)* procurement of a woman by threats, under section 143;

    *(e)* procurement of a woman by false pretences, under section 144;

    *(f)* administering drugs to obtain or facilitate intercourse, under
section 145; or

    *(g)* common assault, under section 195.

*Criminal Code*   LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

### Sexual intercourse with girl of or under age of 13

**132.** (1) A man who has sexual intercourse with a girl of or under the age of thirteen years, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

(2) It is immaterial in the case of a charge for an offence under this section that the intercourse was had with the consent of the girl concerned.
*(Amended by Act 7 of 2002)*

### Unlawful sexual intercourse with girl under age of 16

**133.** (1) Subject to the provisions of this section, a man who has unlawful sexual intercourse with a girl above the age of 13 years and under the age of 16 years, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

(2) It is immaterial in the case of a charge for an offence under this section that the intercourse was had with the consent of the girl concerned.

(3) Where a marriage is void under section 24A of the Marriage Act because the wife is under the age of 16 years, the invalidity of the marriage does not make the husband guilty of an offence under this section because he had sexual intercourse with her, if at the time he believed her to be his wife and had reasonable cause for that belief.

(4) A man shall not be convicted of an offence under this section because he has unlawful sexual intercourse with a girl under the age of 16 years if he is under the age of 21 years, and has not previously been charged with a like offence, and he believes her to be of the age of 16 years or over and has reasonable cause for the belief.

### Unlawful sexual intercourse with defective

**134.** (1) Subject to the provisions of this section, a man who has unlawful sexual intercourse with a woman who is a mental defective, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

(2) A man shall not be convicted of an offence under this section if he did not know and had no reason to suspect that the woman was a mental defective.

(3) For the purpose of this section it is immaterial that the unlawful sexual intercourse was had with consent.

(4) In this section, "a mental defective" means a woman who has been ordered to be detained under the provisions of the Mental Health Act or who is shown by the evidence of 2 medical practitioners to be suffering from mental disorder, psychopathic disorder or subnormality.

### Sexual assault by husband in certain circumstances

**135.** (1) A husband commits the offence of sexual assault if he has sexual intercourse with his wife without her consent by force or fear where there is in existence in relation to them—

(a) a decree nisi of divorce;

*Criminal Code* 67

(b) a decree of judicial separation;

(c) a separation agreement;

(d) a protection order made under the Domestic Violence Act; or

(e) any other order for the husband not to molest his wife or have sexual intercourse with her.

(2) A husband who commits the offence of sexual assault is liable on conviction on indictment to imprisonment for a term not exceeding 10 years. *(Amended by Act 8 of 2006)*

(3) No proceedings for an offence under this section shall be instituted except by or with the consent of the Director of Public Prosecutions.

### Incest by a man

**136.** (1) A man who has sexual intercourse with a woman whom he knows to be his grand-daughter, daughter, step-daughter, sister or mother, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years. *(Amended by Act 8 of 2006)*

(2) In subsection (1), "sister" includes half-sister, and for the purpose of that subsection any expression importing a relationship between 2 people shall be taken to apply notwithstanding that the relationship is not traced through lawful wedlock.

(3) It is immaterial in the case of a charge for an offence under this section that the intercourse was had with the consent of the woman concerned.

### Incest by a woman

**137.** (1) A woman of the age of 16 years or over who permits a man whom she knows to be her grand-father, father, brother, son or step-son to have sexual intercourse with her, with her consent commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years. *(Amended by Act 8 of 2006)*

(2) In subsection (1), "brother" includes half-brother, and for the purposes of that subsection any expression importing a relationship between 2 people shall apply notwithstanding that the relationship is not traced through lawful wedlock.

### Indecent assault

**138.** (1) Subject to the provisions of this section, a person who makes an indecent assault on another person commits an offence and is liable—

(a) on summary conviction to imprisonment for a term not exceeding 5 years; *(Substituted by Act 8 of 2006)*

(b) on conviction on indictment, if on a person of or under the age of 13 years, to imprisonment for a term not exceeding 10 years; or *(Substituted by Act 8 of 2006)*

(c) on conviction on indictment, in any other case, to imprisonment for a term not exceeding 7 years. *(Substituted by Act 8 of 2006)*

(2) A person under the age of 16 years cannot in law give consent which would prevent an act being an assault for the purpose of this section.

(3) Where a marriage is invalid under section 24A of the Marriage Ordinance because the wife is under the age of 16 years, the invalidity of the marriage does not make the husband guilty of an offence under this section by reason of her incapacity to consent while under that age, if he believes her to be his wife and has reasonable cause for the belief.

(4) A person who is a lunatic, or a mental defective who is receiving treatment for mental or psychopathic disorder, cannot in law give consent which would prevent an act being an assault for the purposes of this section, but a person is only to be treated as guilty of an indecent assault under this section by reason of such incapacity to consent, if he or she knew or had reason to know that the person was a lunatic or mental defective receiving treatment.

*(Substituted by Act 7 of 2002)*

### Indecency with a child

**139.** A person who commits an act of gross indecency with or towards a child under the age of 14 years or who incites a child under that age to such an act with him, her or another, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 5 years. *(Amended by Acts 7 of 2002 and 8 of 2006)*

### Permitting girl under 16 to use premises for sexual intercourse

**140.** A person who is the owner or occupier of premises or who has, or acts or assists in, the management or control of premises and who induces or knowingly allows a girl under the age of 16 years to resort to or be on those premises for the purpose of having sexual intercourse with men or with a particular man, commits an offence and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

### Causing or encouraging prostitution, etc. of girl under 16

**141.** (1) A person who causes or encourages the prostitution of, or the commission of sexual intercourse with, or an indecent assault on, a girl under the age of 16 years for whom he or she is responsible, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

(2) Where a girl has become a prostitute, or has had sexual intercourse or has been indecently assaulted, a person shall be deemed for the purposes of this section to have caused or encouraged it if he or she knowingly allows the girl to consort with, or to enter or continue in the employment of, a prostitute or person of known immoral character.

(3) Subject to subsection (4), the persons who are to be treated, for the purposes of this section, as responsible for a girl are—

    *(a)* her parent or legal guardian;

    *(b)* any person who has actual possession or control of her or to whose charge she has been committed by her parent or legal guardian or by a person having the custody of her; and

*Criminal Code*                                    69

*(c)* any other person who has the custody, charge or care of her.

(4) In subsection (3)—

*(a)* "parent" does not include, in relation to any girl, a person deprived of the custody of her by order of a court of competent jurisdiction, but (subject to that) in the case of a girl who has been adopted under the Adoption of Children Act, means her adopters and in the case of a girl who was born outside of marriage, means her mother and any person who has been adjudged to be her (putative) father; and

*(b)* "legal guardian" means, in relation to a girl, any person who is for the time being her guardian, having been so appointed according to law by deed or will or by order of a court of competent jurisdiction.

(5) If, on a charge for an offence under this section, the girl appears to the jury to have been under the age of 16 years at the time of the offence charged, she shall be presumed for the purposes of this section to have been this age unless the contrary is proved.

**Causing prostitution of woman**

**142.** (1) A person who, within the Territory, procures or attempts to procure, a woman—

*(a)* to become a common prostitute, whether within the Territory or elsewhere;

*(b)* to leave the Territory, intending her to become an inmate of or to frequent a brothel elsewhere; or

*(c)* to leave her usual place of abode in the Territory, intending her to become an inmate of or to frequent a brothel in any part of the world for the purposes of prostitution,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years. *(Amended by Act 8 of 2006)*

(2) A person shall not be convicted of an offence under this section on the evidence of one witness only, unless the witness is corroborated in some material particular.

**Procurement of woman by threats**

**143.** A person who procures or attempts to procure a woman by threats or intimidation to have unlawful sexual intercourse, whether within the Territory or elsewhere, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years. *(Amended by Act 8 of 2006)*

**Procurement of woman by false pretences**

**144.** A person who procures, or attempts to procure a woman by false pretences or false representation to have unlawful sexual intercourse, whether within the Territory or elsewhere, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years. *(Amended by Act 8 of 2006)*

### Administering drugs to facilitate intercourse

**145.** (1) A person who applies or administers to, or causes to be taken by a woman, a drug, matter or thing with intent to stupefy or overpower her so as thereby to enable a man to have unlawful sexual intercourse with her, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

(2) A person shall not be convicted of an offence under this section on the evidence of one witness only, unless that witness is corroborated in some material particular.

### Detention of woman in brothel

**146.** (1) A person who detains a woman against her will on any premises with the intention that she shall have unlawful sexual intercourse with men or with a particular man, or who detains a woman against her will in a brothel, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

(2) Where a woman is on any premises for the purpose of having unlawful sexual intercourse, or is in a brothel, a person shall be deemed, for the purposes of this section, to detain her there if, with the intention of compelling or inducing her to remain there, he either withholds from her clothes or any other property belonging to her or threatens her with legal proceedings in the event of her taking away clothes provided for her by the person or on the person's directions.

(3) A woman shall not be liable to legal proceedings, whether civil or criminal, for taking away or being found in possession of clothes she needed to enable her to leave premises on which she was for the purposes of having unlawful sexual intercourse or to leave a brothel.

### Man living on earnings of prostitution

**147.** (1) A man who knowingly lives wholly or partly on the earnings of prostitution, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years or to a fine not exceeding $10,000, or both. *(Amended by Act 8 of 2006)*

(2) For the purposes of this section, a man who lives with, or is habitually in the company of a prostitute, or who exercises control over a prostitute's movements in a way which shows he is aiding, abetting or compelling her prostitution with others, shall be presumed to be knowingly living on the earnings of prostitution, unless he proves the contrary.

### Woman exercising control over prostitute

**148.** A woman who, for purposes of gain, exercises control, direction or influence over a prostitute's movements in a way which shows that she is aiding, abetting or compelling her prostitution, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years or to a fine not exceeding $10,000, or both. *(Amended by Act 8 of 2006)*

## Living on earnings of male prostitution

**149.** A person who knowingly lives wholly or partly on the earnings of prostitution of a man, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 years or to a fine not exceeding $3,000, or both. *(Amended by Act 8 of 2006)*

## Keeping brothels

**150.** A person who keeps a brothel or manages or assists in managing a brothel, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years, or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Letting premises for use as brothel

**151.** (1) A person who is the owner or lessor, or who is the occupier or in control of any premises, or his or her agent, who lets or arranges for the letting of the premises as a brothel, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

(2) Upon the conviction of a person for an offence under subsection (1), after having been previously convicted of an offence under that subsection, he or she shall be liable to imprisonment for a term not exceeding 3 years or to a fine not exceeding $3,000, or both.

## PART VIII

### ABORTION

## Use of poison, etc. or instruments to cause miscarriage

**152.** (1) Subject to the provisions of this section, a person who—

> *(a)* being with child, with intent to procure her own miscarriage, unlawfully administers to herself poison or other noxious thing, or unlawfully uses an instrument or other means with like intent; or

> *(b)* with intent to procure the miscarriage of a woman, whether or not she is with child, unlawfully administers to her, or causes her to take, poison or other noxious thing, or unlawfully uses any instrument or other means with the like intent,

commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

(2) A person shall not be convicted of an offence under subsection (1) when a pregnancy is terminated in a hospital or other establishment approved for the purposes by the Director of Health Services, by a medical practitioner if 2 medical practitioners are of the opinion, formed in good faith—

> *(a)* that the continuance of the pregnancy would involve risk to the life of the pregnant woman, or injury to the physical or mental

health of the pregnant woman greater than if the pregnancy were terminated; or

(*b*) that there is a substantial risk that if the child were born it would suffer from such physical or mental abnormality as to be seriously handicapped.

(3) The reference to the opinion of 2 medical practitioners and to an approved hospital or other establishment shall not apply to the termination of pregnancy by a registered medical practitioner in a case in which he or she is of the opinion, formed in good faith, that the termination is immediately necessary to save the life or to prevent grave permanent injury to the physical or mental health of the pregnant woman.

## Supplying poison, etc. with intent to procure a miscarriage

**153.** A person who unlawfully supplies or procures poison or other noxious thing, or any instrument or thing whatsoever, knowing that the same is intended to be unlawfully used or employed with intent to procure the miscarriage of a woman, whether or not she is with child, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

## Child destruction

**154.** (1) A person who, with intent to destroy the life of a child capable of being born alive, by a wilful act or omission causes a child to die before it has an existence independent of its mother, commits the offence of child destruction and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

(2) A person shall not be convicted of an offence under subsection (1) if it is proved that the act which caused the death of the child was done in good faith for the purpose only of preserving the life of the mother.

(3) For the purposes of this section, evidence that a woman had at any material time been pregnant for a period of 28 weeks or more shall be *prima facie* proof that she was at that time pregnant of a child capable of being born alive.

## PART IX

### OFFENCES RELATING TO MARRIAGE

## Bigamy

**155.** (1) Subject to subsection (2), a person who, being married, marries another person during the life of the former husband or wife, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

(2) Subject to subsection (2), a person who is deemed, pursuant to section 2(2) of the Virgin Islands (Constitution) Order, to belong to the Virgin Islands and who, being married, marries outside of the Virgin Islands any other person

during the life of the former husband or wife, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Inserted by Act 8 of 2006)*

(3) A person shall not be convicted of an offence under subsection (1) or (2) by reason of marrying a second time in any of the following cases—

> *(a)* where the husband or wife, as the case may be, of the person marrying a second time has been continually absent from such person for the space of 3 years immediately preceding the date of the second marriage, and has not been known to the other party to the first marriage to have been living during any part of such period;

> *(b)* where the husband or wife, as the case may be, who marries a second time, although no such period of 3 years as is referred to in paragraph *(a)* has elapsed, in good faith and on reasonable grounds believed at the time of the second marriage that the other party to his or her first marriage was dead; or

> *(c)* where, prior to the date of the second marriage, the first marriage has been dissolved or declared to be void or a decree of nullity made by a court of competent jurisdiction.
> *(Amended by Act 8 of 2006)*

(4) The husband or wife of a person charged with bigamy may be called as a witness for the prosecution or the defence without the consent of the person charged.

## Fraudulent pretence of marriage

**156.** A person who wilfully and by fraud causes a woman or man, who is not lawfully married to her or him, to believe that she or he is lawfully married to that person, and to cohabit or have sexual intercourse with that person in that belief, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

## Fraudulently taking part in a sham marriage ceremony

**157.** A person who dishonestly, or with fraudulent intention, goes through a sham marriage ceremony, knowing that he or she is not thereby lawfully married, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

## Personation in marriage ceremony

**158.** A person who impersonates another person in a marriage ceremony, or who marries under a false name or description, with intent to deceive the other party to the marriage, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years.
*(Amended by Act 8 of 2006)*

## PART X

### GENOCIDE

### Interpretation of this Part

**159.** (1) In this Part, "the Genocide Convention" means the Convention on the Prevention and Punishment of the Crime of Genocide approved by the General Assembly of the United Nations on 9 December, 1948.

(2) A person commits an offence of genocide if he or she commits any act falling within the definition of "genocide" in Article II of the Genocide Convention, as set out in subsection (3).

(3) "Genocide" means any of the following acts committed with intent to destroy, in whole or in part, a national, ethnical, racial or religious group—

       *(a)* killing members of the group;

       *(b)* causing serious bodily or mental harm to members of the group;

       *(c)* deliberately inflicting on the group conditions of life calculated to bring about its physical destruction in whole or in part;

       *(d)* imposing measures intended to prevent births within the group;

       *(e)* forcibly transferring children of the group to another group.

### Punishment for genocide

**160.** (1) A person who commits the offence of genocide is liable on conviction on indictment—

       *(a)* if the offence consists of the killing of any person, to imprisonment for life;

       *(b)* in any other case, to imprisonment for a term not exceeding 14 years.

*(Amended by Act 8 of 2006)*

(2) A prosecution in respect of genocide shall not be instituted except by, or with the consent of, the Director of Public Prosecutions.

## PART XI

### HOMICIDE AND OTHER OFFENCES AGAINST THE PERSON

### Definition of murder

**161.** (1) Subject to subsection (2) and to the provisions of sections 162, 164 and 167, a person who, of malice aforethought express or implied, causes the death of another person by an unlawful act or omission commits murder.

(2) Where on the facts found the offence would under the law of England be reduced to one of manslaughter, then the offence shall be so reduced.

(3) For the purpose of this section, malice aforethought shall be deemed to be established by evidence proving—

    *(a)* an intention to cause the death of or to do grievous bodily harm to any person, whether such person is the person actually killed or not; or

    *(b)* knowledge that the act or omission causing death will probably cause the death of or grievous bodily harm to some person, whether or not such person is the person actually killed, although such knowledge is accompanied by indifference whether or not death or grievous bodily harm is caused, or by a wish that it may not be caused.

## Persons suffering from diminished responsibility

**162.** (1) Where a person kills or is party to the killing of another, he or she shall not be convicted of murder if he or she was suffering from such abnormality of mind (whether arising from a condition of arrested or retarded development of mind or other inherent causes or induced by disease or injury) as substantially impaired his or her mental responsibility for his or her acts in doing or being a party to the killing.

(2) On a charge of murder, it shall be for the defence to prove that the person charged is by virtue of this section not liable to be convicted of murder.

(3) A person who but for this section would be liable, whether as principal or otherwise, to be convicted of murder shall be liable instead to be convicted of manslaughter.

(4) The fact that one party to a killing is by virtue of this section not liable to be convicted of murder shall not affect the question whether the killing amounted to murder in the case of any other party to it.

## Penalty for murder

**163.** A person who commits murder is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Provocation

**164.** (1) Where on a charge of murder there is evidence on which a jury can find that the person charged was provoked (whether by things done or things said or both) to lose his or her self-control, the question whether the provocation was enough to make a reasonable person do as he or she did shall be left to be determined by the jury, and the jury shall take into account everything done and said according to the effect which, in their opinion, it would have on a reasonable man.

(2) Where on a charge of murder, the jury find that all the other elements of the offence have been proved, but there is evidence of provocation, such as is referred to in subsection (1), the jury shall not return a verdict of guilty of murder but shall return a verdict of guilty of manslaughter.

*Criminal Code* LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

(3) For the purposes of this section, "provocation" is a wrongful act or insult which is of such a nature as to be likely when done—

(a) to an ordinary person;

(b) in the presence of an ordinary person to another person who is under his or her immediate care, or to whom he or she stands in a conjugal, parental, filial or fraternal relation,

to deprive him or her of the power of self-control and to induce him or her to assault the person by whom the act or insult is done or offered.

### Attempted murder

**165.** A person who, by any means, attempts to commit murder, is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

### Manslaughter

**166.** (1) A person who, by an unlawful act or omission, causes the death of another person, commits the offence of manslaughter.

(2) A person who commits manslaughter is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

(3) For the purposes of this section, an unlawful omission is an omission amounting to culpable negligence to discharge a duty tending to the preservation of life or health, whether such omission is or is not accompanied by an intention to cause death or bodily harm.

### Infanticide

**167.** (1) Where a woman by a wilful act or omission causes the death of her child, being a child under the age of 12 months, but at the time of the act or omission the balance of her mind was disturbed by reason of her not having fully recovered from the effect of giving birth to the child, or by reason of the effect of lactation consequent upon the birth of the child, then notwithstanding that the circumstances were such that but for this section the offence would have amounted to murder, she commits the offence of infanticide, and may for such offence be dealt with and punished as if she had committed the offence of manslaughter.

(2) Where upon the trial of a woman for the murder of her child, being a child under the age of 12 months, the jury are of the opinion that by any wilful act or omission she caused its death, but that at the time of the act or omission the balance of her mind was disturbed by reason of her not having fully recovered from the effect of giving birth to the child or by reason of the effect of lactation consequent upon the birth of the child, then the jury, notwithstanding that the circumstances were such that but for this section they might have returned a verdict of murder, may return in *lieu* thereof a verdict of manslaughter.

(3) Nothing in this section shall affect the power of the jury upon an indictment for murder of a child to return a verdict of manslaughter, or a verdict of guilty but insane, or a verdict of concealment of birth in pursuance of section 174.

### Threats to murder

**168.** (1) A person who maliciously sends, delivers or utters, or directly or indirectly causes to be received, knowing the contents thereof, any letter, writing or other document threatening to kill or murder any person, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years. *(Amended by Act 8 of 2006)*

(2) For the purposes of subsection (1), "document" shall be deemed to include any disc, tape, sound track or other device in which sounds or other data are embodied so as to be capable (with or without the aid of some other equipment) of being reproduced therefrom.

### Conspiracy to murder

**169.** A person who conspires with another or solicits, encourages, persuades, endeavours to persuade, or proposes to any other person, to murder another, whether such person is within the Territory or elsewhere, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

### Abetment of suicide

**170.** (1) A person who aids, abets, counsels or procures the suicide of another, or the attempt by another to commit suicide, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

(2) If on the trial of an indictment for murder or manslaughter it is proved that the accused aided, abetted, counselled or procured the suicide of the person in question, the jury may find him or her guilty of that offence.

### Suicide pacts

**171.** (1) It shall be manslaughter and not murder for a person acting in pursuance of a suicide pact between him or her  and another person to kill the other person or to be a party to that other person killing himself, herself or being killed by a third person.

(2) Where it is shown that the person charged with the murder of another person killed that other, or was a party to his or her killing himself or herself, being killed it shall be for the defence to prove that the person charged was acting in pursuance of a suicide pact between him or her and the other person.

(3) For the purposes of this section, "suicide pact" means a common agreement between two or more persons having for its object the death of all of them, whether or not each is to take his or her own life, but nothing done by a person entering into a suicide pact shall be treated as done by him or her in pursuance of the pact unless it is done while he or she has a settled intention of dying in pursuance of that pact.

### Causing death defined

**172.** A person shall be deemed to have caused the death of another person, although his or her act is not the immediate or the sole cause of death, in any of the following cases—

(a) if he or she inflicts bodily injury on the other person in consequence of which that other person undergoes surgical or medical treatment which causes his or her death, and in such a case it is immaterial whether the treatment was proper or mistaken, if it was employed in good faith and with common knowledge and skill; but the person inflicting the injury shall not be deemed to have caused the death if the treatment which was the immediate cause of the death was not employed in good faith or was so employed without common knowledge and skill;

(b) if he or she inflicts a bodily injury on another which would not have caused death if the injured person had submitted to proper surgical or medical treatment or had observed proper precautions as to his or her mode of living;

(c) if by actual or threatened violence he or she causes the other person to perform an act which causes the death of that person, such act being a means of avoiding violence which in the circumstances would appear natural to the person whose death is so caused;

(d) if by an act or omission he or she hastens the death of a person suffering under any disease or injury which, apart from such act or omission, would have caused death;

(e) if his or her act or omission would not have caused death unless accompanied by an act or omission of the person killed or another person.

## Persons capable of being killed

**173.** A child becomes a person capable of being killed when it has completely proceeded in a living state from the body of its mother, whether it has breathed or not, whether it has independent circulation or not and whether the navel string is severed or not.

## Concealing the birth of a child

**174.** A person who, when a woman is delivered of a child, endeavours by any secret disposition of the dead body of the child, to conceal the birth, whether the child died before, at or after its birth, commits the offence of concealment of birth and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

## Wounding or causing grievous bodily harm with intent

**175.** A person who unlawfully and maliciously, by any means whatsoever, wounds or causes grievous bodily harm to any person with intent so to do or with intent to resist or prevent the lawful apprehension or detainer of any person, commits an offence and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Wounding or inflicting grievous bodily harm

**176.** A person who unlawfully and maliciously wounds or inflicts grievous bodily harm upon another person, either with or without any weapon or

instrument, commits an offence and is liable on conviction on indictment to
imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

## Wounding

**177.** A person who unlawfully wounds another person, commits an offence and
is liable on summary conviction to imprisonment for a term not exceeding 2
years. *(Amended by Act 8 of 2006)*

## Attempting to choke, etc. in order to commit an offence

**178.** A person who, by any means whatsoever, attempts to choke, suffocate or
strangle another person, or who by any means calculated to choke, suffocate or
strangle, attempts to render another person insensible, unconscious or incapable
of resistance with intent to enable himself, herself  or any other person to
commit, or with intent to assist another person in committing a criminal offence,
commits an offence and is liable on conviction on indictment to imprisonment
for life. *(Amended by Act 8 of 2006)*

## Using anaesthetic, etc., to commit an offence

**179.** A person who unlawfully applies or administers to, or causes to be taken
by, or who attempts to administer to or attempts to cause another person to take
chloroform, laudanum or other anaesthetic or stupefying or overpowering drug,
matter or thing, with intent to enable himself, herself or any other person to
commit, or with the intent to assist any other person in committing a criminal
offence, commits an offence and is liable on conviction on indictment to
imprisonment for life. *(Amended by Act 8 of 2006)*

## Administering poison so as to endanger life or inflict grievous harm

**180.** A person who unlawfully and maliciously administers to, or causes to be
administered to or taken by another person any poison or other destructive or
noxious thing so as thereby to endanger the life of such person, or so as thereby
to inflict upon the other person grievous bodily harm, commits an offence and is
liable on conviction to imprisonment on indictment for a term not exceeding 10
years. *(Amended by Act 8 of 2006)*

## Administering poison with intent to injure, etc.

**181.** A person who unlawfully and maliciously administers to, or causes to be
administered to or taken by another person poison or other destructive or noxious
thing with intent to injure, aggrieve or annoy such person, commits an offence
and is liable on conviction on indictment to imprisonment for a term not
exceeding 5 years. *(Amended by Act 8 of 2006)*

## Impeding escape from shipwreck

**182.** A person who unlawfully and maliciously prevents or impedes another
person, being on board of or having quitted a ship or vessel which is in distress
or wrecked, stranded or cast on shore, in his or her endeavour to save his or her
life, or unlawfully and maliciously prevents or impedes another person in his or
her endeavour to save the life of any such person, commits an offence and is

liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Causing bodily harm by corrosive or explosive substance

**183.** A person who unlawfully and maliciously, by the use of a corrosive substance or the explosion of an explosive substance, burns, maims, disfigures, disables or causes any grievous bodily harm to any person, commits an offence and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Using explosive or corrosive substance with intent to do grievous harm

**184.** A person who unlawfully or maliciously—

    *(a)* causes an explosive substance to explode;

    *(b)* sends or delivers or causes to be taken or received by any person an explosive substance or any other dangerous or noxious thing;

    *(c)* puts or lays at any place a corrosive fluid or destructive or explosive substance; or

    *(d)* casts or throws at or upon or otherwise applies to any person a corrosive fluid or destructive or explosive substance,

with intent in to burn, maim, disfigure or disable any person, or to do some grievous bodily harm to any person, commits an offence and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Placing explosive near building, etc., with intent to cause bodily harm

**185.** A person who unlawfully and maliciously places or throws in, into, upon, against or near any building, aircraft, ship or vessel an explosive substance with intent to do bodily injury to any person, whether or not an explosion takes place and whether or not any bodily injury be effected, commits an offence and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Causing explosion likely to endanger life or property

**186.** A person who unlawfully and maliciously causes by any explosive substance an explosion of a nature likely to endanger life or to cause serious injury to property, whether any injury to person or property has been actually caused or not, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

## Setting traps, etc. with intent to inflict grievous bodily harm

**187.** (1) A person who sets or places or causes to be set or placed a spring gun, mantrap, other engine or device (including any electrical device or wiring) calculated to destroy human life or inflict grievous bodily harm, with the intent that the same or whereby the same may kill or inflict grievous bodily harm upon a trespasser or other person coming into contact therewith, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

(2) A person who knowingly or wilfully permits a contrivance, engine or device such as is referred to in subsection (1) which may have been set or placed in any place and then or afterwards came into that person's possession, to continue where it was set or placed, is deemed to have set or placed it with the intent referred to in subsection (1).

(3) Nothing contained in this section shall extend to make it illegal to set or place a trap or other device such as may have been or may be usually set with the intent of destroying vermin.

## Unlawful use of firearms

**188.** A person who unlawfully discharges or attempts to discharge a firearm at any person or, being armed with a firearm, unlawfully threatens to discharge the firearm at any person, commits an offence and is liable on conviction on indictment, in addition to any other liability for any offence he or she may thereby commit, to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

## Excess use of force

**189.** A person who is authorised by law, or by the consent of a person injured by him or her to use force, shall be criminally responsible for the consequences of the force he or she may use, if it exceeds what is reasonable, having regard to all the circumstances of the case.

## Reckless and negligent acts

**190.** A person who, in any manner so rash or negligent as to endanger human life or safety—

    *(a)* drives or rides in a public place;

    *(b)* navigates or takes part in the navigation or working of a vessel or aircraft;

    *(c)* does any act with fire or any combustible matter, or omits to take precautions against probable danger from any fire or any combustible matter in his or her possession or control;

    *(d)* omits to take precautions against any probable danger from an animal in his or her control or possession;

    *(e)* dispenses, supplies, sells, administers or gives away medicine or poisonous or dangerous matter;

    *(f)* does any act with respect to, or omits to take proper precautions against, any probable danger from machinery of which he or she is solely or partly in charge; or

    *(g)* does any act with respect to, or omits to take proper precautions against probable danger from an explosive or firearm in his or her possession or control,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years.

*(Amended by Act 8 of 2006)*

### Other negligent acts or omissions causing harm

**191.** A person who unlawfully does any act, or omits to do an act which it is his or her duty to do, not being an act or omission specified in section 190, by which act or omission harm is caused to any person, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

### Dealing with poisonous substances in a negligent manner

**192.** A person who does with a poisonous substance an act in a manner so rash or negligent as to endanger human life or to be likely to cause hurt or injury to another person, or knowingly or negligently omits to take such care with any poisonous substance in his or her possession or control as is sufficient to guard against probable danger to human life from such poisonous substance, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

### Acts tending to the destruction of aircraft and ships

**193.** (1) A person who unlawfully masks, alters, destroys or removes a beacon, light or signal, or unlawfully exhibits a false light or signal with intent to bring an aircraft or vessel into danger or who unlawfully and maliciously does anything tending to the immediate loss or destruction of an aircraft or vessel, commits an offence and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

(2) A person who unlawfully and maliciously cuts away, casts adrift, alters, defaces, sinks, conceals or destroys a beacon, buoy, rope, perch or mark used or intended for the guidance of seamen or airmen for the purposes of navigation, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

(3) For the purposes of this section, "beacon" includes a radio beacon and "signal" includes a radio or similar signal.

### Conveying person for hire in unsafe conveyance

**194.** A person who knowingly or negligently conveys or causes any person to be conveyed for hire by water or air in any vessel or aircraft when the vessel or aircraft is in such a state or so loaded as to be unsafe, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year. *(Amended by Act 8 of 2006)*

### Common assault

**195.** A person who unlawfully assaults another commits an offence and, if the assault is not committed in circumstances for which a greater punishment is provided by this or any other law, is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1000, or both. *(Amended by Act 8 of 2006)*

## Assault causing actual bodily harm

**196.** A person who commits an assault occasioning actual bodily harm commits an offence and is liable—

> *(a)* on summary conviction to imprisonment for a term not exceeding 3 years; or
>
> *(b)* on conviction on indictment to imprisonment for a term not exceeding 7 years.
>
> *(Amended by Act 8 of 2006)*

## Assault on person protecting wreck

**197.** A person who assaults and strikes or wounds a judicial or police officer or other person lawfully authorised, in or on account of the execution of his duty in or concerning the preservation of a vessel or aircraft in distress, or of a vessel or aircraft or goods or effects wrecked, stranded or cast on any land or shore, or lying under water, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

## Assaults specially punishable

**198.** A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years, if he or she—

> *(a)* assaults any person with intent to commit an offence or to resist or prevent the lawful apprehension or detainer of himself, herself or another for any offence;
>
> *(b)* assaults, resists or obstructs any person engaged in the lawful execution of process, or in making lawful distress, with intent to rescue property lawfully taken under such process or distress; or
>
> *(c)* assaults any person on account of an act done by him or her in the execution of a duty imposed on him or her by law.
>
> *(Amended by Act 8 of 2006)*

## Assault on female or child

**199.** A person who is guilty of an aggravated assault on a female, or on a male child whose age appears to the court not to exceed 14 years, if the assault is not committed in circumstances for which a greater punishment is provided by this Code, is liable on summary conviction to imprisonment for a term not exceeding 6 months, or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

## Assault on police officers, etc.

**200.** A person who assaults, resists or wilfully obstructs a police officer acting in the due execution of his or her duty, or a person acting in aid of such officer, or who assaults any person with intent to resist or prevent the lawful apprehension or detainer of himself, herself or any other person for an offence, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

*Criminal Code*   LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

## PART XII

### NEGLECT ENDANGERING LIFE OR HEALTH

**Neglecting apprentice or servant**

**201.** (1) A person who, either as master or as mistress of an apprentice or servant—

    *(a)* being legally liable to provide for the apprentice or servant necessary food, lodging or clothing, without lawful excuse, refuses or neglects to provide the same; or

    *(b)* unlawfully or maliciously does, or causes to be done, any bodily harm to the apprentice or servant,

so that the life of the apprentice or servant is endangered or the health of the apprentice or servant is, or is likely to be, thereby seriously or permanently injured, commits an offence. *(Amended by Act 8 of 2006)*

    (2) A person who commits an offence under subsection (1) is liable—

    *(a)* on summary conviction to imprisonment for a term not exceeding 3 years; or

    *(b)* on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Inserted by Act 8 of 2006)*

**Failure to supply necessaries**

**202.** A person who, being charged with the duty of providing for another the necessaries of life, without lawful excuse fails to do so, whereby the life of that other person is, or is likely to be, endangered, or his or her health is, or is likely to be, seriously or permanently injured, commits an offence and is liable—

    *(a)* on summary conviction to imprisonment for a term not exceeding 5 years; or

    *(b)* on conviction on indictment to imprisonment for a term not exceeding 10 years.
        *(Amended by Act 8 of 2006)*

**Abandoning or exposing child under 2 years**

**203.** A person who unlawfully abandons or exposes a child, being under the age of 2 years, whereby the life of the child is endangered or the health of the child is, or is likely to be, seriously or permanently injured, commits an offence and is liable—

    *(a)* on summary conviction to imprisonment for a term not exceeding 5 years; or

    *(b)* on conviction on indictment to imprisonment for a term not exceeding 10 years.
        *(Amended by Act 8 of 2006)*

### Cruelty to children

**204.** (1) Subject to subsection (7), if any person, who has attained the age of 18 years and has the custody, charge or care of any child, wilfully assaults, ill-treats, neglects, abandons or exposes the child or causes or procures the child to be assaulted, ill-treated, neglected, abandoned or exposed in a manner likely to cause him or her unnecessary suffering or injury to health (including injury to or loss of sight or hearing or organ of the body and any mental derangement), that person commits an offence and is liable—

   (a) on conviction on indictment to imprisonment for a term not exceeding 5 years, or to a fine not exceeding $5,000, or both; or

   (b) on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500, or both.
   *(Amended by Act 7 of 2002)*

(2) For the purposes of this section—

   (a) a parent, guardian or other person legally liable to maintain a child or young person shall be deemed to have neglected the child or young person in a manner likely to cause injury to the child or young person, or to its health if he or she has failed to provide adequate food, clothing, medical aid or lodging for the child or young person;

   (b) where it is proved that the death of an infant under the age of 4 years was caused by suffocation (not being suffocation caused by disease or the presence of any foreign body in the throat or air passages of the infant) while the infant was in bed with some other person who has attained the age of 18 years, that other person shall, if he or she went to bed under the influence of drink, be deemed to have neglected the infant in a manner likely to cause injury to its health;

   (c) a person, having attained the age of 18 years, who gives, or causes to be given, or sells or causes to be sold to a child under the age of 16 years any intoxicating liquor, except upon the order of a duly qualified medical practitioner, or in case of sickness, apprehended sickness, or other urgent cause, shall be deemed to have ill-treated that child in a manner likely to cause injury to the child's health;

   (d) a person, having attained the age of 18 years, and having the custody, charge or care of a child under the age of 10 years, who allows that child to be in a room or yard containing a stove, coal-stove or open fire-place, not sufficiently protected to guard against the risk of the child being burnt or scalded, without taking reasonable precautions against the risk, and by reason thereof the child is killed or suffers serious injury, shall be deemed to have neglected the child in a manner likely to cause injury to the child's health.

*Criminal Code*

(3) A person may be convicted under this section—

    (a) notwithstanding that actual suffering or injury to health, or the likelihood of actual suffering or injury to health, was obviated by the action of another person;

    (b) notwithstanding the death of the child in question.

(4) If it is proved that a person convicted under this section was directly or indirectly interested in a sum of money accruing or payable in the event of the death of the child, and had knowledge that such sum of money was accruing or becoming payable, then—

    (a) in the case of a conviction on indictment, the amount of the fine which may be imposed under this section shall be $7,000 and the court *in lieu* of any other penalty under this section may sentence the person convicted to imprisonment for a term not exceeding 7 years; and

    (b) in the case of a summary conviction, the court, in determining the sentence, shall take into consideration the fact that the person convicted was so interested and had such knowledge.

(5) For the purposes of subsection (4)—

    (a) a person shall be deemed to be directly or indirectly interested in a sum of money if he or she has a share in or a benefit from the payment of that money, notwithstanding that he or she may not be a person to whom it is legally payable; and

    (b) a copy of a policy of insurance, certified to be a true copy by an officer or agent of the insurance company granting or issuing the policy, shall be evidence that the child therein stated to be insured has in fact been so insured and that the person in whose favour the policy has been granted is the person to whom the money thereby insured is legally payable.

(6) Nothing in this section shall be construed as affecting the right of a parent, teacher or other person having the lawful control or charge of a child to administer punishment to him.

*(Amended by Act 15 of 2005)*

(7) A person under the age of 18 years who is a parent that commits an offence under this section shall be liable upon conviction, subject to the provisions of the Magistrate's Code of Procedure Act and the Criminal Justice (Alternative Sentencing) Act, to the penalties prescribed under this section. *(Inserted by Act 15 of 2005)*

## Other negligent acts or omissions causing harm

**205.** A person who unlawfully does an act or omits to do an act which it is his or her duty to do, by which act or omission harm is caused to any other person, in circumstances which do not constitute an offence under any other provision of this Code or any other law, commits an offence and is liable—

    (a) on summary conviction to imprisonment for a term not exceeding 3 years; or

(b) on conviction on indictment to imprisonment for a term not exceeding 7 years.

*(Amended by Act 8 of 2006)*

## PART XIII

### ABDUCTION, KIDNAPPING AND SIMILAR CRIMES

**Definitions of "abduction" and "kidnapping"**

206. For the purposes of this Part—

(a) a person who, without lawful authority, by force or threat or by any deceitful means compels or induces a person to go from any place is said to abduct that person; and

(b) a person who, without lawful authority—

(i) conveys a person beyond the limits of the Territory without the consent of that person or of some person legally authorised to consent on behalf of that person; or

(ii) imprisons any person within the Territory in such manner as to prevent him or her—

(A) from applying to a court for his or her release;

(B) from discovering from any other person the place where he or she is imprisoned,

or in such manner as to prevent any person entitled to have access to him or her from discovering the place where he or she is so imprisoned, is said to kidnap that person.

**Punishment for kidnapping**

207. A person who kidnaps another person commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years. *(Amended by Act 8 of 2006)*

**Abduction with intent to convey out of the Territory, etc.**

208. A person who abducts another person with intent to cause that other person to be taken beyond the limits of the Territory or to be secretly and unlawfully confined within the Territory, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

**Abduction or kidnapping female with intent to marry, etc.**

209. A person who abducts or kidnaps a female of any age with intent to marry or have sexual intercourse with her, or to cause her to be married or to have sexual intercourse with any other person, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

### Unlawfully taking girl under age of 16 away from parent

**210.** A person who unlawfully takes or causes to be taken, an unmarried girl under the age of 16 years, out of the possession and against the will of her father or mother or other person having the lawful care or charge of her, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

### Child stealing

**211.** (1) A person who—

     *(a)* unlawfully either by force or fraud, leads or takes away, or decoys or entices away, or detains a child under the age of 14 years with intent to deprive a parent, guardian or other person having the lawful care or charge of such child, of the possession of the child;

     *(b)* with intent to steal an article upon or about the person of such child, to whoever the article may belong, by force or fraud, leads or takes away, or detains the child; or

     *(c)* with any such intent receives or harbours any such child, knowing the same to have been by force or fraud led, taken, decoyed, enticed away or detained as in this section mentioned,

commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

     (2) It is a defence to a charge under subsection (1) if the accused claims in good faith and establishes a right to the possession of the child, or is the mother or father of the child.

### Wrongful confinement

**212.** A person who, without lawful authority, confines another person, in circumstances not constituting an offence under any of the other provisions of this Part, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

### Unlawful compulsory labour

**213.** A person who unlawfully compels another person to labour against the will of that other person, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

### Human trafficking

**214.** (1) In this section—

"exploitation", in relation to a person, includes the exploitation of the person through prostitution, pornography or other forms of sexual exploitation, forced labour or services, slavery or practices similar to slavery, servitude or the removal of organs;

"human trafficking" means the recruitment, transportation, transfer, harbouring or reception of a person for the purpose of the exploitation of the person;

"minor" means a person who has not attained the age of 18 years.

    (2) A person who is concerned in human trafficking in circumstances—

        *(a)* which involve—

            (i) the threat or use of force or other forms of coercion;

            (ii) abduction;

            (iii) fraud or deception;

            (iv) the abuse of power or the abuse of a position of vulnerability; or

            (v) the giving or receiving of payments or benefits to achieve the consent of a person having control over another person; and

        *(b)* where the victim is not a minor,

commits an offence and is liable, on conviction on indictment, to imprisonment for a term not exceeding 14 years.

    (3) A person who is concerned in human trafficking—

        *(a)* in circumstances where the victim is a minor; or

        *(b)* in circumstances that do not fall under subsection (2)*(a)*,

        commits an offence and is liable, on conviction on indictment—

            (i) in respect of paragraph *(a)*, to imprisonment for life; or

            (ii) in respect of paragraph *(b)*, to imprisonment for a term not exceeding 10 years.

    (4) It shall not be a defence to a charge under this section to prove that the victim consented to the recruitment, transportation, transfer, harbouring, reception or exploitation, whether or not the victim—

        *(a)* knew of the intended exploitation; or

        *(b)* received an advantage for being subjected to human trafficking.
                    *(Inserted by Act 3 of 2007)*

## Smuggling of migrants

**215.** (1) In this section—

"illegal" means without complying with the necessary legal requirements of the relevant State or Territory;

"smuggling of migrants" means the procurement, whether for financial gain or otherwise, or the aiding or assisting, of the—

        *(a)* illegal entry of a person into;

        *(b)* illegal transit of a person through; or

        *(c)* illegal residence or employment of a person in,

a State or Territory of which the person is not a national or a permanent resident.

(2) A person who is concerned in the smuggling of migrants commits an offence and is liable—

    (*a*) on summary conviction, to imprisonment for a term not exceeding 5 years; or

    (*b*) on conviction on indictment, to imprisonment for a term not exceeding 14 years.

      *(Inserted by Act 3 of 2007)*


## PART XIV

### OFFENCES RELATING TO PROPERTY

**Construction of this Part**

**216.** For the purposes of this Part—

    (*a*) "gain" and "loss" are to be construed as extending not only to gain or loss in money or other property, but as extending to any gain or loss whether temporary or permanent; and—

      (i) "gain" includes a gain by keeping what one has, as well as gain by getting what one has not; and

      (ii) "loss" includes a loss by not getting what one might get, as well as a loss by parting with what one has;

    (*b*) "goods", except in so far as the context otherwise requires, includes money and every other description of property except land, and includes things severed from the land by stealing.

**Definition of "theft"**

**217.** (1) A person is guilty of theft if he or she dishonestly appropriates property belonging to another with the intention of permanently depriving the other of it, and "thief" and "steal" shall be construed accordingly.

(2) It is immaterial whether or not the appropriation is made with a view to gain, or is made for the thief's own benefit.

(3) Sections 218 to 222 shall have effect as regards the interpretation and operation of this section and (except as otherwise provided by this Part) shall apply only for the purposes of this section.

**What act is not dishonest**

**218.** (1) A person's appropriation of property belonging to another is not to be regarded as dishonest—

    (*a*) if he or she appropriates the property in the belief that he or she has in law the right to deprive the other of it on behalf of himself or herself or of a third person;

    (*b*) if he or she appropriates the property in the belief that he or she would have the other's consent if the other knew of the appropriation and the circumstances of it; or

*(c)* (except where the property came to him or her as a trustee or personal representative) if he or she appropriates the property in the belief that the person to whom the property belongs cannot be discovered by taking reasonable steps.

(2) A person's appropriation of property belonging to another may be dishonest notwithstanding that he or she is willing to pay for the property.

## "Appropriates" defined

**219.** (1) Any assumption by a person of the rights of an owner amounts to an appropriation, and this includes, where he or she has come by the property (innocently or not) without stealing it, any later assumption of a right to it by dealing with it as its owner.

(2) Where property or a right or interest in property is or purports to be transferred for value to a person acting in good faith, no later assumption by him or her of rights which he or she believed himself or herself to be acquiring shall, by reason of any defect in the transferor's title, amount to theft of the property.

## "Property"

**220.** (1) "Property" includes money, defined, whether in the form of cash, cheque, credit card, bank draft, money order or otherwise, and all other property, real or personal, including things in action and other intangible property.

(2) In the case of a credit card the interest or number comprised in the card shall constitute property.

(3) A person cannot steal land, or things forming part of land and severed from it by him, her or by his or her directions, except in the following cases—

*(a)* when he or she is a trustee or personal representative, or is authorised by power of attorney, or as a liquidator of a company, or otherwise, to sell or dispose of land belonging to another, and he or she appropriates the land or anything forming part of it by dealing with it in breach of the confidence reposed in him or her;

*(b)* when he or she is not in possession of the land and appropriates anything forming part of the land by severing it or causing it to be severed, or after it has been severed; or

*(c)* when, being in possession of the land under a tenancy, he or she appropriates the whole or part of any fixture or structure let to be used with the land.

(4) For the purposes of this section, "land" does not include incorporeal hereditament and "tenancy" means a tenancy for years or any less period and includes an agreement for such tenancy, but a person who after the end of the tenancy remains in possession as statutory tenant or otherwise is to be treated as having possession under the tenancy, and "let" shall be construed accordingly.

(5) A person who picks mushrooms growing wild on any land or who picks flowers, fruit or foliage from a plant growing wild, on any land, does not (although not in possession of the land) steal what he or she picks, unless he or she does it for reward or for sale or other commercial purposes, and for the purposes of this subsection "mushroom" includes any fungus, and "plant" includes any shrub or tree.

*Criminal Code*

(6) Wild creatures, tamed or untamed, shall be regarded as property, but a person cannot steal a wild creature not tamed nor ordinarily kept in captivity, or the carcass of any such creature unless it has been reduced into possession by or on behalf of another and possession of it has not since been lost or abandoned, or another person is in the course of reducing it into possession.

### Property belonging to another

**221.** (1) Property shall be regarded as belonging to a person having possession or control of it, or having in it a proprietary right or interest (not being an equitable interest arising only from an agreement to transfer or grant an interest).

(2) Where property is subject to a trust, the persons to whom it belongs shall be regarded as including a person having a right to enforce the trust, and an intention to defeat the trust shall be regarded accordingly as an intention to deprive of the property a person having that right.

(3) Where a person receives property from or on account of another, and is under an obligation to the other to retain and deal with that property or its proceeds in a particular way, the property or proceeds shall be regarded (as against him or her) as belonging to the other.

(4) Where a person gets property by another's mistake, and is under an obligation to make restoration (in whole or in part) of the property, its proceeds or its value, then to the extent of that obligation, the property or proceeds shall be regarded (as against him or her) as belonging to the person entitled to restoration, and an intention not to make restoration shall be regarded as an intention to deprive that person of the property or proceeds.

(5) Property of a corporation sole shall be regarded as belonging to the corporation notwithstanding a vacancy in the corporation.

### Intention of permanently depriving the owner

**222.** (1) A person appropriating property belonging to another without meaning the other permanently to lose the thing itself is nevertheless to be regarded as having the intention of permanently depriving the other of it, if the intention is to treat the thing as his or her own to dispose of regardless of the other's rights, and a borrowing or lending of it may amount to so treating it if the borrowing or lending is for a period and in circumstances making it equivalent to an outright taking or disposal.

(2) Without prejudice to the generality of subsection (1), where a person, having possession or control (whether lawfully or not) of property belonging to another, parts with the property under a condition as to its return which he or she may not be able to perform, this (if done for purposes of his or her own and without the other's authority) amounts to treating the property as his or her own to dispose of, regardless of the other's rights.

### Punishment for theft

**223.** A person who commits theft is guilty of an offence and is liable on conviction to imprisonment—

      *(a)* on summary conviction, for a term not exceeding 2 years; or

      *(b)* on conviction on indictment for a term not exceeding 10 years.

## Robbery

**224.** (1) A person is guilty of robbery if he or she steals and, immediately before or at the time of doing so, and in order to do so, he or she uses force on any person or puts or seeks to put any person in fear of being then and there subjected to force.

(2) A person who commits robbery is guilty of an offence and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Burglary

**225.** (1) A person commits the offence of burglary if—

(a) he or she enters a building or part of a building as a trespasser and with intent to commit an offence mentioned in subsection (2);

(b) having entered a building or part of a building as a trespasser he or she steals or attempts to steal any thing in the building or that part of it or attempts to inflict on any person therein grievous bodily harm.

(2) The offences referred to in subsection (1)(a) are offences of stealing anything in the building in question, of inflicting on any person in the building grievous bodily harm or raping a woman in the building, and of doing unlawful damage to the building or anything therein.

(3) References in this section to a building shall apply also to an inhabited vehicle or vessel, and shall apply to the vehicle or vessel at times when the person inhabiting it is not there as well as at times when he or she is.

(4) A person who is convicted of burglary is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

## Aggravated burglary

**226.** (1) A person commits the offence of aggravated burglary if he or she commits burglary and at the time has with him or her a firearm or imitation firearm, a weapon of offence, or an explosive.

(2) Any person who commits aggravated burglary is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

(3) For the purposes of this section—

(a) "firearm" includes an air gun or air pistol, and "imitation firearm" means anything which has the appearance of being a firearm, whether capable of being discharged or not;

(b) "weapon of offence" means an article made or adapted for use for causing injury to or incapacitating a person, or intended by the person having it with him or her for such use; and

(c) "explosive" means an article or substance manufactured for the purpose of producing a practical effect by explosion, or intended by the person having it with him or her for that purpose.

### Removing articles from place open to the public

**227.** (1) Subject to subsections (2) and (3), where the public have access to a building in order to view the building, or part of it, or a collection or part of a collection housed in it, a person who, without lawful authority removes from the building or its grounds the whole or any part of any article displayed, or kept for display, to the public in the building or that part of it or in its grounds, commits an offence and is liable—

> (a) on summary conviction to imprisonment for a term not exceeding 2 years; or

> (b) on conviction on indictment to imprisonment for a term not exceeding 5 years.
> *(Amended by Act 8 of 2006)*

(2) For the purposes of this section, "collection" includes a collection got together for a temporary purpose, but does not include a collection made or exhibited for the purpose of effecting sales or other commercial dealings. *(Amended by Act 8 of 2006)*

(3) It is immaterial for the purposes of subsection (1) that the public's access to a building is limited to a particular period or occasion, but where anything removed from the building or its grounds is there otherwise than as forming part of, or being on loan for exhibition with, a collection intended for permanent exhibition to the public, the person removing it does not thereby commit an offence under this section unless he or she removes it on a day when the public have access to the building as mentioned in subsection (1).

(4) A person does not commit an offence under this section if he or she believes that he or she has lawful authority for the removal of the thing in question or that he or she would have that authority if the person entitled to give it knew of the removal and the circumstances of it.

### Abstraction of electricity

**228.** A person who dishonestly uses electricity without due authority, or dishonestly causes it to be wasted or diverted, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both.

### Fraudulent use of telephone, fax or telex system

**229.** A person who dishonestly uses a telephone, fax or telex system with intent to avoid payment, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

### Taking conveyance without authority

**230.** (1) A person who, for his or her own use or that of another person, takes a conveyance constructed or adapted for the carriage of a person, whether by land, water or air, without having the consent thereto of the owner or hirer thereof (including a hirer under a self-drive or hire-purchase contract) or not having other lawful authority or, knowing that such conveyance has been taken without such consent or authority, drives it or allows himself or herself to be carried in or

on it, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000 or both, and in addition, the court may order the offender to pay to the owner of the conveyance compensation for the use thereof and for any damage caused to the conveyance. *(Amended by Act 8 of 2006)*

(2) It is a defence to a charge under subsection (1) to show that the person charged has an honest belief that he or she acted under lawful authority or that in the circumstances the owner or hirer would have given his or her consent had he or she been aware of the taking.

(3) If on a trial for the theft of a conveyance it is found that the accused was not guilty of the theft of the conveyance, but then it is proved that the accused committed an offence under this section, he or she may be found guilty of the offence, and convicted under this section.

## Obtaining property by deception

**231.** (1) A person who, by deception, dishonestly obtains property belonging to another, with the intention of permanently depriving the other of it, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 10 years. *(Amended by Act 8 of 2006)*

(2) For the purposes of this section a person shall be treated as obtaining property if he or she obtains ownership, possession or control of it, and "obtain" includes obtaining for another or enabling another to obtain or retain.

(3) Section 222 shall apply for the purposes of this section, with the necessary adaptation of the reference to appropriating, as it applies for the purposes of section 217.

(4) For the purposes of this section and sections 232 and 233, "deception" means deception (whether deliberate or reckless) by words or conduct as to fact or as to law, including a deception as to the present intentions of the person using the deception or any other person.

## Evasion of liability by deception

**232.** (1) Subject to subsection (2), a person who, by any deception—

> *(a)* dishonestly secures the remission of the whole or any part of an existing liability to make a payment, whether his own, her own or another's liability;
>
> *(b)* with intent to make permanent default in whole or in part on an existing liability to make a payment, or with intent to let another do so, dishonestly induces the creditor to wait for payment (whether or not the due date for payment is deferred) or to forego payment; or
>
> *(c)* dishonestly obtains an exemption from, or abatement of liability to make a payment, commits an offence and is liable—
>
> > (i) on summary conviction to imprisonment for a term not exceeding one year; or
> >
> > (ii) on conviction on indictment to imprisonment for a term not exceeding 5 years.

*Criminal Code*

(2) For the purposes of this section, "liability" means legally enforceable liability, and subsection (1) shall not apply in relation to a liability that has not been accepted or established to pay compensation for a wrongful act or omission.

(3) For the purposes of subsection (1)*(b)*, a person induced to take in payment a cheque or other security for money by way of conditional satisfaction of a pre-existing liability is to be treated as not being paid, but as induced to wait for payment.

(4) For the purposes of subsection (1)*(c)*, "obtains" includes obtaining for another or enabling another to obtain.

### Obtaining pecuniary advantage of services by deception

**233.** (1) Any person who, by deception, dishonestly obtains for himself, herself or any other person a pecuniary advantage, or services from another, commits an offence and is liable—

> *(a)* on summary conviction, to imprisonment for a term not exceeding one year; or
>
> *(b)* on conviction on indictment to imprisonment for a term not exceeding 5 years.

(2) The cases in which a pecuniary advantage within the meaning of this section is to be regarded as obtained for a person are where—

> *(a)* any debt or charge for which he or she makes himself or herself liable or is or may become liable (including one not legally enforceable) is reduced in whole or in part or evaded or deferred;
>
> *(b)* he or she is allowed to borrow on overdraft, or to take out a policy of insurance or annuity contract, or obtains an improvement of the terms on which he or she is allowed to do so; or
>
> *(c)* he or she is given the opportunity to earn a remuneration or greater remuneration in any office or employment, or to win money by betting.

(3) For the purposes of subsection (1), the obtaining of services by any person involves circumstances where the other person is induced to confer a benefit by doing some act, or causing or permitting some act to be done, on the understanding that the benefit has been or will be paid for.

### Drawing dishonoured cheque

**234.** (1) Where a person—

> *(a)* draws and issues a cheque in order to meet a legal obligation, knowing that the cheque will be dishonoured or being reckless as to whether or not the cheque will be dishonoured and the cheque is dishonoured; or
>
> *(b)* having drawn and issued a cheque in order to meet a legal obligation, does an act knowing that, or being reckless as to whether or not, that act will cause the cheque to be dishonoured and the cheque is dishonoured,

and the obligation is not satisfied within a period of 7 working days after the cheque is dishonoured, that person commits an offence and is liable on conviction to the penalties specified in subsection (4).

(2) Without prejudice to the generality of subsection (1), where a person draws a cheque and the cheque is dishonoured due to the fact that—

    *(a)* the account on which it was drawn is closed;

    *(b)* the right to withdraw from the account concerned has been suspended; or

    *(c)* the account concerned has insufficient funds,

knowledge or recklessness on the part of that person shall, for the purposes of subsection (1), be presumed.

(3) It shall not be a defence to a charge under this section to state that the cheque was drawn in anticipation, reasonable or unreasonable, of funds being deposited into the account upon which the cheque was drawn.

(4) A person who is convicted of an offence under subsection (1) is liable—

    *(a)* on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $3,000, or both; or

    *(b)* on conviction on indictment to imprisonment for a term not exceeding 5 years or to a fine not exceeding $5,000, or both.

(5) Where a person is convicted of an offence under subsection (1), the court shall, in addition to a penalty imposed under that subsection, enter civil judgment in the amount of the cheque for the person in whose favour the cheque was drawn and grant such other ancillary relief as it thinks fit.

(6) The civil judgment entered under subsection (5) shall be enforceable as if it were a judgment in civil proceedings.

*(Inserted by Act 7 of 2002)*

### Making off without payment

**235.** (1) Subject to subsection (3), a person who, knowing that payment on the spot for any goods supplied or services done is required or expected of him or her, dishonestly makes off without having paid as required or expected and with intent to avoid payment of the amount, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

(2) For the purposes of this section, "payment on the spot" includes payment at the time of collecting goods on which work has been done or in respect of which service has been provided.

(3) Subsection (1) shall not apply where the supply of the goods or the doing of the service is contrary to law, or where the service is such that payment is not legally enforceable.

*Criminal Code*

## False accounting

**236.** (1) A person who dishonestly, with a view to gain for himself, herself or another or with intent to cause loss to another—

    *(a)* destroys, defaces, conceals or falsifies an account or record or document made or required for an accounting purpose; or

    *(b)* in furnishing information for any purpose, produces or makes use of an account or such record or document, which to his or her knowledge is or may be misleading, false or deceptive in a material particular,

commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

    (2) For the purposes of this section, a person who makes or concurs in making in an account or other document an entry which is or may be misleading, false or deceptive in a material particular, or who omits or concurs in omitting a material particular from an account or other document, is to be treated as falsifying the account or document.

## Officers of company liable for certain offences committed by company

**237.** (1) Where an offence under this Part is committed by a body corporate and is proved to have been committed with the consent or connivance of a director, manager, secretary or other similar officer of the body corporate, or a person who was purporting to act in any such capacity, he or she, as well as the body corporate, commit the offence and are liable to be proceeded against and punished accordingly.

    (2) Where the affairs of a body corporate are managed by its members, this section shall apply in relation to the acts or defaults of a member in connection with his or her functions of management as if he or she were a director of the body corporate.

## False statement by company directors, etc.

**238.** (1) Where a director or officer (by whatever name called) of a body corporate or unincorporated association (or person purporting to act as such), with intent to deceive the members or creditors of the body corporate or association about its affairs, publishes or concurs in publishing a written statement, account or other document which to his or her knowledge is or may be misleading, false or deceptive in a material particular, he or she commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

    (2) For the purposes of this section, a person who has entered into a security for the benefit of a body corporate or association shall be deemed to be a creditor of it.

    (3) Where the affairs of a body corporate or association are managed by its members, this section shall apply to any statement, account or other document which a member publishes or concurs in publishing in connection with his or her functions of management as if he or she were an officer of that body corporate or association.

## Destruction, etc. of valuable security, or procuring execution of same by deception

**239.** (1) A person who dishonestly, with a view to gain for himself, herself or another, or with intent to cause loss to another, destroys, defaces or conceals a valuable security, a will or other testamentary document or an original document of or belonging to, or filed or deposited in, a court of justice or a Government department, commits an offence and is liable—

> (a) on summary conviction to imprisonment for a term not exceeding 3 years; or

> (b) on conviction on indictment to imprisonment for a term not exceeding 7 years.
>
> *(Amended by Act 8 of 2006)*

(2) A person who dishonestly, with a view to gain for himself, herself or another, or with intent to cause loss to another, by any deception procures the execution of a valuable security, commits an offence and is liable—

> (a) on summary conviction to imprisonment for a term not exceeding 3 years; or

> (b) on conviction on indictment to imprisonment for a term not exceeding 7 years.
>
> *(Amended by Act 8 of 2006)*

(3) Subsection (2) shall apply in relation to the making, acceptance, indorsement, alteration, cancellation or destruction in whole or in part of a valuable security, and in relation to the signing or sealing of a paper or other material in order that it may be made or converted into, or used or dealt with as a valuable security, as if that were the execution of a valuable security.

(4) For the purposes of this section, "deception" has the same meaning as in section 231 and "valuable security" means a document—

> (a) creating, transferring, surrendering or releasing any right to, in or over property;

> (b) authorising the payment of money or delivery of property;

> (c) evidencing the creation, transfer, surrender or release of a right, the payment of money, the delivery of property, or the satisfaction of an obligation.

## Blackmail

**240.** (1) A person commits the offence of blackmail if, with a view to gain for himself, herself or another, or with intent to cause loss to another, he or she makes any unwarranted demand with menaces.

(2) For the purpose of subsection (1), a demand with menaces is unwarranted unless the person making it does so in the belief—

> (a) that he or she has reasonable grounds for making the demand; and

> (b) that the use of menaces is a proper means of reinforcing the demand.

*Criminal Code*

(3) The nature of the act or omission demanded is immaterial, and it is also immaterial whether the menaces relate to action to be taken by the person making the demand.

(4) A person who commits blackmail is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

### Handling stolen goods

**241.** (1) A person handles stolen goods if (otherwise than in the course of stealing), knowing or believing them to be stolen goods, he or she dishonestly receives the goods or dishonestly undertakes or assists in their retention, removal, disposal or realisation by, or for the benefit of another person or if he or she arranges so to do.

(2) A person who handles stolen goods commits an offence and is liable—

    *(a)* on summary conviction to imprisonment for a term not exceeding 5 years; or

    *(b)* on conviction on indictment to imprisonment for a term not exceeding 10 years.

        *(Amended by Act 8 of 2006)*

### Provisions relating to stolen goods

**242.** (1) The provisions of this Code relating to goods which have been stolen shall apply, whether the stealing occurred in the Territory or elsewhere (and whether it occurred before or after the commencement of this Code), provided that the stealing, if not an offence under this Code, amounted to an offence where and at the time when the goods were stolen, and references to stolen goods shall be construed accordingly.

(2) For the purposes of those provisions, references to stolen goods shall include, in addition to the goods originally stolen and parts of them, whether in their original state or not—

    *(a)* any other goods which directly or indirectly represent or have at any time represented the stolen goods in the hands of the thief as being the proceeds of any disposal or realisation of the whole or part of the goods stolen or of goods so representing the stolen goods; and

    *(b)* any other goods which directly or indirectly represent or have at any time represented the stolen goods in the hands of a handler of the stolen goods, or any part of them, as being the proceeds of any disposal or realisation of the whole or part of the stolen goods handled by him or her or of goods so representing them.

(3) Notwithstanding subsections (1) and (2), no goods shall be regarded as having continued to be stolen goods after they have been restored to the person from whom they were stolen or to other lawful possession or custody, or after that person and any other person claiming through him or her have otherwise ceased, as regards those goods, to have any right to restitution in respect of the theft.

(4) For the purposes of the provisions of this Code relating to goods which have been stolen (including the provisions of this section), goods obtained in the Territory or elsewhere by blackmail, or in the circumstances referred to in section 231(1), shall be regarded as stolen, and "steal", "theft" and "thief" shall be construed accordingly.

## Procedure and evidence in trial for handling stolen goods

**243.** (1) A number of persons may be charged in one indictment, with reference to the same theft, with having at different times or at the same time handled all or any of the stolen goods, and the persons so charged may be tried together.

(2) On the trial of 2 or more persons charged for jointly handling stolen goods, the court or the jury, as the case may be, may find any of the accused guilty if satisfied that he or she handled any of the stolen goods, whether or not he or she did so jointly with the other accused, or any of them.

(3) Where a person is charged with handling stolen goods (but not with any offence other than handling stolen goods), then at any stage of the proceedings, if evidence has been given of his or her having or arranging to have in his or her possession the goods that are the subject of the charge, or of his or her undertaking or assisting in, or arranging to undertake or assist in their retention, removal, disposal or realisation, the following evidence shall be admissible for the purpose of proving that he or she knew or believed the goods to be stolen goods—

> *(a)* evidence that he or she has had in his or her possession, or has undertaken or assisted in the retention, removal, disposal or realisation of, stolen goods from any theft taking place not earlier than 12 months before the offence charged; and

> *(b)* evidence that he or she has within the 5 years preceding the date of the offence charged been convicted of theft or of handling stolen goods, provided that 7 days' notice in writing has been given to him or her of the intention to prove the conviction.

(4) This section shall be construed in accordance with section 242, and in subsection (3)*(b)* the references to theft and handling stolen goods shall be construed to include any corresponding offence committed before the coming into force of this Code.

## Evidence by statutory declaration in certain cases

**244.** (1) In proceedings for the theft of anything in the course of transmission (whether by post or otherwise), or for handling stolen goods from that theft, a statutory declaration made by any person that he or she despatched, or received or failed to receive any goods or postal packet, or that any goods or postal packet when despatched or received by him or her were in a particular state or condition, shall be admissible as evidence of the facts stated in the declaration, subject to the following conditions—

> *(a)* a statutory declaration shall only be admissible where and to the extent to which oral evidence to the like effect would have been admissible in the proceedings; and

(b) a statutory declaration shall only be admissible if at least 7 days before the trial of the charge a copy of it has been given to the accused person and he or she has not, at least 3 days before the trial or within such other time as the court may in any particular case allow, given the prosecutor written notice requiring the attendance at the trial of the person making the declaration.

(2) This section shall be construed in accordance with section 242.

## Going equipped to steal, etc.

**245.** (1) A person commits an offence if, when not at his or her place of abode, he or she has with him or her an article for use in the course of or in connection with a burglary, theft or cheat, and is liable—

    (a) on summary conviction to imprisonment for a term not exceeding 5 years; or

    (b) on conviction on indictment to imprisonment for a term not exceeding 10 years.

          *(Amended by Act 8 of 2006)*

(2) A person may arrest without warrant anyone who is, or whom he, or she, with reasonable cause, suspects to be, committing an offence under this section.

(3) Where a person is charged with an offence under this section, proof that he or she had with him or her any article made or adapted for use in committing a burglary, theft or cheat shall be evidence that he or she had it with him or her for such use.

(4) For the purposes of this section an offence under section 230 shall be treated as theft.

## Forfeiture of article used in committing offences

**246.** When a person is convicted of an offence under this Part, the court may order that an article referred to in section 245(1) carried or used in connection with the offence, or found in possession of or under the control of the person at the time of his or her arrest, shall be forfeited to the Crown, or returned to the owner if the article was removed from his or her possession for use in connection with the offence and without his or her knowledge or consent.

## Restitution

**247.** (1) Where goods have been stolen, and a person is convicted of an offence under this Part with reference to the theft (whether or not the stealing is the gist of the offence) or of another offence, but such an offence is taken into consideration in determining the offender's sentence, the court, by or before which the offender is convicted may, on the conviction (whether or not the passing of the sentence is in other respects deferred) exercise any of the following powers—

    (a) the court may order anyone having possession or control of the goods to restore them to any person entitled to recover them from the convicted person;

(b) on the application of a person entitled to recover from the person convicted any other goods directly or indirectly representing the first-mentioned goods (as being the proceeds of any disposal or realisation of the whole or part of them or of goods so representing them), the court may order those other goods to be delivered or transferred to the applicant; or

(c) the court, whether or not an application is made in that behalf, may order that a sum not exceeding the value of the first-mentioned goods shall be paid out of any money of the person convicted which was in his or her possession on his or her apprehension, to any person who, if those goods were in the possession of the person convicted, would be entitled to recover them from the convicted person.

(2) Where under subsection (1) the court has power on the conviction of a person to make an order against that person both under paragraph *(b)* and paragraph *(c)* thereof with reference to the stealing of the same goods, the court may make orders under both paragraphs, provided that the person in whose favour the orders are made does not thereby recover more than the value of those goods.

(3) Where under subsection (1) the court, on a person's conviction, makes an order under paragraph *(a)* thereof for the restoration of goods, and it appears to the court that the person convicted—

(a) has sold the goods to a person acting in good faith; or

(b) has borrowed money on the security of them from a person so acting,

the court may order that there shall be paid to the purchaser or the lender, out of any money of the person convicted which was taken out of his or her possession on his or her apprehension, a sum not exceeding the amount paid for the purchase by the purchaser or, as the case may be, the amount owed to the lender in respect of the loan.

(4) The powers conferred by subsection (3) may be exercised whether or not an application in that behalf is made to the court by or on behalf of any person claiming to be interested in the property concerned.

(5) The court shall not exercise the powers conferred by this section unless in its opinion the relevant facts appear from the evidence given at the trial or the available documents, together with admissions made by or on behalf of any person in connection with any proposed exercise of the powers.

(6) For the purpose of subsection (5), "the available documents" means any written statements or admissions which were made for use, and would have been admissible as evidence at the trial, the depositions taken at committal proceedings and written statements or admissions used as evidence in those proceedings.

(7) Where a person is committed to the High Court for sentence under the provisions of the Criminal Procedure (Committal for Sentence) Act, the powers conferred by this section shall be exercisable by the High Court and not by the Magistrate's Court, and the High Court shall be deemed to be the court before which such person is convicted.

*Criminal Code*

(8) Where an order is made under this section and the person convicted successfully appeals against the conviction of the offence on the basis of which the order was made, the order shall cease to have effect, and a person against whom such an order is made may appeal against the order as if it were part of the sentence imposed on the conviction for the offence.

## PART XV

### FORGERY, COINING AND COUNTERFEITING

### Definition of forgery

**248.** (1) For the purposes of this Code, forgery is the making of a false document in order that it may be used as genuine, and in the case of seals and dies referred to in this Part, the counterfeiting of a seal or die, and forgery with intent to defraud or deceive shall be punishable as in this Part provided.

(2) A document is false within the meaning of this Part if—

(a) the whole or any material part thereof purports to be made by or on behalf, or on account, of a person who did not make it or authorise its making;

(b) though made by or on behalf, or on account of the person by whom or by whose authority it purports to have been made, the time and place of making, where either is material, or in the case of a document identified by number or marks, the number of any distinguishing mark identifying the document, is falsely stated therein, and in particular, a document is false if—

(i) any material alteration, whether by addition, insertion, obliteration, erasure, removal or otherwise, has been made in the document;

(ii) the whole or some material part of it purports to have been made by, or on behalf of a fictitious or deceased person; or

(iii) though made in the name of an existing person, it is made by him or by his or her authority, with the intention that it should pass as having been made by some person, real or fictitious, other than the person who made or authorised it.

(3) A document may be a false document for the purposes of this Part notwithstanding that it is not false in such a manner as is described in subsection (2).

(4) For the purposes of this Part—

(a) it is immaterial in what language a document is expressed or in what place, whether within or without the Territory, it is expressed to take effect;

(b) forgery of a document may be complete even if the document when forged is incomplete, or is not or does not purport to be such a document as would be binding in law;

(c) the crossing on a cheque, draft on a banker, post office money order, postal order, coupon or other document the crossing of which is authorised or recognised by law, shall be a material part of such cheque, draft, order, coupon or document;

(d) "document" does not include a trade mark or other sign used in connection with articles of commerce, although written or printed;

(e) "currency note" includes notes (by whatever name called) which are legal tender in the country in which they are issued;

(f) "bank note" includes a note or bill of exchange of a person or body carrying on banking business in any part of the world.

## Intent to defraud

**249.** (1) An intent to defraud is presumed to exist if it appears that at the time when the false document was made there was in existence a specific person, ascertained or unascertained, capable of being defrauded thereby.

(2) The presumption in subsection (1) is not rebutted by proof that the offender took or intended to take measures to prevent the person from being defrauded in fact, nor by the fact that he or she had or thought they had a right to the thing to be obtained by the false document.

## Forgery of certain documents with intent to defraud

**250.** (1) A person who, with intent to defraud, forges any of the following documents, commits an offence and is liable on conviction on indictment to imprisonment for life—

(a) a will, codicil or other testamentary document, either of a dead or a living person, a probate or letters of administration, whether with or without the will annexed;

(b) a deed or bond, an assignment at law or equity of a deed or bond or an attestation of the execution of a deed or bond;

(c) a currency note, bank note, an endorsement on or assignment of a bank note.

(2) A person who, with intent to defraud, forges any of the following documents, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years—

(a) a valuable security or assignment thereof or endorsement thereon, or, where the valuable security is a bill of exchange, an acceptance thereof;

(b) a document of title to lands or an assignment thereof or endorsement thereon;

(c) a document of title to goods or an assignment thereof or endorsement thereon;

(d) a power of attorney or other authority—

(i) to transfer a share or interest in stock, annuity or public fund of a state or country;

*Criminal Code*

(ii) to transfer interest in the debt of a public body, company or society in any country or in the capital stock of such company or society; or

(iii) to receive a dividend or money payable in respect of such share or interest, or an attestation of any power of attorney or other authority;

(e) an entry in a book or register which is evidence of the title of a person to a share or interest such as is mentioned in this subsection, or to a dividend or interest payable in respect thereof;

(f) a policy of insurance or assignment thereof;

(g) a charter-party or assignment thereof.
                    *(Amended by Act 8 of 2006)*

### Forgery of certain documents with intent to defraud or deceive

**251.** (1) A person who, with intent to defraud or deceive, forges a document having thereon or affixed thereto the stamp or impression of the Great Seal of the United Kingdom, Her Majesty's Privy Seal, a privy signet of Her Majesty, Her Majesty's Royal Sign Manual, or any other of Her Majesty's official seals, or the seal or signature of the Governor, commits an offence and is liable on conviction on indictment to imprisonment for life.

(2) A person who, with intent to defraud or deceive, forges any of the following documents, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years—

(a) a register or record of births, baptisms, marriages, deaths, burials or cremations, which is by law authorised or required to be kept in the Territory, any part of the register or a certified copy of the register or part thereof;

(b) a copy of a register referred to in paragraph *(a)* directed or required by law to be transmitted to a registrar or other officer;

(c) a certified copy of a record or document purporting to be signed by an officer having charge of public records or documents in the Territory;

(d) a wrapper or label provided by or under the authority of a customs officer.

(3) A person who, with intent to defraud or deceive, forges any of the following documents, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years—

(a) an official document of or belonging to a court of justice, or made or issued by a judge, magistrate, justice of the peace, clerk or officer of that court;

(b) a register or book kept under the provisions of a law in or under the authority of a court of justice;

(c) a certificate, office copy or certified copy of such document, register or book, or any part thereof, as is mentioned in paragraph *(a)* or *(b)*;

*(d)* any other document which a judge, magistrate, or justice of the peace is authorised or required by law to make or issue;

*(e)* a document which a person authorised to administer an oath under a law in force in the Territory is authorised or required by law to make or issue;

*(f)* a document made or issued by the head of a department of Government or by the Attorney General or any other legal officer in the public service, or any document upon which, by law or usage in force at the time, a court of justice or public officer might act;

*(g)* a document or copy of a document used or intended to be used in evidence in a court of justice or a document which is made evidence by law;

*(h)* a certificate or consent required by a law relating to the celebration of marriage;

*(i)* a licence for the celebration of marriage authorised to be issued by a law relating to the celebration of marriage;

*(j)* a certificate, declaration or order under a law relating to the registration of births or deaths;

*(k)* a register, book, certificate, declaration, bill of sale, instrument or certificate of mortgage or sale under a law relating to merchant shipping, or an entry or endorsement required by such law to be made in or on any of those documents;

*(l)* a permit, certificate or similar document made or issued under the Customs Management and Duties Act;

*(m)* a official certificate not specified in this subsection;

*(n)* a copy of the *Gazette* or of an Act or Ordinance or subsidiary legislation made thereunder;

*(o)* a document purporting to be printed by the Government Printer.
*(Amended by Act 8 of 2006)*

## Forging or uttering forged court documents

**252.** A person who, being the clerk of a court or other officer having the custody of the records of a court, or a person acting on behalf of such clerk or officer—

*(a)* makes or utters a false process or a false copy or certificate of a record knowing the same to be false;

*(b)* delivers or causes to be delivered to any person a paper falsely purporting to be any such process or a copy thereof or to be a judgment, decree or order of a court, or a copy thereof, knowing the same to be false; or

*(c)* who acts or professes to act under any such false process knowing the same to be false, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

## Forging or uttering forged documents relating to registration of births, marriages and deaths

**253.** A person who knowingly and unlawfully inserts, or causes or permits to be inserted, in a register of births, baptisms, marriages, deaths or burials, which is by law authorised or required to be kept in the Territory, or in any certified copy thereof—

     *(a)* a false entry or any matter relating to a birth, baptism, marriage, death or burial;

     *(b)* knowingly gives a false certificate relating to any such occurrence;

     *(c)* certifies any writing to be a copy of or extract from the register, knowing such writing or the part of the register in which the copy or extract is given, is false in any material particular; or

     *(d)* offers, utters, disposes of or puts off the register, entry, certified copy or certificate or a copy thereof knowing the same to be false,

commits an offence and is liable on conviction on indictment to imprisonment for life. *(Amended by Act 8 of 2006)*

## Forgery of, and other offences relating to, passports

**254.** A person who—

     *(a)* forges a passport; or

     *(b)* makes a statement which to his or her knowledge is untrue, for the purpose of procuring the issue of a passport, whether for himself, herself or for another person;

     *(c)* alters a passport, whether by addition, insertion, obligation, erasure, removal or otherwise;

     *(d)* destroys, makes away with or by wilful neglect allows another person to obtain possession of, a passport;

     *(e)* is in unlawful possession of a passport or, being the lawful holder of a passport, parts with the possession of the passport to another person without lawful authority or for an unlawful purpose; or

     *(f)* on finding a passport, neglects or fails, within 7 days of the finding thereof, to deliver the passport to the Chief Immigration Officer or to the Officer in charge of the nearest Police Station,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

## Forgery of other documents with intent to defraud or deceive

**255.** (1) A person who, with intent to defraud or deceive, forges a public or private document which is not made an offence under any other provision of this Part, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

(2) For the purposes of this section, a person who certifies a document as being a true copy of, or extract from, any other document, knowing the same not to be a true copy or extract in a material respect, shall be deemed to have forged that copy or extract.

## Forgery of seals and dies

**256.** (1) A person who forges any of the following seals with intent to defraud or deceive, commits an offence and is liable on conviction on indictment to imprisonment for life—

> *(a)* the Great Seal of the United Kingdom, Her Majesty's Privy Seal, a privy signet of Her Majesty, Her Majesty's Royal Sign Manual, or any other of Her Majesty's seals or the seal of the Governor;
>
> *(b)* the seal of a court of justice.

(2) A person who forges any of the following seals or dies, with intent to defraud or deceive, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years—

> *(a)* the seal of a registry office relating to births, baptisms, marriages or deaths;
>
> *(b)* a seal of or belonging to an office for the registry of deeds or of title to land or an interest in land;
>
> *(c)* the seal of a notary public;
>
> *(d)* a die provided for, made or used by the Accountant General or an officer of customs;
>
> *(e)* a die which is or has by law, whether within the Territory or elsewhere, to be used for the marking or stamping of gold or silver plate or any articles made of or containing gold or silver;
>
> *(f)* a stamp or die made or used for the purposes of the Post Office Act or the Stamp Act.
>
> *(Amended by Act 8 of 2006)*

## Uttering forged document, etc.

**257.** (1) A person who knowingly, with intent to deceive or defraud, utters a forged document, seal or die, commits an offence and is liable on conviction to the same punishment as if he or she had himself or herself forged the document, seal or die.

(2) A person utters a forged document, seal or die, who, knowing the same to be forged, and with either of the intents necessary to constitute the offence of forging the document, seal or die in question, uses, offers, publishes, delivers, disposes of, tenders in payment or in exchange, exposes for sale or exchange, exchanges, tenders in evidence, or puts off the said forged document, seal or die.

(3) A person may be convicted in the Territory of an offence under subsection (1) whether the document, seal or die was forged within the Territory or elsewhere, if it was uttered in the Territory.

### Uttering cancelled or spent documents

**258.** A person who knowingly utters, as and for a subsisting and effectual document, a document which has by a lawful authority been ordered to be revoked, cancelled or suspended, or the operation of which has ceased by lapse of time, or by death or the happening of any other event, commits an offence and is liable on conviction to the same punishment as if he or she had himself or herself forged the document.

### Mode of trial *re.* uttering

**259.** A person who is charged with the offence of uttering a document, seal or die contrary to section 257(1) or 258 shall be tried in the same manner as he or she would have been tried if he or she were charged with forging that document, seal or die. *(Inserted by Act 8 of 2006)*

### Demanding property on forged document

**260.** A person who, with intent to defraud, demands, receives or obtains, or causes or procures to be delivered, paid or transferred to any person or endeavours to receive or obtain or to cause or procure to be delivered, paid or transferred to any person, money, security for money or other property, real or personal—

        *(a)* under, upon, or by virtue of any forged instrument, knowing the same to be forged; or

        *(b)* under, upon, or by virtue of any probate or letters of administration, knowing the will, testament, codicil or testamentary writing on which the probate or letters of administration have been obtained to have been forged, or knowing the probate or letters of administration to have been obtained by a false oath, affirmation or affidavit,

commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

### Possession of forged notes, documents seals or dies

**261.** (1) A person who, without lawful authority or excuse, the proof of which lies upon him or her, imports into the Territory, purchases or receives from any person, or has in his or her custody or possession a forged currency note or bank note, knowing the same to be forged, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

(2) A person who, without lawful authority or excuse, the proof which lies upon him or her, knowing the same to be forged, has in his or her custody or possession—

        *(a)* a forged die required or authorised by law (including the law of a country outside the Territory) to be used for the marking of gold or silver plate, or articles made of or containing gold or silver, or ware of gold or silver or base metal bearing the impression of any such forged die;

*(b)* a forged stamp or die resembling or purporting to represent a stamp or die made or used for the purposes of the Post Office Act or the Stamp Act; or

*(c)* a forged wrapper, label or authority resembling or purporting to represent a wrapper, label or authority provided by or under the authority of a customs officer or the Accountant General;

commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

(3) Where the having of a document, seal or die in the custody or possession of a person is an offence under this Part, the person shall be deemed to have that thing in his or her possession if—

*(a)* he or she has it in his or her personal custody or possession; or

*(b)* knowingly and wilfully, he or she has it in the actual custody or possession of another person, or in a place, whether open or closed, or a building or structure, whether belonging to or occupied by himself or herself or not.

(4) It is immaterial whether the thing is had in such custody, possession or place for the use of himself, herself or another person.

## Making or having possession of implements or materials for forgery

**262.** (1) A person who, without lawful authority or excuse, the proof of which lies upon him or her—

*(a)* makes, uses, or knowingly has in his or her custody or possession, a paper intended to resemble and pass as—

(i) special paper such as is provided and used for making a currency note, bank note or government bill; or

(ii) revenue paper;

*(b)* makes, uses, or knowingly has in his or her custody or possession, a frame, mould or instrument for making revenue paper or for producing in or on such paper words, figures, letters, marks, lines or devices peculiar to or used in or on such paper;

*(c)* engraves or in any manner makes on a substance or material words, figures, letters, marks, lines or devices, the print of which resembles in whole or in part words, figures, letters, marks, lines or devices peculiar to or used in or on a currency note or bank note, or in or on a document entitling or evidencing or purporting to entitle or evidence the title of any person to a share or interest in any public stock, annuity, fund or debt of a body corporate, company or society established in any country; or

*(d)* uses or knowingly has in his or her custody or possession paper upon which anything referred to in paragraph *(c)* has been printed or in any manner made as is mentioned in this subsection,

commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

*Criminal Code*

(2) In this section, "revenue paper" means paper provided by the proper authority for use for stamps, licences, permits, post office money orders, or for any purpose connected with the public revenue of the Territory or another country.

## Unauthorised possession of paper, etc. used for manufacture of currency notes

**263.** A person who, without lawful authority or excuse, the proof of which lies upon him or her, acquires, receives, or knowingly has in his or her custody or possession—

> (a) special paper or revenue paper referred to in section 262(1) before it has been duly stamped, signed and issued for public use;
>
> (b) die peculiarly used in the manufacture of such paper;
>
> (c) a facsimile of the signature on, or the design of, any currency note which is legal tender in the Territory; or
>
> (d) a unfinished or incomplete currency note purporting to be similar to a currency note which is legal tender in the Territory,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

## Interpretation of terms relating to coining offences

**264.** For the purposes of this Part—

> (a) a coin shall be deemed to be current if at the material time it is legal tender in the Territory or elsewhere;
>
> (b) a coin apparently intended to resemble or pass as a current coin shall be deemed to resemble that coin;
>
> (c) a current coin which has been gilt, silvered, washed, coloured or cased over, or in any manner altered so as to resemble any current coin of a higher denomination shall be deemed to be a false or counterfeit coin resembling a current gold or silver coin;
>
> (d) references to silver coin shall be deemed to include coin of cupro nickel;
>
> (e) a thing shall be deemed to be in the possession of a person if—
>
>> (i) he or she has it in his or her personal custody or possession; or
>>
>> (ii) knowingly and wilfully, he or she has it in the actual custody or possession of another person or in any place, whether open or enclosed, or a building or structure, whether belonging to or occupied by himself or herself or not, and

it is immaterial whether the thing is had in such custody, possession or place for the use of himself, herself or another.

## Counterfeiting coin

265. (1) A person who falsely makes or counterfeits any coin resembling a current coin, commits an offence and is liable on conviction on indictment—

> (a) in the case where the coin resembles a current gold or silver coin, to imprisonment for life; and

> (b) in the case where the coin resembles a current coin made of metal other than gold or silver, to imprisonment for a term not exceeding 7 years.
> *(Amended by Act 8 of 2006)*

(2) The offence of falsely making or counterfeiting a coin is deemed to be complete although the coin made or counterfeiting thereof has not been finished or perfected.

## Impairing, etc., current coin

266. (1) A person who impairs, diminishes or lightens a current gold or silver coin with intent that the coin so impaired, diminished or lightened may pass for a current gold or silver coin, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years.

(2) A person who unlawfully has in his or her possession any filing or clipping, or gold or silver bullion, or gold or silver dust, solution or otherwise, which has been produced or otherwise obtained by impairing, diminishing or lightening current gold or silver coin, knowing that it has been so produced or obtained, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years.
*(Amended by Act 8 of 2006)*

## Uttering and possession of coin with intent to utter

267. (1) A person who tenders, utters or puts off any false or counterfeit coin resembling current gold or silver coin, knowing it to be false or counterfeit, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

(2) A person who tenders, utters or puts off false counterfeit coin resembling current gold or silver coin, knowing it to be false or counterfeit, and—

> (a) at the time of the tendering, uttering or putting off, has in his or her possession, beside that coin, any other false or counterfeit coin, or

> (b) at the date of the tendering, uttering or putting off, or within the period of 10 days next following that date, tenders, utters or puts off any other such false or counterfeit coin, knowing it to be false or counterfeit,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years or to a fine not exceeding $2,000, or both. *(Amended by Act 8 of 2006)*

(3) A person who has in his or her possession 3 or more false or counterfeit coins resembling current gold or silver coin, knowing them to be false or counterfeit, and with intent to utter or put off those coins, or any of them, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years. *(Amended by Act 8 of 2006)*

(4) A person who has in his or her possession 3 or more false or counterfeit coins resembling current coin not made of gold or silver, knowing them to be false or counterfeit, and with intent to utter or put off those coins, or any of them, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

(5) A person who commits—

    *(a)* an offence under subsection (1) in respect of a coin resembling a current gold or silver coin; or

    *(b)* an offence under subsection (2) or (3),

having previously been convicted of any such offence or of any other offence under this Part, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years. *(Amended by Act 8 of 2006)*

(6) A person who, with intent to defraud, tenders, utters or puts off as for a current gold or silver coin—

    *(a)* a coin not being that current coin and being of less value than that current coin; or

    *(b)* a metal or piece of metal or mixed metals resembling in size, figure or colour that current coin,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

(7) The offence of tendering, uttering or putting off a false or counterfeit coin is deemed to be complete although the coin is not in a fit state to be uttered or the counterfeiting thereof has not been finished or perfected.

## Dealing in counterfeit coin

**268.** (1) A person who, without lawful authority or excuse, the proof of which lies on him or her, buys, sells, receives, pays or puts off, or offers to buy, sell, receive, pay or put off, a false or counterfeit coin resembling a current coin at or for a lower rate of value than the false or counterfeit coin imports or apparently is intended to import, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

(2) An offence under this section shall be deemed to be complete although the coin involved in the offence is not in a fit state to be uttered or the counterfeiting thereof has not been finished or perfected.

## Importing and exporting counterfeit coin

**269.** (1) A person who, without lawful authority or excuse, the proof of which lies on him or her—

    *(a)* imports or receives into the Territory a false or counterfeit coin resembling a current coin, knowing it to be false or counterfeit; or

    *(b)* exports from the Territory, or puts on board an aircraft or vessel for the purpose of being so exported, a false or counterfeit coin resembling a current coin, knowing it to be false or counterfeit,

commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

(2) The provisions of this section shall be without prejudice to provisions of a law relating to customs under which there is a prohibition of importation or exportation of false or counterfeit coin, currency or metal tokens resembling coin, or coin which is not of the established standard in weight or fineness.

## Making, possessing and selling articles resembling gold or silver coin

**270.** A person who, without lawful authority or excuse, the proof of which lies on him or her, makes, sells, offers for sale or has in his or her possession for sale, medal, cast, coin or other thing made wholly or partially of metal or a mixture of metals—

    *(a)* resembling in size, figure and colour current gold or silver coin;

    *(b)* having thereon a device resembling a device on a current coin; or

    *(c)* being so formed that it can, by gilding, silvering, colouring, washing or other like process be so dealt with as to resemble a current coin,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year. *(Amended by Act 8 of 2006)*

## Making, possessing, etc., implements for coining

**271.** (1) A person who, without lawful authority or excuse, the proof of which lies on him or her, knowingly makes or mends, or begins to make or mend, or buys or sells, or has in his or her possession, a puncheon, counter puncheon, matrix, stamp, die, pattern or mould in or upon which there is made or impressed, or which will make or impress, or which is adapted and intended to make or impress, the figure, stamp, or apparent resemblance of both or either of the sides of a current gold or silver coin, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years.

(2) A person who, without lawful authority or excuse, the proof of which lies on him or her, makes or mends, or begins to make or mend, or buys or sells, or has in his or her possession—

    *(a)* an edger, edging or other tool, collar, instrument or engine adapted and intended for the marking of coin round the edges with letters, grainings or other marks or figures apparently resembling those on the edges of a current gold or silver coin, knowing it to be so adapted and intended; or

*Criminal Code*

    *(b)* a press for coinage, or a cutting engine for cutting by force of a screw, or of a contrivance, round blanks out of gold, silver or other metal or mixture of metals, or any other machine, knowing the press to be a press for coinage or knowing the engine or machine to have been used or to be intended to be used for the false making or counterfeiting of a current gold or silver coin,

commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years.

    (3) A person who, without lawful authority or excuse, the proof of which lies on him or her, knowingly makes or mends, or begins to make or mend, or buys or sells or has in his or her possession, an instrument, tool or engine adapted and intended for the counterfeiting of a current coin, which is not a current gold or silver coin, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years.

*(Amended by Act 8 of 2006)*

### Defacing and uttering defaced coins

**272.** (1) A person who defaces a current coin by stamping thereon names or words, whether or not the coin is thereby diminished or lightened, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

    (2) A tender of payment in money made in a coin which has been defaced as is mentioned in subsection (1) is not legal tender.

    (3) A person who tenders, utters or puts off a coin which has been defaced as is mentioned in subsection (1), commits an offence and is liable on summary conviction to a fine not exceeding $100. *(Amended by Act 8 of 2006)*

    (4) No proceedings for an offence under this section shall be instituted without the consent of the Director of Public Prosecutions.

### Melting down currency

**273.** A person who melts down, breaks up or uses otherwise than as currency, a current coin which is legal tender in the Territory, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

### Mutilating or defacing currency notes

**274.** A person who, without lawful authority or excuse, the proof of which lies on him or her , mutilates, perforates or in any way defaces a currency note or blank note, which is legal tender in the Territory, whether by writing, printing, drawing or stamping thereon, or by attaching or affixing thereto anything in the nature or form of an advertisement, commits an offence and is liable on summary conviction to a fine not exceeding $200. *(Amended by Act 8 of 2006)*

### Imitation of currency

**275.** (1) A person who, without lawful authority or excuse, the proof of which lies on him or her, sells or offers or exposes for sale any article which bears a

design in imitation of a currency note, blank note or coin which is legal tender in
the Territory or elsewhere, commits an offence and is liable on summary
conviction to imprisonment for a term not exceeding 6 months or to a fine not
exceeding $500, or both. *(Amended by Act 8 of 2006)*

(2) A person who makes or causes to be made, or uses for any purpose, a
document purporting to be, or in any way resembling, or so nearly resembling as
to be calculated to deceive, a currency note which is legal tender in the Territory
or elsewhere, commits an offence and is liable on summary conviction to
imprisonment for a term not exceeding 6 months or to a fine not exceeding $500
in respect of each such document. *(Amended by Act 8 of 2006)*

(3) A person whose name appears on a document the making of which is
an offence under this section who, when requested so to do by a police officer,
refuses to disclose the name and address of the person by whom it was made,
commits an offence and is liable on summary conviction to a fine not exceeding
$200. *(Amended by Act 8 of 2006)*

(4) Where the name of a person appears on a document in respect of
which a person is liable to be charged with an offence under this section, or on
any other document used or distributed in connection with that document, it shall
be *prima facie* evidence that that person caused the document to be made.

### Forfeiture of articles used in relation to offences under this Part

**276.** Where a forged bank note, currency note, counterfeit coin or machinery,
implement, utensil or material used or intended to be used for the forging of a
bank note or currency note or for counterfeiting a coin, is seized under a search
warrant or by a police officer—

      *(a)* it shall be forfeited by order of the court before which the
           offender is tried; or

      *(b)* if there is no trial, by order of the court issuing the search warrant,
           or in the case of seizure by a police officer, otherwise than in
           exercise of powers conferred by a court, shall be disposed of in
           such manner as the Governor, or any person authorised by him or
           her in that behalf, may direct and shall be deemed forfeited.

## PART XVI

### PERSONATION

### Personation in general

**277.** (1) A person who, with intent to defraud another person, falsely
represents himself or herself to be some other person, living or dead and whether
fictitious or not, commits an offence and is liable on summary conviction to
imprisonment for a term not exceeding one year or to a fine not exceeding
$1,000, or both. *(Amended by Act 8 of 2006)*

(2) If the representation under subsection (1) is that the person making
the representation is a person entitled, by will or operation of law, to a specific
property and is made in order to obtain such property or possession thereof, the

*Criminal Code*

person is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

### Lending, or personating person named in, certificate, etc.

**278.** (1) A person who utters a document which has been issued by a lawful authority to another person, whereby that other person is certified to be—

> *(a)* a person possessed of a qualification recognised by law for a purpose;
>
> *(b)* the holder of an office;
>
> *(c)* entitled to exercise a profession, trade or business;
>
> *(d)* entitled to a right or privilege or to enjoy a rank or status,

and falsely represents himself or herself to be the person named in the document, commits an offence of the same kind and is liable on conviction on indictment to the same punishment as if he or she had forged the document.

(2) A person to whom a document has been issued by lawful authority certifying him or her to be—

> *(a)* a person possessed of a qualification recognised by law for a purpose;
>
> *(b)* the holder of an office;
>
> *(c)* entitled to exercise a profession, trade or business;
>
> *(d)* entitled to a right or privilege, or to enjoy a rank or status,

sells, gives or lends the document to another person with intent that that other person may represent himself or herself to be the person named therein, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years.

*(Amended by Act 8 of 2006)*

### Personation in respect of a testimonial

**279.** (1) A person who, for the purpose of obtaining employment for himself or herself, utters any document of a testimonial character given to another person, falsely pretending that he or she is the person named in the document, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both.

(2) A person who, being a person to whom a document of a testimonial character has been given, gives, sells or lends such document to another person with the intent that the other person may utter the document for the purpose of obtaining employment for himself or herself or for another, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both.

*(Amended by Act 8 of 2006)*

### Falsely acknowledging recognizances, etc.

**280.** A person who, without lawful authority or excuse, the proof of which lies upon him or her, makes in the name of another person, before a court or person

authorised by law to take such acknowledgement, an acknowledgment of liability of any kind, or an acknowledgment of a deed or other instrument, commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 7 years. *(Amended by Act 8 of 2006)*

## PART XVII

### CRIMINAL DAMAGE AND SIMILAR OFFENCES

### Destroying or damaging property

**281.** (1) A person who, without lawful excuse, destroys or damages property belonging to another intending to destroy or damage such property, or being reckless as to whether the property would be destroyed or damaged, commits an offence.

(2) A person commits an offence if he or she, without lawful excuse, destroys or damages property, whether belonging to himself, herself or another—

    *(a)* intending to destroy or damage property, or being reckless as to whether property would be destroyed or damaged; and

    *(b)* intending by the destruction or damage to endanger the life of another, or being reckless as to whether the life of another would thereby be endangered.

(3) An offence committed under this section by destroying or damaging property by fire shall be charged as arson.

(4) A person who commits arson under subsection (1) or an offence under subsection (2) is liable on conviction on indictment to imprisonment for life, and a person who commits any other offence under this section is liable—

    *(a)* on summary conviction to imprisonment for a term not exceeding 5 years; or

    *(b)* on conviction on indictment to imprisonment for a term not exceeding 10 years.

*(Substituted by Act 8 of 2006)*

### Threats to destroy or damage property

**282.** (1) A person who, without lawful excuse, makes to another a threat, intending that that other would fear that it would be carried out—

    *(a)* to destroy or damage property belonging to that other or a third person; or

    *(b)* to destroy or damage his or her own property in a way which he or she knows is likely to endanger the life of that other or a third person,

commits an offence.

*(Amended by Act 8 of 2006)*

(2) A person who commits an offence under subsection (1) is liable—

    *(a)* on summary conviction to imprisonment for a term not exceeding 3 years; and

    *(b)* on conviction on indictment for a term not exceeding 10 years.
        *(Inserted by Act 8 of 2006)*

## Possessing anything with intent to destroy or damage property

**283.** (1) A person who has anything in his or her custody or under his or her control intending, without lawful excuse, to use it or cause or permit another to use it—

    *(a)* to destroy or damage property belonging to some other person; or

    *(b)* to destroy or damage property, whether belonging to himself herself, or another, in a way which he or she knows is likely to endanger the life of some other person,

commits an offence.

        *(Amended by Act 8 of 2006)*

(2) A person who commits an offence under subsection (1) is liable—

    *(a)* on summary conviction to imprisonment for a term not exceeding 3 years; and

    *(b)* on conviction on indictment for a term not exceeding 10 years.
        *(Inserted by Act 8 of 2006)*

## Without lawful excuse

**284.** (1) This section applies to an offence under section 281, and an offence under section 282 or 283 other than one involving a threat by the person charged to destroy or damage property in a way which he or she knows is likely to endanger the life of another, or involving an intent by the person charged to use or permit the use of something in his or her custody or under his or her control so to destroy or damage property.

    (2) A person charged with an offence to which this section applies, whether or not he or she would be treated for the purposes of this Part as having a lawful excuse apart from this subsection, shall be treated for those purposes as having a lawful excuse—

    *(a)* if at the time of the act alleged to constitute the offence he or she believed that the person whom he or she believed to be entitled to consent to the destruction of or damage to the property in question had so consented, or would have so consented to it if he or she had known of the destruction or damage and its circumstances; or

    *(b)* if he or she—

        (i) destroyed or damaged or threatened to destroy or damage the property in question; or

        (ii) in the case of a charge of an offence under section 267, intended to use or cause or permit the use of something to

*Criminal Code*  121

destroy or damage it, in order to protect property belonging to himself, herself, or another, or a right or interest in property which was, or which he or she believed to be, vested in himself, herself or another, and at the time of the acts alleged to constitute the offence he or she believed

(A) that the property, right or interest was in immediate need of protection; and

(B) that the means of protection adopted or proposed to be adopted were or would be reasonable having regard to all the circumstances.

(3) For the purposes of this section, it is immaterial whether a belief is justified or not if it is honestly held.

(4) For the purposes of subsection (2), a right or interest in property includes any right or privilege in or over land, whether created by grant, licence or otherwise.

(5) This section shall not be construed as casting doubt on any defence recognised by law as a defence to a criminal charge.

## "Property"

285. (1) For the purposes of this Part—

(a) "property" means property of a tangible nature, whether real or personal, including money, growing crops, trees and other vegetable products and wild creatures which have been tamed or are ordinarily kept in captivity and any other wild creatures or their carcasses if they have been reduced into possession which has not been lost or abandoned, or are in the course of being reduced into possession;

(b) property shall, subject to paragraph (c), be treated as belonging to a person—

(i) having the custody of it;

(ii) having in it a proprietary right or interest (not being an equitable interest arising only from an agreement to transfer or grant an interest); or

(iii) having a charge on it;

(c) a tenant, under whatever form of tenure, may be convicted of an offence under this Part in respect of the property of his or her landlord notwithstanding that at the time of the offence the tenant had the custody of such property;

(d) placing in or allowing a noxious substance to enter, a pond, river, well or watercourse shall be deemed to cause damage to the property of the owner or of any other person who has a right to use that pond, river, well or watercourse for any purpose.

(2) Where property is subject to a trust, the person to whom it belongs shall be deemed to include any person having a right to enforce the trust.

(3) Property of a corporation sole shall be treated as belonging to the corporation notwithstanding a vacancy in the corporation.

### Award of compensation in case of a conviction of an offender under section 281

**286.** On conviction of any person of an offence of destroying or damaging the property of another under section 281, the court may make a compensation order requiring him or her to pay compensation in respect of an injury, loss or damage arising from the offence.

### Powers of search

**287.** (1) Without prejudice to the power to issue a search warrant under any law, if it is made to appear by information on oath before a magistrate or a justice of the peace that there is reasonable cause to believe that any person has in his or her custody or under his or her control or on his or her premises anything which there is reasonable cause to believe is intended for use without lawful excuse—

> *(a)* to destroy or damage property belonging to another; or

> *(b)* to destroy or damage property in a way likely to endanger the life of another,

the magistrate or the justice of the peace, as the case may be, may grant a warrant authorising a police officer to search for and seize that thing.

(2) A police officer who is authorised to search premises under a warrant issued under this section may enter, if necessary by force, and search the premises accordingly and may seize anything which he or she believes to be intended to be used as mentioned in subsection (1).

### Casting away ships, etc.

**288.** A person commits an offence and is liable on conviction on indictment to imprisonment for life, if he or she wilfully and unlawfully—

> *(a)* casts away or destroys an aircraft, vehicle or vessel, whether or not the same is in a complete state; or

> *(b)* does an act which leads to the immediate loss or destruction of any aircraft, vehicle or vessel, whether or not the same is in a complete state.

> *(Amended by Act 8 of 2006)*

## PART XVIII

### COMPUTER AND COMPUTER-RELATED OFFENCES

### Definitions

**289.** In this Part, unless the context otherwise requires—

"computer data" means any representation of facts, information or concepts in a form suitable for processing in a computer system, including a programme suitable to cause a computer system to perform a function;

"computer data storage medium" means an article or material from which information is capable of being reproduced, with or without the aid of any other article or device;

"computer system" means a device or a group of inter-connected or related devices, including the Internet, one or more of which, pursuant to a programme, performs automatic processing of data or any other function;

"seize" includes—

(a) make and retain a copy of computer data, including by using on-site equipment;

(b) render inaccessible, or remove, computer data in the accessed computer system; and

(c) take a printout of output of computer data;

"service provider" means—

(a) a public or private entity that provides to users of its services the ability to communicate by means of a computer system; and

(b) any other entity that processes or stores computer data on behalf of that entity or those users;

"thing" includes—

(a) a computer system or part of a computer system; and

(b) another computer system, if—

(i) computer data from that computer system is available to the first computer system being searched;

(ii) there are reasonable grounds for believing that the computer data sought is stored in the other computer system; and

(c) a computer data storage medium; and

"traffic data" means computer data that—

(a) relates to a communication by means of a computer system;

(b) is generated by a computer system that is part of the chain of communication; and

(c) shows the communication's origin, destination, route, time, date, size, duration or the type of underlying services.

*(Inserted by Act 3 of 2007)*

## Application of Part

**290.** This Part applies to an act done or an omission made—

    *(a)* in the Virgin Islands;

    *(b)* on a ship or aircraft registered in the Virgin Islands;

    *(c)* outside the jurisdiction of any country by a person who is deemed to belong to, or is resident in, the Virgin Islands; or

    *(d)* outside the Virgin Islands by a person who is deemed to belong to, or is resident in, the Virgin Islands, if the person's conduct would also constitute an offence under a law of the country where the offence was committed.

*(Inserted by Act 3 of 2007)*

## Illegal access

**291.** A person who intentionally, without lawful excuse or justification, accesses the whole or part of a computer system commits an offence and is liable—

    *(a)* on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $7,000, or both; or

    *(b)* on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding $10,000, or both.

*(Inserted by Act 3 of 2007)*

## Interfering with data

**292.** (1) A person who, intentionally or recklessly, without lawful excuse or justification, does any of the following acts—

    *(a)* destroys or alters computer data;

    *(b)* renders computer data meaningless, useless or ineffective;

    *(c)* obstructs, interrupts or interferes with the lawful use of computer data;

    *(d)* obstructs, interrupts or interferes with any person in the lawful use of computer data; or

    *(e)* denies access to computer data to any person entitled to it,

commits an offence and is liable—

    (i) on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $7000, or both; or

    (ii) on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding $10,000, or both.

    (2) Subsection (1) applies whether the person's act is of temporary or permanent effect.

*(Inserted by Act 3 of 2007)*

## Interfering with computer system

**293.** (1) A person who intentionally or recklessly, without lawful excuse or justification—

      *(a)* hinders or interferes with the functioning of a computer system; or

      *(b)* hinders or interferes with a person who is lawfully using or operating a computer system,

commits an offence and is liable—

      (i) on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $7,000, or both; or

      (ii) on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding $10,000, or both.

(2) In subsection (1), "hinder", in relation to a computer system, includes, but is not limited to—

      *(a)* cutting the electricity supply to a computer system;

      *(b)* causing electromagnetic interference to a computer system;

      *(c)* corrupting a computer system by any means; and

      *(d)* inputting, deleting or altering computer data.

      *(Inserted by Act 3 of 2007)*

## Illegal interception of data, etc.

**294.** A person who intentionally, without lawful excuse or justification, intercepts by technical means—

      *(a)* non-public transmission to, from or within, a computer system; or

      *(b)* electromagnetic emissions from a computer system that are carrying computer data,

commits an offence and is liable—

      (i) on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $7,000, or both; or

      (ii) on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding $10,000, or both.

      *(Inserted by Act 3 of 2007)*

## Dissemination of unlawfully acquired computer data

**295.** A person who receives computer data knowing, or having a reasonable suspicion, that the computer data was unlawfully acquired and who provides that computer data to another person for any purpose, other than for the purpose of a criminal investigation or court proceedings, commits an offence and is liable—

      *(a)* on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $7,000, or both; or

    (b) on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding $10,000, or both.

                *(Inserted by Act 3 of 2007)*

## Illegal devices

**296.** (1) A person commits an offence if the person—

    (a) intentionally or recklessly, without lawful excuse or justification, produces, sells, procures for use, imports, exports, distributes or otherwise makes available—

        (i) a device, including a computer programme, that is designed or adapted for the purpose of committing an offence under sections 291 to 295; or

        (ii) a computer password, access code or similar data by which the whole or any part of a computer system is capable of being accessed, with the intent that it be used by any person for the purpose of committing an offence under sections 291 to 295; or

    (b) has an item mentioned in paragraph *(a)*(i) or (ii) in his or her possession with the intent that it be used by any person for the purpose of committing an offence under sections 291 to 295.

(2) A person who commits an offence under subsection (1) is liable—

    (a) on summary conviction, to imprisonment for a term not exceeding 3 years or to a fine not exceeding $7,000, or both; or

    (b) on conviction on indictment, to imprisonment for a term not exceeding 5 years or to a fine not exceeding $10,000, or both.

(3) A person who possesses more than one item mentioned in subsection (1)*(a)*(i) or (ii), is deemed to possess the item with the intent that it be used by a person for the purpose of committing an offence under sections 291 to 295, unless the contrary is proved.

                *(Inserted by Act 3 of 2007)*

## Search and seizure warrants

**297.** If a magistrate is satisfied on the basis of an information on oath that there are reasonable grounds to suspect that there may be in a place a thing or computer data—

    (a) that may be material as evidence in proving an offence; or

    (b) that has been acquired by a person as a result of an offence,

the magistrate may issue a warrant authorising a police officer, with such assistance as may be necessary, to enter the place to search and seize the thing or computer data.

                *(Inserted by Act 3 of 2007)*

## Assisting police

**298.** (1) A person who is in possession or control of a computer data storage medium or computer system that is the subject of a search under section 297, shall permit, and assist if required, the person making the search to—

    *(a)* access and use a computer system or computer data storage medium to search computer data available to or in the system;

    *(b)* obtain and copy that computer data;

    *(c)* use equipment to make copies; and

    *(d)* obtain an intelligible output from a computer system in a plain text format that can be read by a person.

(2) A person who fails, without lawful excuse or justification, to comply with subsection (1) commits an offence and is liable, on summary conviction, to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500, or both.

*(Inserted by Act 3 of 2007)*

## Record of and access to seized data

**299.** (1) If a computer system or computer data has been removed or rendered inaccessible, following a search or a seizure under section 297, the person who made the search shall, at the time of the search or as soon as practicable after the search—

    *(a)* make a list of what has been seized or rendered inaccessible, with the date and time of seizure; and

    *(b)* give a copy of that list to—

        (i) the occupier of the premises; or

        (ii) the person in control of the computer system.

(2) Subject to subsection (3), on request, a police officer or another authorised person shall—

    *(a)* permit a person who had the custody or control of the computer system, or someone acting on their behalf to access and copy computer data on the system; or

    *(b)* give the person a copy of the computer data.

(3) The police officer or another authorised person may refuse to give access or provide copies if he or she has reasonable grounds for believing that giving the access, or providing the copies—

    *(a)* would constitute a criminal offence; or

    *(b)* would prejudice—

        (i) the investigation in connection with which the search was carried out;

        (ii) another ongoing investigation; or

(iii) criminal proceedings that are pending or that may be brought in relation to any of those investigations.

*(Inserted by Act 3 of 2007)*

### Production of data

**300.** If a magistrate is satisfied on the basis of an application by a police officer that specified computer data, or a printout or other information, is reasonably required for the purpose of a criminal investigation or criminal proceedings, the magistrate may order that—

> *(a)* a person in the Virgin Islands, who is in control of a computer system, produce from the system specified computer data or a printout or other intelligible output of that data;

> *(b)* an Internet service provider in the Virgin Islands produce information about persons who subscribe to, or otherwise use, the service; or

> *(c)* a person in the Virgin Islands, who has access to a specified computer system, process and compile specified computer data from the system and give it to a specified person.

> *(Inserted by Act 3 of 2007)*

### Disclosure of stored traffic data

**301.** If a magistrate is satisfied on the basis of an *ex parte* application by a police officer that specified data stored in a computer system is reasonably required for the purpose of a criminal investigation or criminal proceedings, the magistrate may order that a person in control of the computer system disclose sufficient traffic data about a specified communication to identify—

> *(a)* the service providers; and

> *(b)* the path through which the communication was transmitted.

> *(Inserted by Act 3 of 2007)*

### Preservation of data

**302.** (1) If a police officer is satisfied that—

> *(a)* data stored in a computer system is reasonably required for the purposes of a criminal investigation; and

> *(b)* there is a risk that the data may be destroyed or rendered inaccessible,

the police officer may, by written notice given to a person in control of the computer system, require the person to ensure that the data specified in the notice be preserved for a period of up to 7 days as specified in the notice.

(2) The period may be extended beyond 7 days if, on an *ex parte* application, a magistrate authorises an extension for a further specified period of time.

*(Inserted by Act 3 of 2007)*

## Interception of traffic data

**303.** (1) If a police officer is satisfied that traffic data associated with a specified communication is reasonably required for the purposes of a criminal investigation, the police officer may, by written notice given to a person in control of such data, request that person to—

> *(a)* collect or record traffic data associated with a specified communication during a specified period; and

> *(b)* permit and assist a specified police officer to collect or record that data.

(2) A person who fails, without lawful excuse or justification, to comply with a request under subsection (1) commits an offence and is liable, on summary conviction, to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500, or both.

(3) If a magistrate is satisfied on the basis of an information on oath that there are reasonable grounds to suspect that traffic data is reasonably required for the purposes of a criminal investigation, the magistrate may authorise a police officer to collect or record, through application of technical means, traffic data associated with a specified communication during a specified period.

*(Inserted by Act 3 of 2007)*

## Evidence

**304.** In proceedings for a criminal offence, the fact that—

> *(a)* it is alleged that an offence of interfering with a computer system has been committed; and

> *(b)* evidence has been generated from that computer system,

does not itself prevent that evidence from being admitted.

*(Inserted by Act 3 of 2007)*

## Confidentiality and limitation of liability

**305.** (1) An Internet service provider or an employee of an Internet service provider who, without lawful authority, discloses—

> *(a)* the fact that a warrant, order, notice, extension or other decision has been issued, made or granted under section 297, 300, 301, 302 or 303;

> *(b)* anything done under the warrant, order, notice, extension or other decision; or

> *(c)* data collected or recorded under the order,

commits an offence and is liable, on summary conviction, to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500, or both.

(2) An Internet service provider or an employee of an Internet service provider is not liable in criminal or civil proceedings for the disclosure of data or other information that he discloses under section 298, 300, 301 or 303.

*(Inserted by Act 3 of 2007)*

PART XIX

CRIMINAL LIBEL

## Libel

**306.** (1) Subject to the other provisions of this Part, a person who, by printing, writing, painting, effigy or by any other means in a permanent form and otherwise than solely by gestures, spoken words or sounds, unlawfully publishes defamatory matter concerning another person with intent to defame that other person, commits the offence of libel and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

(2) Notwithstanding subsection (1), for the purposes of this Part, the broadcasting of words by means of wireless telegraphy shall be treated as publication in a permanent form.

(3) A prosecution for an offence under this section shall not be instituted except by, or with the consent of, the Director of Public Prosecutions.

## Definition of defamatory matter

**307.** (1) Defamatory matter is matter likely to injure the reputation of a person by exposing him or her to hatred, contempt or ridicule, or likely to damage a person in his or her profession or trade by an injury to his or her reputation or to disturb the peace of the community.

(2) It is not necessary for libel that a defamatory meaning should be directly or completely expressed, and it suffices if such meaning and its application to the person alleged to be defamed can be collected either from the alleged libel itself or from any extrinsic circumstances, or partly from one and partly from the other.

## Definition of publication

**308.** A person publishes a libel if he or she causes the medium by which the defamatory matter is conveyed to be so dealt with or used that the defamatory meaning thereof becomes known or is likely to become known either to the person defamed or to any other person.

## Definition of unlawful publication

**309.** A publication of defamatory matter concerning a person is unlawful within the meaning of this Part, unless—

         *(a)* the matter is true and it was for the public benefit that it should be published; or

         *(b)* it is privileged on one of the grounds hereafter in this Part mentioned.

## Absolute privilege

**310.** (1) The publication of defamatory matter is absolutely privileged, and no person shall under any circumstances be liable to punishment under this Code in respect thereof, in any of the following cases—

   *(a)* if the matter is published by the Governor or by the House of Assembly in any official document or proceeding;

   *(b)* if the matter is published in the House of Assembly by the Governor or by any member of the House of Assembly;

   *(c)* if the matter is published by order of the Governor;

   *(d)* if the matter is published concerning a person subject for the time being to naval, military, airforce or police discipline, and relates to his or her conduct as a person subject to such discipline and is published by some person having authority over him or her in respect of such conduct, and to some person also having authority over him or her in respect of such conduct;

   *(e)* if the matter is published in the course of any judicial proceeding by a person taking part therein as a judge, magistrate, justice of the peace, commissioner, barrister-at-law, juror, assessor, arbitrator, referee, witness or party thereto;

   *(f)* if the matter published is in fact a fair report of anything said, done or published in the House of Assembly; or

   *(g)* if the person publishing the matter does so in pursuance of a duty imposed by law.

   (2) For the purposes of this section, references to the House of Assembly shall be deemed to include any committee of the House of Assembly.

   (3) Where a publication is absolutely privileged, it is immaterial for the purposes of this Part, whether the matter be true or false, and whether it be or be not known or believed to be false, and whether it be or be not published in good faith.

## Conditional privilege

   **311.** A publication of defamatory matter is privileged if it was published in good faith, if the relation between the parties by and to whom the publication is made is such that the person publishing the matter is under some legal, moral or social duty to publish it to the person to whom the publication is made, or has a legitimate personal interest in so publishing it, and provided that the publication does not exceed either in extent or matter what is reasonably sufficient for the occasion, in any of the following cases—

   *(a)* if the matter published is in fact a fair report of anything said, done or shown in a civil or criminal inquiry or proceeding done before a court, except that if the court prohibits the publication of anything said or shown before it, on the grounds that it is seditious, immoral or blasphemous, the publication thereof shall not be privileged;

   *(b)* if the matter published is a copy by reproduction, or in fact a fair abstract or summary, of a matter which has been previously published, and the previous publication of which was or would have been privileged under section 310;

   *(c)* if the matter is an expression of opinion in good faith as to the conduct of a person in a judicial, official or other public capacity,

*Criminal Code*          LAW OF
VIRGIN ISLANDS
Revision Date: 30 June 2013

or as to his or her personal character so far as it appears in such conduct;

(d) if the matter is an expression of opinion in good faith as to the conduct of a person in relation to a public question or matter, or as to his or her personal character so far as it appears in such conduct;

(e) if the matter is an expression of opinion in good faith as to the conduct of a person as disclosed by evidence given in a legal proceeding held in public, whether civil or criminal, or as to the conduct of a person as a party, witness or otherwise in any such proceeding, or as to the character of a person so far as it appears in such conduct;

(f) if the matter is an expression of opinion in good faith as to the merits of a book, writing, painting, speech or other work, performance or act published or publicly done or made or submitted by a person to the judgment of the public, or as to the character of a person so far as it appears therein;

(g) if the matter is a censure passed by a person in good faith on the conduct of another person in a matter in respect of which he or she has authority, by contract or otherwise, over the other person, or on the character of the other person so far as it appears in such conduct;

(h) if the matter is a complaint or accusation made by a person in good faith against another person in respect of his or her conduct in a matter, or in respect of his or her character so far as it appears in such conduct, to a person having authority by law to inquire into or receive complaints respecting such conduct or matter; or

(i) if the matter is published in good faith for the protection of the rights or interests of the person who publishes it, the person to whom it is published, or of some person in whom the person to whom it is published is interested.

**Explanation as to good faith**

**312.** A publication by a person of defamatory matter shall not be deemed to have been made in good faith, within the meaning of section 311, if it is made to appear—

(a) that the matter was untrue and that he or she did not believe it to be true;

(b) that the matter was untrue and that he or she published it without taking reasonable care to ascertain whether it was true or false; or

(c) that in publishing the matter, he or she acted with intent to injure the person defamed in a substantially greater degree or substantially otherwise than was reasonably necessary for the interest of the public or the protection of the private right or interest in respect of which he or she claims to be privileged.

## Presumption as to good faith

**313.** If it is proved, on behalf of an accused person, that a defamatory matter was published under such circumstances that the publication would have been justified if made in good faith, the publication shall be presumed to have been made in good faith until the contrary is made to appear, either from the libel itself or from the evidence given on behalf of the accused person or from evidence on behalf of the prosecution.

PART XX

NUISANCES AND OTHER OFFENCES AGAINST
THE PUBLIC IN GENERAL

## Common nuisance

**314.** A person who does an act not authorised by law or who omits to discharge a legal duty and thereby causes a common injury or danger or annoyance, or who obstructs or causes inconvenience to the public in the exercise of common rights, commits the offence of being a common nuisance and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

## Watching and besetting

**315.** (1) A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500, if he or she watches and besets—

> *(a)* premises or the approaches to premises with a view to preventing any person from doing any act which such person has a legal right to do there at; or
>
> *(b)* the house or other place where a person resides, works or carries on business, or happens to be, or the approaches to such house or place, with a view to preventing the person from doing or compelling him or her to do an act which the person has a legal right to do or abstain from doing.
>
> *(Amended by Act 8 of 2006)*

(2) No proceedings shall be brought in respect of an offence under this section without the consent of the Director of Public Prosecutions.

## Chain letters

**316.** (1) A person who sends or causes to be sent a chain letter, or who sends or receives money or money's worth in connection with a chain letter, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

(2) For the purposes of this section, "chain letter" means a document addressed by one person to another suggesting to the person to whom it is addressed or requiring—

> *(a)* that he or she should send a document having the same purport to one or more other persons; and
>
> *(b)* that he or she should remit to a person or to an address specified in the first mentioned document money or money's worth.

## Obscene publications

**317.** (1) A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500, if he or she—

> *(a)* for the purposes of or by way of trade, or for the purpose of distribution or public exhibition, makes, produces or has in his or her possession an obscene writing, drawing, print, painting, printed matter, pictures, posters, emblems, photographs, films, discs or any other obscene objects tending to corrupt morals;
>
> *(b)* for any of the purposes mentioned in paragraph *(a)* imports, conveys or exports, or causes to be imported, conveyed or exported, such matter or thing, or in any manner puts any of the same into circulation;
>
> *(c)* carries on or takes part in a business, whether public or private, concerned with such matters or things as mentioned in paragraph (a), or deals in the same in any manner, or distributes them publicly, or makes a business of lending them;
>
> *(d)* advertises or makes known by any means with a view to assisting the circulation of or traffic in, any such matter or thing as mentioned in paragraph *(a)*, that a person is engaged in any of the acts referred to in this section, or advertises or makes known how, or from whom, any such matter or thing can be procured either directly or indirectly; or
>
> *(e)* publicly exhibits an indecent show or performance, or a show or performance tending to corrupt morals.
> *(Amended by Act 8 of 2006)*

(2) On the application of the Commissioner of Police, a magistrate may order the destruction of an obscene matter or thing to which this section relates and which has been seized by or otherwise comes into the possession of the police, whether or not any person has been convicted under the provisions of this section in respect of such obscene matter or thing.

## Child pornography

**318.** (1) In this section—

"child pornography" includes material that visually depicts—

> *(a)* a minor engaged in sexually explicit conduct;
>
> *(b)* a person who appears to be a minor engaged in sexually explicit conduct; or
>
> *(c)* realistic images representing a minor engaged in sexually explicit conduct;

"minor" means a person under the age of 18 years;

"publish" includes—

    *(a)* distribute, transmit, disseminate, circulate, deliver, exhibit, lend for gain, exchange, barter, sell or offer for sale, let on hire or offer to let on hire, offer in any other way, or make available in any way;

    *(b)* have in possession or custody, or under control, for the purpose of doing an act referred to in paragraph *(a)*; or

    *(c)* print, photograph, copy or make in any other manner, whether of the same or of a different kind or nature, for the purpose of doing an act referred to in paragraph *(a)*.

(2) A person who, intentionally, does any of the following acts—

    *(a)* publishes, is concerned in the publication of, or permits the publication of, child pornography;

    *(b)* produces, is concerned in the production of, or permits the production of, child pornography for the purpose of its publication;

    *(c)* has child pornography in his or her possession,

commits an offence and is liable, on conviction on indictment, to imprisonment for a term not exceeding 14 years.

(3) It is a defence to a charge for an offence under subsection (1)*(a)* or *(c)* for the accused to prove that the child pornography was published, or was in his or her possession, for a *bona fide* scientific, research, medical or law enforcement purpose.

(4) It is a defence to a charge for an offence under subsection (1)*(c)* for the accused to prove that—

    *(a)* he or she had not himself or herself seen the child pornography and did not know, or had any cause to suspect, that it was child pornography; or

    *(b)* the child pornography was sent to him or her without any prior request made by him or her or on his or her behalf and that he or she did not keep it for an unreasonable time.

                     *(Inserted by Act 3 of 2007)*

## Idle and disorderly persons

**319.** (1) A person who—

    *(a)* wanders abroad or (not being a blind or disabled person), places himself or herself in a public place for the purpose of begging, or who causes or procures a child so to do or, having the custody, charge or care of a child, allows the child to be in any street, premises or public place for the purpose of begging or receiving alms, or of inducing the giving of alms (whether or not there is any pretence of singing, playing performing, offering anything for sale or otherwise);

*Criminal Code* LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

(*b*) being a common prostitute behaves in a disorderly or indecent manner in a public place;

(*c*) pretends to deal in obeah (as defined in section 290), myalism, duppy catching or witchcraft, or tells fortunes by palmistry or like superstitious means intending to deceive or impose on people;

(*d*) publicly does an indecent act;

(*e*) in a public place conducts himself or herself in a manner likely to cause a breach of the peace;

(*f*) solicits for immoral purposes in a public place;

(*g*) in a public place plays any game or pretended game of chance for money or money's worth;

(*h*) endeavours to obtain, or actually obtains, contributions for a charitable purpose unless authorised in writing so to do by the Commissioner of Police, in accordance with the Public Collections (Control) Act or in pursuance of instructions in that behalf given by the Cabinet; or

(*i*) has no fixed abode and sleeps by night in open or public places,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding \$250. (*Substituted by Act 8 of 2006*)

(2) The provisions of subsection (1)(*h*) shall not apply to charitable appeals or collections made in any established place of religious worship or on behalf of a religious organisation recognised by the Cabinet for the purpose of this section.

## Rogues and vagabonds

**320.** (1) A person who—

(*a*) has in his or her custody or possession, without lawful excuse (the proof of which lies on him or her), a pick-lock, key, jemmy or crow-jack, bit or other implement of housebreaking, with intent to break into a house or other building;

(*b*) is armed with a firearm, cutlass, bludgeon or other offensive weapon or instrument, with intent to commit a criminal act;

(*c*) is found by night, without lawful excuse (the proof of which lies on him or her), in or upon a dwelling house, warehouse, garage, stable or other building, or in an enclosed garden, yard or area, or on board a vessel or aircraft;

(*d*) having previously been convicted of an offence under Part XIV (or of a similar offence involving dishonesty or larceny under any law in force before the coming into force of this Code), frequents a wharf, warehouse or place adjoining thereto, or a public place leading or adjacent thereto, with intent to commit an offence; or

(*e*) upon being apprehended as an idle and disorderly person, violently resists a police officer arresting him or her,

shall be deemed to be a rogue and a vagabond, and commits an offence and is liable on summary conviction—

    (i) for a first offence under this section, to imprisonment for a term not exceeding one year;

    (ii) for every subsequent offence under this section, or for an offence under this section after having been previously convicted as a rogue and vagabond under any law in force immediately before the coming into force of this Code, to imprisonment for a term not exceeding 2 years,

and every weapon or instrument of house breaking in the possession of the offender at the time of the offence shall, upon the conviction, be forfeited to the Crown. *(Amended by Act 8 of 2006)*

(2) In proceedings under this section, it shall not be necessary in proving the intent to commit an offence to show that the person accused was guilty of an act or acts tending to show his or her purpose or intent, and he or she may be convicted if, from the circumstances of the case and his or her known character as proved to the court, it appears to the court that his or her intent was as alleged, and his or her known character, as proved, shall be relevant evidence in that behalf.

## Disorderly conduct

**321.** (1) A person who, in a public place, conducts himself or herself in a disorderly manner, or conducts himself or herself in such a noisy manner as to disturb the neighbourhood, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250.

(2) If a person, on private premises, conducts himself or herself, or allows any other person so to conduct himself or herself thereon, as to repeatedly annoy or disturb the neighbourhood, a person annoyed or disturbed thereby may complain to a magistrate who, if satisfied by evidence on oath that there are good grounds for the complaint, may cause the person so offending to be warned, and if, after the warning, the person, within 3 months, so conducts himself or herself, or allows any other person so to conduct himself or herself, on the same premises as to annoy or disturb the neighbourhood, he or she commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250.

(3) A person who behaves profanely, indecently or in a disorderly manner during the performance of a religious worship or ceremony, or who smokes in a building appropriated for religious worship while a service or ceremony is taking place therein, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500.

(4) A person who wilfully disturbs, interrupts or disquiets a body of persons, assembled for a lawful purpose, by profane discourse, rude or indecent behaviour or by making a noise, either within the place of such assembly or so near thereto as to disturb the same, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250.

(5) A person who at a lawful public meeting acts in a disorderly manner for the purpose of preventing the transaction of the business for which the meeting was called, or who incites another person so to act, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250.

*(Amended by Act 8 of 2006)*

## Drunkenness

**322.** (1) A person found drunk in a public place or upon premises licensed for the sale of alcohol, commits an offence and is liable on summary conviction—

    *(a)* upon a first conviction for such an offence, to a fine not exceeding $50;

    *(b)* upon a second or subsequent conviction for such an offence, to a fine not exceeding $100;

    *(c)* upon a subsequent conviction within a period of 12 months from the date of a second or subsequent conviction for the offence, to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250, or both.

(2) Any person found drunk in any public place when—

    *(a)* in charge of a vehicle or animal; or

    *(b)* in possession of a firearm,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500.

*(Amended by Act 8 of 2006)*

## Abusive and false statements

**323.** (1) A person who uses abusive, blasphemous, indecent, insulting, profane or threatening language—

    *(a)* in a public place;

    *(b)* in a place to the annoyance of the public; or

    *(c)* in circumstances likely to cause a breach of the peace,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months, or to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

(2) A person who in a public place or at a meeting open to members of the public, whether on payment or otherwise, makes a statement about another person which he or she knows to be false, or makes such statement recklessly without regard to its truth or otherwise, which statement is calculated or likely to bring the person into ridicule, odium or contempt, or to undermine confidence in the person or in the conduct of public affairs if the person is in an official position, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

(3) For the purposes of subsection (2), "person in an official position" includes the Governor, any member of the Cabinet or House of Assembly, and any judge, magistrate, justice of the peace or member of any commission of inquiry issued under the Commissions of Inquiry Act.

(4) A person who—

    *(a)* in a public place or at a meeting open to members of the public, whether on payment or otherwise, makes a statement which he or she knows to be false, or makes such statement recklessly without regard to its truth or otherwise; or

    *(b)* prints or distributes a statement, which is of such a nature as to be likely to cause fear or alarm or to disturb the public peace or undermine public confidence in the conduct of public affairs,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

(5) A prosecution for an offence under subsection (2) or (4) shall not be brought except by, or with the consent of, the Director of Public Prosecutions. *(Amended by Act 8 of 2006)*

## Obeah

**324.** (1) For the purposes of this section and of section 319(1)*(c)*—

    *(a)* a person practising or dealing in obeah or myalism means a person who, to effect a fraudulent or unlawful purpose or for gain, or for the purpose of frightening another person, uses or pretends to use any occult means, or pretends to possess supernatural power or knowledge; and

    *(b)* "instrument of obeah or myalism" means anything commonly used in or associated with the practice of obeah or myalism.

(2) A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both, if he or she—

    *(a)* practises or deals in obeah or myalism;

    *(b)* for a fraudulent or unlawful purpose, consults a person practising or reputed to be practising, or who has been convicted of an offence under a law relating to, obeah or myalism; or

    *(c)* for the purpose of effecting a purpose or bringing about an event by the use of occult means or supernatural power or knowledge, consults a person practising or reputed to be practising obeah or myalism, or a person who has been convicted of an offence under a law relating to obeah or myalism and agrees to reward the person so consulted.

        *(Amended by Act 8 of 2006)*

(3) A person who has in his or her possession an instrument of obeah or myalism or who has under his or her control premises upon which such an instrument is found shall, unless the contrary is proved, be deemed to be practising obeah or myalism at the date when the instrument is found.

*Criminal Code*

(4) A person who composes, prints, sells or distributes a pamphlet or other printed or written matter calculated to promote the superstition of obeah or myalism, commits an offence and is liable on summary conviction to the same punishment as a person convicted or practising obeah or myalism. *(Amended by Act 8 of 2006)*

(5) A court before which a person is convicted of an offence under this section may, in addition to any fine or sentence of imprisonment imposed, order that the person so convicted shall be subject to police supervision for a period not exceeding 2 years from the date of imposition of the fine or the expiration of a term of imprisonment, whichever is the later date, and thereupon the person shall be subject to the provisions of the Prevention of Crimes Act.

### Acts likely to spread disease

**325.** (1) A person who intentionally or recklessly does any act which he or she knows or has reason to believe is likely to cause the spread of an infectious or contagious disease commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 14 years.

(2) A person who negligently does an act which he or she knows or has reason to believe is likely to cause the spread of an infectious or contagious disease commits an offence and is liable on conviction on indictment to imprisonment for a term not exceeding 5 years or to a fine not exceeding $10,000, or both.

*(Substituted by Act 7 of 2002 and amended by Act 8 of 2006)*

### Pollution, etc.

**326.** (1) A person commits an offence, if he or she—

(a) intentionally, recklessly or negligently corrupts or fouls the water of a spring, stream, well or reservoir so as to render it less fit for the use of mankind or livestock;

(b) intentionally, recklessly or negligently vitiates the atmosphere in any place so as to render it noxious to the health or comfort of persons in the neighbourhood;

(c) for any purpose makes loud noises or offensive smells in such place and circumstances as to interfere with the comfort of persons in the exercise of their common rights; or

(d) deposits offal or refuse in the sea within 500 yards of the shore.
*(Amended by Act 7 of 2002)*

(2) A person who—

(a) intentionally or recklessly commits an offence under subsection (1)(a) or (b) is liable on conviction on indictment to imprisonment for a term not exceeding 14 years or a fine not exceeding $75,000, or both;

(b) negligently commits an offence under subsection (1)(a) or (b) is liable on conviction on indictment to imprisonment for a term not exceeding 10 years or to a fine not exceeding $50,000, or both;

*(c)* commits an offence under subsection (1)*(c)* or *(d)* is liable on conviction on indictment to imprisonment for a term not exceeding 5 years, or to a fine not exceeding $25,000, or both.

*(Inserted by Act 7 of 2002 and amended by Act 8 of 2006)*

## Adulteration of food, etc.

**327.** A person commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500, or both, if he or she—

*(a)* adulterates an article of food or drink so as to make the article noxious as food or drink, intending to sell or offer for sale the same as food or drink, or knowing that it is likely that it will be offered for sale as such;

*(b)* sells or offers for sale as food or drink an article which has been rendered or has become noxious or in a state unfit for use as food or drink, knowing or having reason to believe that the same is unfit for such use;

*(c)* adulterates a drug or medicinal preparation in such manner as to lessen the efficacy or to change the operation of the drug or preparation, or to make it noxious, intending that it shall be or is likely to be sold or offered for sale for a medicinal purpose as if it had not been so adulterated or rendered noxious; or

*(d)* knowing that a drug or medicinal preparation has been adulterated or rendered noxious, as mentioned in paragraph *(c)*, sells the same or offers it for sale, or issues it from a dispensary for medicinal purposes as if it had not been so adulterated or rendered noxious, or causes it to be so issued by any person.

*(Amended by Act 8 of 2006)*

## Unauthorised wearing of uniform

**328.** (1) A person who, without lawful excuse or authority, wears a uniform of the armed or police force of a Commonwealth country, or clothing having the appearance or intended to have the appearance of such uniform, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

(2) It shall not be an offence under this section for a person taking part in a *bona fide* theatrical or similar entertainment to wear a costume resembling a military uniform, when required for the purpose of representing a particular character, but in such a case the badges shall not be identical with those of the armed or police force of a Commonwealth country.

## Negligence with fire

**329.** (1) A person who in any place, negligently or recklessly, carries or uses fire, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250.

(2) A person who, by the careless or improper use of fire within a town or village, endangers lives or property therein, commits an offence and is liable on

*Criminal Code*    LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both.

*(Amended by Act 8 of 2006)*

## Throwing missile, etc. in public place

**330.** (1) A person who, in or in the vicinity of a public place, unlawfully throws or discharges a missile or dangerous object to the damage or danger of any property or person, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

(2) For the purposes of subsection (1), it is immaterial whether or not a person was actually injured or a property damaged, if in the circumstances of the case, a reasonable person would have anticipated that such injury or damage might have occurred.

## Defacing building, etc.

**331.** A person who, without the consent of the owner or occupier—

(a) posts an advertisement, bill, placard or other paper against or upon; or

(b) writes upon, soils, marks or defaces,

a building, wall, fence, lamp post or other similar object, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

## Removing boats, etc.

**323.** A person who takes or attempts to take a vessel from or out of a mooring, wharf, boat-house, berth, beach, landing-stage or other place for the purpose of using the same without the consent of the owner or other person having charge thereof, and without a reasonable claim of right or title thereto, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

## Animals in public place

**333.** A person in charge of animals (other than cats or dogs) in a public place who wilfully remains at such a distance from them as not to have proper control over them, commits an offence and is liable on summary conviction to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

## Fireworks and firearms in public place

**334.** (1) Subject to subsection (2), any person who, in a public place or within 100 yards thereof, discharges a firearm or lets off a firework, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months, or to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

(2) A person shall not be convicted of an offence under subsection (1) by reason only that he or she fires a starting pistol or similar weapon in the ordinary

course of the conduct of a sporting or athletic event or that he or she lets off a firework in the ordinary course of some festival or celebration at which the use of fireworks has been permitted under the Fireworks Act.

## Gambling

335. (1) A person who knowingly permits, or is concerned in, the use of a building or place for the purpose of gambling, betting or the holding of a lottery or sweepstake, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding one year or to a fine not exceeding $1,000, or both. *(Amended by Act 8 of 2006)*

(2) A magistrate or justice of the peace, on being satisfied by evidence on oath that there is good reason to believe that a house or place is kept or used for a purpose contrary to subsection (1) may, by warrant, authorise a police officer, with such assistance and by such force as may be necessary, by day or night to—

    *(a)* enter the house or place;

    *(b)* search the house or place and any persons found therein;

    *(c)* seize all instruments and appliances for gambling, betting, or required for the holding of a lottery or sweepstake, and all money, securities for money and other articles reasonably supposed to have been used or intended to be used for any such purpose; and

    *(d)* to detain any persons there found until the completion of the search of the house or place.

(3) Where instruments or appliances are found in the house or place searched, every person found therein at the time may be detained in custody until he or she can be brought before the court, or is granted bail by the police officer in charge of such search, for his or her appearance before the court.

(4) If, owing to the lateness of the hour or other sufficient cause, a search warrant cannot be obtained with sufficient speed, a police officer in uniform, not below the rank of sergeant, may exercise the powers referred to in subsection (3) without a search warrant.

(5) If instruments or appliances for gambling, betting or the holding of a lottery or sweepstake are found in a house or place or on any person searched in pursuance of the powers conferred by this section, the fact of such finding shall be deemed to be evidence, until the contrary is made to appear, that the house or place was being used for gambling, betting or the holding of a lottery or sweepstake and that the persons found therein or escaping therefrom were gambling, betting or taking part in a lottery or sweepstake therein, although no such activity was actually seen by a police officer or other person assisting him or her at the time of entering or searching such house or place.

(6) A person who is found in the house or place as is mentioned in subsection (5) commits an offence and shall, unless he or she satisfies the court to the contrary, be deemed to have been taking part in gambling or betting, or in a lottery or sweepstake and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

(7) A  person playing or betting in a public place at, or with a table or instrument of gambling at any game, or pretended game of chance, commits an

offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

(8) Nothing in this section shall apply to a lottery sweepstake, *pari mutuel* or pool betting organised and controlled by an approved social and charitable organisation or turf, or in connection with a race meeting held by or under the auspices of such club and, for the purposes of this subsection, "approved" means approved by the Cabinet.

## Neglect to maintain family

**336.** (1) A person who, being wholly or in part able to maintain his or her children, and if a male, his wife (if any), by work or other lawful means, refuses or neglects to do so, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

(2) Proceedings in respect of an offence under subsection (1) shall be without prejudice to any other legal remedy available to a person to enforce the payment of maintenance for, or to recover the cost of necessaries supplied to, the wife (if any) and family of the offender.

## Unlawful depasturing of animals

**337.** A person who, unlawfully and maliciously depastures an animal on any land, public place or thoroughfare, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

## Obstructing police officer

**338.** A person who wilfully obstructs a police officer in the execution of his or her duties, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

## Refusing to assist police officer, etc.

**339.** (1) A person who, in a public place, when lawfully called upon by a police officer to assist him or her in apprehending or securing any person whom such officer is endeavouring to apprehend or secure, without reasonable excuse refuses so to do, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250.

(2) A person who, when lawfully required so to do by a judicial officer or police officer, refuses to give his or her name and address or gives a false name and address, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

## Using animal without consent of owner

**340.** (1) A person who takes or drives or attempts to take or drive an animal from, or out of an enclosure, stable, pasture or other place for the purpose of using the animal without the consent of the owner or other person entrusted with

the charge thereof, and without having any probable claim or title thereto, commits an offence and is liable on summary conviction to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

(2) Proceedings in respect of an offence under subsection (1) shall be without prejudice to any other legal remedy available to the party aggrieved for the recovery of the animal and for damages in respect of the taking or using thereof by the offender or for any injury caused to the animal.

## Indecency, etc. in public place

**341.** (1) A person who behaves in an indecent manner in a public place, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250.

(2) A person who writes or draws an indecent word, figure or representation in a public place, commits an offence and is liable on summary conviction to a fine not exceeding $250.

(3) A person who wilfully—

　　(a) exposes in a public place or in premises visible or accessible to the public from a public place an obscene print, picture, photograph or indecent exhibition; or

　　(b) exposes his or her person in a public place or in view thereof,

commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500.

*(Amended by Act 8 of 2006)*

## Having possession of thing reasonably suspected of being stolen

**342.** A person who is charged with having in his or her possession in any place, or conveying in any manner, anything which is reasonably suspected of being stolen or unlawfully obtained and who does not give an account to the satisfaction of the court as to how he or she came by that thing, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

## Preventing work or trading

**343.** A person who, unlawfully and with force, hinders or prevents any person from working at or exercising his or her lawful trade, business or occupation, or who uses a threat of violence to that person with intent to hinder him or her from working at or exercising his or her trade, business or occupation, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 3 months or to a fine not exceeding $250. *(Amended by Act 8 of 2006)*

## Jurisdiction in respect of offence under this Part

**344.** (1) Where the facts alleged to constitute an offence charged under this Part appear to a Magistrate also to constitute another offence, not triable summarily, under some other Part or under some other law, the Magistrate, in his or her discretion, may stay the proceedings brought in respect of the offence under this Part and hold a preliminary inquiry with a view to committing the accused person for trial before the High Court for the other offence.

*Criminal Code*

(2) Where the person committed for trial under subsection (1) is convicted before the High Court of the other offence, no further proceedings shall be taken on the same facts for an offence under this Part.

## PART XXI

### CONSPIRACY, ATTEMPT AND ASSISTING OFFENDERS

## Conspiracy to commit an offence

**345.** (1) Subject to the provisions of this Part, a person who agrees with another person that a course of conduct should be pursued which will necessarily amount to or involve the commission of an offence by one or more of the parties to the agreement if the agreement is carried out in accordance with their intention, is guilty of conspiracy to commit the offence in question.

(2) Where liability for an offence may be incurred without knowledge on the part of the person committing it of a particular fact or circumstance necessary for the commission of the offence, the person shall not be convicted of conspiracy to commit the offence by virtue of subsection (1), unless he or she and at least one other party to the agreement intend, or know, that the fact or circumstance shall or will exist at the time when the conduct constituting the offence is to take place.

(3) Where, in pursuance of an agreement, the acts in question in relation to an offence are to be done in contemplation or furtherance of a trade dispute, the offence shall be disregarded for the purposes of subsection (1), provided that it is an offence which is not punishable with imprisonment except in default of payment of a fine.

(4) A person charged with conspiracy to commit an offence shall be tried in the same manner as he or she would have been tried if he or she were charged with the complete offence. *(Inserted by Act 8 of 2006)*

(5) For the purposes of this Part—

"offence" means an offence triable in the Territory, and it includes murder, notwithstanding that the murder in question would not be so triable if committed in accordance with the intention of the parties; and

"trade dispute" means a dispute or differences between employers and workmen, or between workmen alone, connected with the employment or non-employment, or the terms of employment, or the conditions of labour, of any person.

## Punishment for conspiracy

**346.** A person who is convicted of conspiracy to commit an offence is, unless another punishment is provided in this Code or any other law, liable to be punished for a term not exceeding the maximum penalty prescribed for that offence.

## Other conspiracy

**347.** A person who conspires with another person to engage in conduct which tends to corrupt public morals or outrage public decency, but would not amount to, or involve, the commission of an offence if carried out by a single person otherwise than in pursuance of an agreement, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 6 months or to a fine not exceeding $500. *(Amended by Act 8 of 2006)*

## Exemptions

**348.** A person shall not, by virtue of section 345, be convicted of conspiracy to commit an offence, if—

(a) he or she is the sole intended victim of the offence; or

(b) the only other person with whom he or she agrees is (both initially and at all times during the currency of the agreement) a person of one or more of the following descriptions—

(i) his or her spouse;

(ii) a person under the age of 10 years;

(iii) the sole intended victim of that offence.

## Supplementary provisions regarding conspiracy

**349.** (1) The rules laid down by sections 345 and 348 shall apply for determining whether a person is guilty of an offence of conspiracy under a provision of an enactment other than section 347.

(2) Incitement and attempt to commit the offence of conspiracy (whether the conspiracy incited or attempted would be an offence at common law or under section 345 or any other enactment) shall, on the coming into force of this Code, cease to be offences.

(3) The fact that the person who, so far as appears from the charge on which any person has been convicted of conspiracy, was the only other party to the agreement on which his or her conviction was based, has been acquitted of conspiracy by reference to that agreement (whether after being tried with the person convicted or separately) shall not be a ground for quashing his or her conviction, unless in all the circumstances of the case his or her conviction is inconsistent with the acquittal of the other person in question.

(4) Any rule of law or practice that is inconsistent with subsection (3) is abolished.

## Attempt defined

**350.** (1) Where a person, intending to commit an offence, begins to put his or her intention into execution by an act which goes so far towards the commission of the offence as to be more than merely a preparatory act, but does not fulfil his or her intention to such an extent as to commit the offence, he or she is deemed to attempt to commit the offence.

*Criminal Code*

(2) It is immaterial, except in so far as regards punishment, whether—

    *(a)* the offender does all that is necessary on his or her part for completing the commission of the offence;

    *(b)* the complete fulfilment of his or her intention is prevented by circumstances independent of his or her will, or

    *(c)* he or she desists on his or her own motion from the further prosecution of his or her intention.

## Punishment for attempt or incitement to commit an offence

**351.** (1) A person who attempts or incites another person to commit an offence, commits an offence and is, unless any other punishment is provided in this Code or any other law, liable on conviction—

    *(a)* if the completed offence is punishable by imprisonment for life, or for 10 years or more, to imprisonment for a term not exceeding 7 years; and

    *(b)* in any other case, to the same penalty as may be imposed for the completed offence itself.

    *(Amended by Act 8 of 2006)*

(2) A person charged with an attempt or incitement of another person to commit an offence shall be charged under the section, whether of this Code or any other law, creating the offence under which he or she would be charged if the charge was of the complete offence. *(Amended by Act 8 of 2006)*

(3) A person charged with an attempt or incitement to commit an offence shall be tried in the same manner as he or she would have been tried if he or she were charged with the complete offence. *(Inserted by Act 8 of 2006)*

(4) A provision in any law, including this Code, as to the consequences which may or shall follow conviction for an offence or as to the procedure or any other matter applicable where a person is convicted of an offence, shall apply equally where a person is charged or convicted of an attempt or incitement to commit the offence. *(Amended by Act 8 of 2006)*

## Assisting offenders

**352.** (1) Subject to subsections (2) and (3), where a person has committed an arrestable offence (as defined in section 354), any other person who, knowing or believing him or her to be guilty of that offence or of some other arrestable offence does, without lawful authority or reasonable excuse, an act to impede his or her apprehension or prosecution, commits an offence and is said to be an accessory after the fact.

(2) A wife does not become an accessory after the fact to an offence which her husband has committed by receiving him or assisting him to escape punishment, or by receiving in her husband's presence and by his authority, another person who has committed an offence in the commission of which her husband has taken part, in order to enable that other person to escape punishment or avoid apprehension.

(3) A husband does not become an accessory after the fact to an offence which his wife has committed by receiving her or assisting her in order to enable her to escape punishment or avoid apprehension.

(4) If on the trial of an indictment for an arrestable offence the jury are satisfied that the offence charged (or some other offence of which the accused might on that charge be found guilty) was committed, but find the accused not guilty of it, they may find him or her guilty of any offence under subsection (1) of which they are satisfied that he or she is guilty in relation to the offence charged (or that other offence).

(5) A person who is convicted of being an accessory after the fact is liable to imprisonment according to the gravity of the offence to which he or she was accessory, as follows—

(a) if the offence is one for which the sentence is fixed by law, he or she is liable on conviction on indictment to imprisonment for a term not exceeding 10 years; *(Amended by Act 8 of 2006)*

(b) if the offence is one for which a person (not previously convicted) may be sentenced to imprisonment for 14 years or more, he or she is liable on conviction on indictment to imprisonment for a term not exceeding 7 years; *(Amended by Act 8 of 2006)*

(c) if the offence is not included in paragraph *(a)* or *(b)* but is one for which a person (not previously convicted) may be sentenced to imprisonment for 10 years, he or she is liable on conviction on indictment to imprisonment for a term not exceeding 5 years; *(Amended by Act 8 of 2006)*

(d) in any other case, he or she is liable on summary conviction to imprisonment for a term not exceeding 3 years. *(Amended by Act 8 of 2006)*

**Penalty concealing an offence**

**353.** Where a person has committed an arrestable offence (as defined in section 354), another person who, knowing or believing—

(a) that the offence or some other arrestable offence has been committed; and

(b) that he or she has information which might be of material assistance in securing the prosecution or conviction of an offender for it,

accepts or agrees to accept for not disclosing that information any consideration other than the making good of loss or injury caused by the offence, or the making of a reasonable compensation for that loss or injury, commits an offence and is liable on summary conviction to imprisonment for a term not exceeding 2 years. *(Amended by Act 8 of 2006)*

## PART XXI

### MISCELLANEOUS

### Arrest without warrant

**354.** (1) The powers of summary arrest conferred by this section shall apply to offences for which the sentence is fixed by law or for which a person (not previously convicted) may under, or by virtue of an enactment be sentenced to imprisonment for a term of 5 years or longer, and to attempts to commit any such offence, and in this Code and in any other law "arrestable offence" means any such offence or attempt.

(2) A person may arrest, without a warrant, anyone who is, or whom he or she, with reasonable cause, suspects to be in the act of committing an arrestable offence.

(3) Where an arrestable offence has been committed, a person may arrest without warrant anyone who is, or whom he or she, with reasonable cause, suspects to be guilty of the offence.

(4) Where a police officer, with reasonable cause, suspects that an arrestable offence has been committed, he or she may arrest without warrant anyone whom he or she, with reasonable cause, suspects to be guilty of that offence.

(5) A police officer may arrest, without warrant, any person who is, or whom he or she, with reasonable cause, suspects to be about to commit an arrestable offence.

(6) For the purpose of arresting a person under a power conferred by this section, a police officer may enter, if need be by force, and search any place where that person is or where the police officer, with reasonable cause, suspects him or her to be.

(7) This section shall not affect the operation of an enactment restricting the institution of proceedings for an offence, nor prejudice a power of arrest conferred by law apart from this section.

### Further provisions concerning arrestable offences

**355.** (1) For the avoidance of doubt, where an offence is triable either summarily or on indictment and is punishable by imprisonment for 5 years or longer, if tried on indictment, it shall be deemed to be an arrestable offence notwithstanding that it would be punishable by a lesser term if tried summarily.

(2) Arrestable offences under this Code are shown as such in the fourth column of the Table of offences and penalties in Schedule 1.

### Penalty for giving false information

**356.** A person who causes wasteful employment of the police by knowingly making to any person a false report tending to show that an offence has been committed, or to give rise to apprehension for the safety of any person or property, or tending to show that he or she has information material to a police inquiry, commits an offence and is liable on summary conviction to

imprisonment for a term not exceeding 6 months or to a fine not exceeding $500, or both. *(Amended by Act 8 of 2006)*

## Provisions relating to cases in which the assent of the Attorney General is required

**357.** Where in this Code or any other law it is provided that no prosecution shall be commenced except by or with the consent of the Director of Public Prosecutions, the provision shall not be deemed to prevent the arrest, or the issue of a warrant for the arrest of a person for such an offence, or the remand in custody or on bail of a person charged with such an offence pending the decision of the Director of Public Prosecutions in the matter.

## Offences and penalties, etc.

**358.** The Table of Offences and Penalties contained in Schedule 1 sets out for convenience of reference the offences and penalties therefor contained in this Code but shall not be construed to add to or derogate from the provisions in this Code in relation to each offence.

## Alternative convictions

**359.** Without prejudice to the provisions of the Criminal Procedure Act or to any other provisions of this Code, where a person is charged with an offence mentioned in the first column of the Table set out in Schedule 2, if the court finds that he or she is not guilty of the offence charged, but that, on the evidence before the court, he or she is guilty of another offence under a section of this Code referred to in the third column of the Table, he or she may be convicted of that other offence although not charged with it.

## Restriction on proceedings for offences under common law

**360.** (1) Where an act or omission constitutes an offence under this Code and also under common law, proceedings in respect of that offence shall be brought under the relevant provision of this Code and not under common law, and the common law offence in such case shall in respect of its application to the Territory, be deemed to have been abolished.

(2) Where an act or omission constitutes an offence under this Code and also under some other enactment, proceedings in respect of that offence shall not be brought under that other enactment except by, or with the consent of, the Director of Public Prosecutions.

## Abolition of certain common law offences

**361.** (1) The following offences under common law are hereby abolished—

> *(a)* a distinct offence, under the common law, of maintenance (including champerty and embracery);
>
> *(b)* challenging to fight;
>
> *(c)* eavesdropping;
>
> *(d)* being a common barrator, a common scold or a common night walker.

(2) For the avoidance of doubt, it is hereby declared that to the extent (if any) that the following Acts of the Parliament of England apply in the Territory, namely—

       *(a)* The Champerty Act (28 Edw. I.c.11); and

       *(b)* The Maintenance and Embracery Act 1540 (32 Hen. VIII c.9),

they are hereby repealed in relation to the Territory.

### Repeals and consequential amendments

**362.** (1) The enactments specified of Schedule 3, Part I are hereby repealed.

(2) The amendments specified in Schedule 3, Part II shall apply generally to any enactment to which they are relevant.

# SCHEDULE 1

*(Sections 355 and 358)*

### TABLE OF OFFENCES AND PENALTIES

In this Table

"A" means offender may be arrested by a police officer without a warrant;

"S" means triable summarily, subject to the provisions of the Magistrate's Code of Procedure Act and the Criminal Procedure Act.

Nothing in the description of an offence in the second column of this Table shall be construed as adding to or derogating from the provisions contained in the relevant section of this Code.

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 36 | Treason | Life | A | |
| 37 | Concealment of treason | Life | A | |
| 38 | Treason felony | Life | A | |
| 41 | Incitement to mutiny | Life | A | |
| 42 | Aiding, etc. acts of mutiny | 5 years | A | |
| 43 | Inducing police officer, etc. to desert | 6 months | | S |
| 44 | Piracy *jure gentium* | Life | A | |
| 45 | Piracy in other cases | As in English law | A | |
| 48(2) | Sedition— | | A | |
| | *(a)* on summary conviction | 3 years $3,000 | | S |
| | *(b)* on conviction on indictment | 10 years | | |
| 48(3) | Possession of seditious publication | 2 years $2,000 | | S |
| 50(1) | Importation, etc., of prohibited publications | 3 years $3,000 | | S |
| 50(2) | Possession of prohibited publications | 2 years $2,000 | | S |
| 51 | Failure to surrender prohibited publication received innocently | 2 years $2,000 | | S |

*(Amended by Act 8 of 2006)*

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 55 | Unlawful oath to commit serious offence | Life | A | |
| 56 | Other unlawful oaths to commit offences | 10 years | A | |
| 58(1) | Unlawful drilling | 7 years | A | |
| 58(2) | Participating in unlawful drilling | 2 years $2,000 | | S |
| 59 | Doing anything likely to cause fear— | | | S |
| | *(a)* on summary conviction | 2 years $20,000 | | S |
| | *(b)* on conviction on indictment *(Amended by Act 7 of 2002)* | 5 years $50,000 | | |
| 60 | Defamation of foreign potentates, etc. | 2 years $2,000 | | S |
| 61 | Foreign enlistment | 2 years $2,000 | | S |
| 62 | Unlawful assembly *(Amended by Act 8 of 2006)* | 1 year $1,000 | | S |
| 63 | Riot | 5 years $5,000 | A | |
| 64 | Rioting after proclamation | 10 years | A | |
| 65(1) | Forcibly preventing proclamation | 10 years | A | |
| 65(2) | Rioting after prevention of proclamation | 5 years | A | |
| 66 | Rioters damaging property | 14 years | A | |
| 67 | Rioters obstructing, etc. aircraft or ships | 2 years $2,000 | | S |
| 69 | Importation, etc. of prohibited weapons | 10 years $10,000 | A | |
| 70 | Carrying offensive weapon | 2 years $2,000 | | S |
| 71 | Refusal to accompany police officer to be searched | $100 | | S |
| 72 | Forcible entry | 2 years $3,000 | | S |
| 73 | Forcible detainer | 2 years $2,000 | | S |

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 74(1) | Entering property to intimidate, etc. person in possession | 1 year $1,000 | | S |
| 74(2) | Entering property which is a vessel, etc. to commit offence | 2 years $2,000 | | S |
| 75 | Challenging to fight | 2 years $2,000 | | S |
| 76 | Affray | 1 year $1,000 | | S |
| 77(1) | Threatening violence | 1 year | | S |
| 77(2) | Threatening violence at night | 2 years | | S |
| 78 | Assembling for purpose of smuggling | 2 years $2,000 | | S |
| 80(2) | Bribery by public official— | | A | |
| | *(a)* on summary conviction | 3 years $ 30,000 | | S |
| | *(b)* on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| 81(2) | Bribery of public official— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* in case of an individual, on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| | *(c)* in case of a body corporate, on conviction on indictment | $250,000 or 3 times the value of the gratification whichever is higher | | |

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 82(1) | Taking gratification to screen offender— | | A | |
| | *(a)* on summary conviction | 2 years | | S |
| | *(b)* on conviction on indictment | 5 years | | |
| 83(1) | Public official using office for gratification— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| 84(2) | Bribery of public official to influence decision of public body— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* in case of an individual, on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| | *(c)* in case of a body corporate, on conviction on indictment | $250,000 or 3 times the value of the gratification whichever is higher | | |
| 84(4) | Bribery by public official to influence decision of public body— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 85(2) | Bribery of foreign public official— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* in case of an individual, on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| | *(c)* in case of a body corporate, on conviction on indictment | $250,000 or 3 times the value of the gratification whichever is higher | | |
| 85(5) | Bribery by foreign public official— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| 86 | Influencing public official— | | A | |
| | *(a)* on summary conviction | 5 years $50,000 | | S |
| | *(b)* on conviction on indictment | 10 years $75,000 | | |
| 87(6) | Trading in influence— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* in case of an individual, on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| | *(c)* in case of a body corporate, on conviction on indictment | $250,000 or 3 times the value of the gratification whichever is higher | | |

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 88(2) | Public official taking gratification— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| 89(3) | Bribery for procuring contracts— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* in case of an individual, on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| | *(c)* in case of a body corporate, on conviction on indictment | $250,000 or 3 times the value of the gratification whichever is higher | | |
| 90(3) | Conflict of interests— | | A | |
| | *(a)* on summary conviction | 2 years $10,000 | | S |
| | *(b)* on conviction on indictment | 5 years $25,000 | | |
| 91 | Treating of public official— | | A | |
| | *(a)* on summary conviction | 2 years $10,000 | | S |
| | *(b)* on conviction on indictment | 5 years $25,000 | | |
| 92(2) | Receiving gift for corrupt purpose— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |

LAW OF
VIRGIN ISLANDS
Revision Date: 30 June 2013

*Criminal Code*

159

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 93 | Fraud or breach of trust by public official— | | A | |
| | *(a)* on summary conviction | 3 years | | S |
| | *(b)* on conviction on indictment | 7 years | | |
| 94(2) | Illicit enrichment | 7 years $50,000 or 3 times the value of the significant increase whichever is higher | A | |
| 95(1) and (2) | Corruption of agent— | | A | |
| | *(a)* on summary conviction | 3 years $30,000 | | S |
| | *(b)* on conviction on indictment | 7 years $50,000 or 3 times the value of the gratification whichever is higher | | |
| 96 | Public official exercising powers in respect of matter in which he has private interest | 1 year | | S |
| 97 | False claims by public officials | 2 years | | S |
| 98 | Abuse of powers of public official— | | A | |
| | *(a)* on summary conviction | 3 years | | S |
| | *(b)* on conviction on indictment | 7 years | | |

*(Substituted by Act 8 of 2006)*

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 98(2) | Abuse of powers of public official for private gain— | | A | |
| | (a) on summary conviction | 3 years | | S |
| | (b) on conviction on indictment | 7 years | | |
| 99 | False certificates by public official | 2 years | | S |
| 100 | Unauthorised administration of oaths | 1 year | | S |
| 101 | False assumption of authority | 2 years | | S |
| 102 | Personation of public official | 3 years | | S |
| 103 | Threats to public official | 3 years | | S |
| 104 | Deceiving witness | 2 years | | S |
| 105 | Destroying evidence | 2 years | | S |
| 106 | False swearing | 2 years | | S |
| 107 | Perverting the course of justice (Amended by Act 7 of 2002) | 5 years | A | |
| 108(2) | Unlawful disclosure of identity of informer— | | A | |
| | (a) on summary conviction | 3 years $10,000 | | S |
| | (b) on conviction on indictment | 5 years $25,000 | | |
| 109(1) | Offences relating to judicial proceedings | 2 years | | S |
| 109(2) | Summary punishment for offences committed in view of court | 1 month $200 | | S |
| 110 | Perjury | 7 years | A | |
| 111 | Subornation of perjury | 7 years | A | |
| 112 | Fabrication of evidence | 7 years | A | |
| 113 | Contradictory statements by witness | 1 year | | S |
| 116 | Compounding offences | 2 years | | S |
| 117 | Offering reward for return of stolen property | 1 year $1,000 | | S |

*(Substituted by Act 8 of 2006)*

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 118(1) | Rescue from lawful custody— | | | |
| | *(a)* where prisoner under sentence of life imprisonment | Life | A | |
| | *(b)* in case of other prisoner | 7 years | A | |
| | *(c)* in case of other rescue | 2 years | | |
| 119 | Escape from lawful custody— | | A | |
| | *(a)* on summary conviction | 3 years | | S |
| | *(b)* on conviction on indictment | 7 years | | |
| 120 | Permitting prisoner to escape— | | A | |
| | *(a)* on summary conviction | 3 years | | S |
| | *(b)* on conviction on indictment | 7 years | | |
| 121(1) | Aiding prisoner to escape | 7 years | A | |
| 121(2) | Harbouring or assisting another to harbour prisoner | 14 years | A | |
| 122 | Removing property lawfully seized | 3 years | | S |
| 123 | Obstructing court officers | 2 years | | S |
| 124 | Giving false information to public officer | 3 years $3,000 | | S |
| 125 | Insulting religion | 2 years $2,000 | | S |
| 126 | Disturbing religious assembly | 2 years $2,000 | | S |
| 127 | Writing, etc. with intent to wound religious feeling | 1 year $1,000 | | S |

*(Substituted by Act 8 of 2006)*

162 | *Criminal Code* | LAW OF<br>VIRGIN ISLANDS

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 128 | Hindering burial, etc. | 2 years $2,000 | | S |
| 129(1) | Trespassing on burial place, etc. with intent to wound feelings or insult, etc. | 2 years $2,000 | | S |
| 129(2) | Removing, etc. flowers, etc. on or near grave | 2 years $2,000 | | S |
| 131(1) | Rape | Life | A | |
| 132(1) | Sexual intercourse with girl of or under 13 years *(Amended by Act 8 of 2006)* | 14 years | A | |
| 132(2) | Attempt to commit offence under (1) *(Amended by Act 7 of 2002)* | 7 years | A | |
| 133 | Unlawful sexual intercourse with girl under 16 years | 7 years | A | |
| 134 | Intercourse with defective | 7 years | A | |
| 135 | Sexual assault by husband | 10 years | A | |
| 136(1) | Incest by man | 10 years | A | |
| 137(1) | Incest by woman | 10 years | A | |
| 138 | Indecent assault— | | A | |
| | *(a)* on summary conviction | 5 years | | S |
| | *(b)* on conviction on indictment - of or under 13 years | 10 years | | |
| | *(c)* on conviction on indictment - in any other case | 7 years | | |
| 139 | Indecency with child *(Amended by Act 7 of 2002)* | 5 years | | S |
| 140 | Permitting use of premises for sexual intercourse by girl | Life | A | |

*(Substituted by Act 8 of 2006)*

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 141 | Causing prostitution, etc. of girl under 16 years | 5 years | A | |
| 142 | Causing prostitution of woman | 3 years | | S |
| 143 | Procuring woman by threats | 3 years | | S |
| 144 | Procuring woman by false pretences | 3 years | | S |
| 145 | Administering drug to facilitate intercourse | 7 years | | S |
| 146 | Detention of woman in brothel | 5 years | | S |
| 147 | Man living on earnings of prostitution | 10 years $10,000 | A | |
| 148 | Woman exercising control over prostitute | 10 years $10,000 | A | |
| 149 | Living on earnings of male prostitution | 3 years $3,000 | | S |
| 150 | Keeping a brothel | 2 years $2,000 | | S |
| 151(1) and (2) | Letting premises for use as brothel— | | | |
| | 1. on first conviction for this offence | 2 years $2,000 | | S |
| | 2. on second or subsequent conviction for this offence | 3 years $3,000 | | S |

*(Amended by Act 8 of 2006)*

*Criminal Code* LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 152 | Use of poison, etc. to cause miscarriage | 14 years | A | |
| 153 | Supplying or procuring means to cause miscarriage | 5 years | A | |
| 154 | Child destruction | Life | A | |
| 155(1) and (2) | Bigamy | 7 years | A | |
| 156 | Fraudulent pretence of marriage | 7 years | A | |
| 157 | Fraudulent taking part in marriage ceremony | 5 years | A | |
| 158 | Personation in marriage ceremony | 7 years | A | |
| 160 | Genocide— | | | |
| | *(a)* if killing involved | Life | A | |
| | *(b)* in any other case | 14 years | A | |
| 163 | Murder | Life | A | |
| 165 | Attempted murder | Life | A | |
| 166 | Manslaughter | Life | A | |
| 167 | Infanticide | Life | A | |
| 168 | Threats to murder | 10 years | A | |
| 169 | Conspiracy to murder | 14 years | A | |
| 170 | Abetment of suicide | 14 years | A | |
| 171 | Suicide pacts | As for man-slaughter | A | |
| 174 | Concealing birth of child | 2 years | | S |
| 175 | Causing grievous bodily harm with intent | Life | A | |
| 176 | Inflicting bodily harm, with or without weapon | 5 years | A | |
| 177 | Wounding | 2 years | | S |

*(Amended by Act 8 of 2006)*

LAW OF
VIRGIN ISLANDS

*Criminal Code*

165

Revision Date: 30 June 2013

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 178 | Attempting to choke, etc. to commit offence | Life | A | |
| 179 | Using anaesthetic, etc. to commit offence | Life | A | |
| 180 | Administering poison so as to endanger life or inflict grievous bodily harm | 10 years | A | |
| 181 | Administering poison with intent to injure, etc. | 5 years | A | |
| 182 | Impeding escape from shipwreck | Life | A | |
| 183 | Causing bodily harm by corrosive substance or explosive | Life | A | |
| 184 | Using explosive or corrosive substance with intent to do grievous harm | Life | A | |
| 185 | Placing explosive near building, etc. with intent to cause bodily harm | Life | A | |
| 186 | Causing explosion likely to endanger life or property | 14 years | A | |
| 187 | Setting traps, etc. with intent to inflict grievous bodily harm | 5 years | A | |
| 188 | Unlawful use of firearms | 5 years | A | |
| 190 | Reckless and negligent acts | 2 years | | S |
| 191 | Other negligent acts causing harm | 6 months $500 | | S |
| 192 | Dealing with poisonous substance in negligent manner | 6 months $500 | | S |
| 193(1) | Acts tending to the destruction of aircraft and ships | Life | A | |
| 193(2) | Acts tending to hinder guidance of seamen or airmen | 7 years | A | |

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 194 | Conveying person for hire in unsafe conveyance | 1 year | | S |
| 195 | Common assault | 1 year $1,000 | | S |
| 196 | Assault causing actual bodily harm— | 5 years | A | |
| | *(a)* on summary conviction | 3 years | | S |
| | *(b)* on conviction on indictment | 7 years | | |
| 197 | Assault on person protecting wreck— | | A | |
| | on summary conviction | 3 years | | |
| | on conviction on indictment | 7 years | | |
| 198 | Assaults specially punishable | 2 years | | S |
| 199 | Assaults on female or child | 6 months $500 | | S |
| 200 | Assault on police officer, etc. | 2 years $2,000 | | S |
| 201 | Neglecting servant or apprentice— | | A | |
| | *(a)* on summary conviction— | 3 years | | S |
| | *(b)* on conviction on indictment | 7 years | | |
| 202 | Failure to supply necessaries | | A | |
| | *(a)* on summary conviction | 5 years | | S |
| | *(b)* on conviction on indictment | 10 years | | |
| 203 | Abandoning or exposing child under 2 years— | | A | |
| | *(a)* on summary conviction | 5 years | | S |
| | *(b)* on conviction on indictment | 10 years | | |

*(Substituted by Act 8 of 2006)*

LAW OF
VIRGEN ISLANDS

*Criminal Code*

167

Revision Date: 30 June 2013

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 204 | Cruelty to children— | | | |
| | (a) on conviction on indictment | 5 years $5,000 | A | |
| | (b) on summary conviction (Amended by Act 7 of 2002) | 6 months $500 | | S |
| 205 | Other negligent acts or commissions causing harm— | | A | |
| | (a) on summary conviction | 3 years | | S |
| | (b) on conviction on indictment | 7 years | | |
| 207 | Kidnapping | 10 years | A | |
| 208 | Abduction with intent to remove from Territory or to confine in Territory | 14 years | A | |
| 209 | Abduction or kidnapping female with intent to marry, etc. | 14 years | A | |
| 210 | Unlawfully taking girl under 16 years away from parent | 2 years | | S |
| 211 | Child stealing | 7 years | A | |
| 212 | Wrongful confinement | 5 years | A | |
| 213 | Unlawful compulsory labour | 5 years | A | |
| 214 | Human Trafficking | 14 years | A | |
| 215(2) | Smuggling of migrants | | | |
| | (a) on summary conviction | 5 years | A | |
| | (b) on conviction on indictment (Amended by Act 3 of 2007) | 14 years | | |
| 223 | Theft— | | | |
| | (a) on summary conviction | 2 years | | S |
| | (b) on conviction on indictment | 10 years | | |
| 224 | Robbery | Life | A | |
| 225 | Burglary | 14 years | A | |
| 226 | Aggravated burglary | Life | A | |

*(Substituted by Act 8 of 2006)*

168 *Criminal Code* LAW OF
VIRGIN ISLANDS
Revision Date: 30 June 2013

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 227 | Removing articles from place open to the public— | | A | |
| | *(a)* on summary conviction | 2 years | | S |
| | *(b)* on conviction on indictment | 5 years | | |
| 228 | Abstraction of electricity | 2 years $2,000 | | S |
| 229 | Fraudulent use of telephone, fax or telex system | 2 years $2,000 | | S |
| 230 | Taking conveyance without authority | 2 years $2,000 | | S |
| 231 | Obtaining property by deception | 10 years | A | |
| 232 | Evasion of liability by deception— | | A | |
| | *(a)* on summary conviction | 1 year | | S |
| | *(b)* on conviction on indictment | 5 years | | |
| 233 | Obtaining pecuniary advantage or services by deception— | | A | |
| | *(a)* on summary conviction | 1 year | | S |
| | *(b)* on conviction on indictment | 5 years | | |
| 234 | Drawing dishonoured cheque— | | | |
| | *(a)* on summary conviction | 1 year $3,000 | | S |
| | *(b)* on conviction on indictment | 5 years $5,000 | | |
| 235 | Making off without payment | 6 months $500 | | S |
| 236 | False accounting | 7 years | A | |
| 238 | False statements by company directors, etc. | 7 years | A | |

*(Amended by Act 7 of 2002 and substituted by Act 8 of 2006)*

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 239 | Destruction, etc. of valuable security or procuring execution of same by deception— | | A | |
| | *(a)* on summary conviction | 3 years | | S |
| | *(b)* on conviction on indictment | 7 years | | |
| 240 | Blackmail | 14 years | A | |
| 241 | Handling stolen goods— | | A | |
| | *(a)* on summary conviction | 5 years | | S |
| | *(b)* on conviction on indictment | 10 years | | |
| 245 | Going equipped to steal, etc.— | | A | |
| | *(a)* on summary conviction | 5 years | | S |
| | *(b)* on conviction on indictment | 10 years | | |
| 250 | Forgery of certain documents with intent to defraud— | | | |
| | *(a)* under subsection (1) | Life | A | |
| | *(b)* under subsection (2) | 14 years | A | |
| 251 | Forgery of certain documents with intent to defraud or deceive— | | | |
| | *(a)* under subsection (1) | Life | A | |
| | *(b)* under subsection (2) | 14 years | A | |
| | *(c)* under subsection (3) | 7 years | A | |
| 252 | Forging or uttering forged court documents | 7 years | A | |
| 253 | Forging or uttering forged documents relating to registration of births, marriages and deaths | Life | A | |

*(Substituted by Act 8 of 2006)*

*Criminal Code*

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 254 | Forgery of passport | 2 years $2,000 | | S |
| 255 | Forgery of other documents with intent to defraud or deceive | 2 years $2,000 | | S |
| 256 | Forgery of seals and dies— | | | |
| | *(a)* under subsection (1) | Life | A | |
| | *(b)* under subsection (2) | 14 years | A | |
| 257 | Uttering forged document, etc. with intent to deceive or defraud | The same penalty as if he had forged the document, etc. | | |
| 258 | Uttering cancelled or spent document | The same penalty as if he had forged the document | | |
| 260 | Demanding property on forged document | 14 years | A | |
| 261 | Possession of forged notes, documents, seals or dies | 14 years | A | |
| 262 | Making or possessing implements or materials for forgery | 7 years | A | |
| 263 | Unauthorised possession of paper, etc. used for manufacture of currency notes | 2 years | | S |
| 265 | Counterfeiting coin— | | | |
| | *(a)* resembling gold or silver coin | Life | A | |
| | *(b)* resembling coin of other metal | 7 years | A | |

LAW OF
VIRGIN ISLANDS                    *Criminal Code*                    **171**

Revision Date: 30 June 2013

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 266 | Impairing, etc. current coin— | | | |
| | (a) impairing gold or silver coin | 14 years | A | |
| | (b) unlawfully possessing gold or silver filings, clippings, etc. obtained by impairing current coin | 7 years | A | |
| 267 | Knowingly uttering or possessing counterfeit coin— | | | |
| | (a) under subsection (1) | 1 year $1,000 | | S |
| | (b) under subsection (2) | 2 years $2,000 | | S |
| | (c) under subsection (3) | 5 years | A | |
| | (d) under subsection (4) | 1 year $1,000 | | S |
| | (e) under subsection (5) | 14 years | A | |
| | (f) under subsection (6) | 1 year $1,000 | | S |
| 268 | Dealing in counterfeit coin | 7 years | A | |
| 269 | Importing and exporting counterfeit coin | 7 years | A | |

172            *Criminal Code*            LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 270 | Making, possessing and selling articles resembling gold or silver coin | 1 year | | S |
| 271 | Making, possessing, etc. implements for coining— | | | |
| | *(a)* under subsection (1) | 14 years | A | |
| | *(b)* under subsection (2) | 14 years | A | |
| | *(c)* under subsection (3) | 7 years | A | |
| 272 | Defacing and uttering defaced coins— | | | |
| | *(a)* under subsection (1) | 1 year $1,000 | | S |
| | *(b)* under subsection (3) | $100 | | S |
| 273 | Melting down currency | 6 months $500 | | S |
| 274 | Mutilating or defacing currency notes | $200 | | S |
| 275 | Imitation of currency— | | | |
| | *(a)* under subsection (1) | 6 months $500 | | S |
| | *(b)* under subsection (2) | 6 months $500 | | S |
| | *(c)* under subsection (3) | $200 | | S |
| 277 | Personation in general— | | | |
| | *(a)* under subsection (1) | 1 year $1,000 | | S |
| | *(b)* under subsection (2) | 7 years | A | |

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 278(1) | Personation of person named in certificate, etc. | The same penalty as for forgery of the certificate, etc. | A | |
| 278(2) | Lending certificate, etc. to another for personation of person named therein | 7 years | A | |
| 279 | Personation of person named in testimonial— | | | |
| | *(a)* under subsection (1) | 1 year $1,000 | | S |
| | *(b)* under subsection (2) | 1 year $1,000 | | S |
| 280 | Falsely acknowledging recognisances, etc. | 7 years | A | |
| 281(4) | Destroying or damaging property— | | A | |
| | *(a)* in the case of Life, arson or an offence under subsection (2) | Life | | |
| | *(b)* in any other case – on summary conviction | 5 years | | S |
| | *(c)* in any other case – on conviction on indictment | 10 years | | |
| 282 | Threats to destroy or damage property— | | A | |
| | *(a)* on summary conviction | 3 years | | S |
| | *(b)* on conviction on indictment | 10 years | | |
| 283 | Possessing anything with intent to destroy or damage property— | | A | |
| | *(a)* on summary conviction | 3 years | | S |
| | *(b)* on conviction on indictment | 10 years | | |
| 288(1) | Casting away ships, etc. | Life | A | |

174        *Criminal Code*        LAW OF
VIRGIN ISLANDS

Revision Date: 30 June 2013

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 291 | Illegal access— | | A | |
| | (a) on summary conviction | 3 years $7,000 | | S |
| | (b) on conviction on indictment | 5 years $10,000 | | |
| 292 | Interfering with data— | | A | |
| | (a) on summary conviction | 3 years $7,000 | | S |
| | (b) on conviction on indictment | 5 years $10,000 | | |
| 293 | Interfering with computer system— | | A | |
| | (a) on summary conviction | 3 years $7,000 | | S |
| | (b) on conviction on indictment | 5 years $10,000 | | |
| 294 | Illegal interception of data, etc.— | | A | |
| | (a) on summary conviction | 3 years $7,000 | | S |
| | (b) on conviction on indictment | 5 years $10,000 | | |
| 295 | Dissemination of unlawfully acquired computer data— | | A | |
| | (a) on summary conviction | 3 years $7,000 | | S |
| | (b) on conviction on indictment | 5 years $10,000 | | |
| 296 | Illegal devices— | | A | |
| | (a) on summary conviction | 3 years $7,000 | | S |
| | (b) on conviction on indictment | 5 years $10,000 | | |
| 298 | Failing to assist police | 6 months $500 | | S |
| 303 | Failing to comply with police request | 6 months $500 | | S |
| 305 | Breach of confidentiality | 6 months $500 | | S |

*(Substituted by Act 8 of 2006 and amended by Act 3 of 2007)*

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 306 | Criminal libel | 1 year $1,000 | | S |
| 314 | Common nuisance | 6 months $500 | | S |
| 315 | Watching and besetting | 6 months $500 | | S |
| 316 | Sending chain letters | 6 months $500 | | S |
| 317 | Importing, distributing, etc. obscene publications | 6 months $500 | | S |
| 318 | Child pornography | 14 years | A | |
| 319 | Idle and disorderly person | 3 months $250 | | S |
| 320 | Rogue and vagabond— | | | |
| | *(a)* for first offence | 1 year | | S |
| | *(b)* for second or subsequent offence | 2 years | | S |
| 321 | Disorderly conduct— | | | |
| | *(a)* under subsection (1) | 3 months $250 | | S |
| | *(b)* under subsection (2) | 3 months $250 | | S |
| | *(c)* under subsection (3) | 6 months $500 | | S |
| | *(d)* under subsection (4) | 3 months $250 | | S |
| | *(e)* under subsection (5) | 3 months $250 | | S |
| 322 | Drunkenness in public place— | | | |
| | *(a)* on first conviction | $50 | | S |
| | *(b)* on second or subsequent conviction | $100 | | S |

*Criminal Code*

LAW OF
VIRGIN ISLANDS
Revision Date: 30 June 2013

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| | (c) on subsequent conviction within 12 months of second or subsequent conviction | 3 months $250 | | S |
| | (d) when in charge of vehicle or firearm | 6 months $500 | | S |
| 323 | Abusive and false statements— | | | |
| | (a) under subsection (1) | 3 months $250 | | S |
| | (b) under subsection (2) | 1 year $1,000 | | S |
| | (c) under subsection (4) | 6 months $500 | | S |
| 324 | Practising or dealing in obeah, etc. | 1 year $1,000 | | S |
| 325 | Acts likely to spread disease— | | | S |
| | (a) under subsection (1) | 14 years | A | |
| | (b) under subsection (2) (Amended by Act 7 of 2002) | 5 years $10,000 | A | |
| 326 | Pollution, noises and smells, etc.— | | | S |
| | (a) under subsection (2)(a) | 14 years $75,000 | A | |
| | (b) under subsection (2)(b) | 10 years $50,000 | A | |
| | (c) under subsection (2)(c) | 5 years $25,000 | | |
| 327 | Adulteration of food, etc. | 6 months $500 | | S |
| 328 | Unauthorised wearing of uniform | 6 months $500 | | S |
| 329 | Negligence with fire— | | | |
| | (a) under subsection (1) | 3 months $250 | | S |
| | (b) under subsection (2) | 1 year $1,000 | | S |

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 330 | Throwing missile in public place | 1 year $1,000 | | S |
| 331 | Defacing buildings, etc. | 3 months $250 | | S |
| 332 | Removing boats, etc. | 1 year $1,000 | | S |
| 333 | Failing to control animals in public place | $250 | | S |
| 334 | Letting off fireworks and firearms in public place | 3 months $250 | | S |
| 335 | Gambling— | | | |
| | *(a)* under subsection (1) | 1 year $1,000 | | S |
| | *(b)* under subsection (6) | 6 months $500 | | S |
| | *(c)* under subsection (7) | 3 months $250 | | S |
| 336 | Neglecting to maintain family | 3 months $250 | | S |
| 337 | Unlawful depasturing of animals | 3 months $250 | | S |
| 338 | Obstructing police officer | 6 months $500 | | S |
| 339 | Refusing to assist police officer | 3 months $250 | | S |
| 340 | Using animal without consent of owner | $250 | | S |
| 341 | Indecency in public place— | | | |
| | *(a)* under subsection (1) | 3 months $250 | | S |
| | *(b)* under subsection (2) | $250 | | S |
| | *(c)* under subsection (3) | 6 months $500 | | S |

*Criminal Code*

| Criminal Code section | Nature of offence | Maximum punishment | Arrestable without warrant | Triable summarily |
|---|---|---|---|---|
| 342 | Having thing reasonably suspected of being stolen | 6 months $500 | | S |
| 343 | Unlawfully preventing work or trading | 3 months $250 | | S |
| 346 | Conspiracy to commit an offence | The same penalty prescribed for that offence | | |
| 347 | Conspiracy tending to corrupt public morals or outrage public decency | 6 months $500 | | S |
| 351 | Attempt or incitement to commit an offence where no other punishment prescribed— | | | |
| | *(a)* if completed offence punishable by imprisonment for life | 7 years | A | |
| | *(b)* in any other case | The same penalty as for the completed offence | | |
| 352 | Assisting offender— | | | |
| | under subsection (5)*(a)* | 10 years | A | |
| | under subsection (5)*(b)* | 7 years | A | |
| | under subsection (5)*(c)* | 5 years | A | |
| | under subsection (5)*(d)* | 3 years | | S |
| 353 | Concealing offence | 2 years | | S |
| 356 | Giving false information to police | 6 months $500 | | S |

*(Amended by Acts 7 of 2002, 8 of 2006 and 3 of 2007)*

## SCHEDULE 2

*(Section 359)*

### TABLE OF ALTERNATIVE VERDICTS

When a person is charged with an offence mentioned in the first column of this Table and the court is of the opinion that he or she is not guilty of that offence but that he or she is guilty of another offence mentioned in the third column of this Table, he or she may be convicted of the latter offence although he or she was not charged with it.

Nothing in the description of an offence in this Table shall be construed to add to or derogate from the provisions in this Code in relation to that offence.

| *Offence charged* | *Section of Code* | *Alternative conviction of other offence* | *Section of Code or other law* |
|---|---|---|---|
| Burglary | s. 225 | Theft | s. 223 |
|  |  | Destroying or damaging property | s. 281 |
| Causing grievous bodily harm with intent so to do | s. 175 | Inflicting grievous bodily harm | s. 176 |
| Incest by man | s. 136 | Sexual intercourse with girl under age of 13 | s. 132 |
|  |  | Sexual intercourse with girl under age of 16 | s. 133 |
|  |  | Intercourse with defective | s. 134 |
| Indecent assault | s. 138 | Common assault | s. 195 |
| Infanticide | s. 167 | Child destruction | s. 154 |
|  |  | Concealing the birth of a child | s. 174 |
| Inflicting grievous bodily harm | s. 176 | Assault causing actual bodily harm | s. 196 |
|  |  | Common assault | s. 195 |
| Child destruction | s. 154 | Use of poison, etc. or instruments to cause miscarriage | s. 152 |
| Manslaughter | s. 166 | Child destruction<br>Abetment of suicide | s. 154 |

Revision Date: 30 June 2013

| Offence charged | Section of Code | Alternative conviction of other offence | Section of Code or other law |
|---|---|---|---|
| Killing where use of vehicle involved | | Reckless or dangerous driving | ss. 26 and 30 of the Road Traffic Act |
| Murder | s. 161 | Manslaughter | s. 166 |
| | | Infanticide | s. 167 |
| | | Abetment of suicide | s. 170 |
| | | Child destruction | s. 154 |
| | | Wounding or causing grievous bodily harm, with intent so to do | s. 175 |
| | | Concealing the birth of a child | s. 174 |
| | | Attempt to commit murder | s. 165 |
| | | Any other offence of which he might be found guilty on a charge of murder | |
| Administering poison so as to endanger life, etc. | s. 180 | Administering poison with intent to injure | s. 181 |
| Rape | s. 131 | Sexual intercourse with girl under age of 13 | s. 132 |
| | | Sexual intercourse with girl under age of 16 | s. 133 |
| | | Indecent assault | s. 138 |
| | | Procurement of woman by threats | s. 143 |
| | | Procurement of woman by false pretences | s. 144 |
| | | Administering drugs to obtain or facilitate intercourse | s. 145 |
| | | Common assault | s. 195 |
| Theft | s. 223 | Taking conveyance without authority | s. 230 |
| | | Handling stolen goods | s. 241 |
| | | Using animal without consent of owner | s. 340 |

Note: See also s. 352(4) under which a person tried on indictment for any arrestable offence, if found not guilty of that offence, may be convicted of an offence, under subsection (1) of that section, for assisting an offender.

## SCHEDULE 3

*(Section 329)*

### PART I

#### ENACTMENTS REPEALED

Accessories and Abettors Act (Cap. 2)

By-Laws (Printing of False Copies) Act (Cap. 9)

Coinage Offences Act (Cap. 11)

Criminal Law (Amendment) Act (Cap. 17)

Forgery Act (Cap. 30)

Infant Life (Preservation) Act (Cap. 33)

Larceny Act (Cap. 39)

Larceny (Summary Offences) Act (Cap. 40)

Malicious Damage Act (Cap. 46)

Obeah Act (Cap. 52)

Passport (Offences) Ordinance (Cap. 131)

Perjury Act (Cap. 54)

Piracy Act (Cap. 55)

Praedial Larceny (Prevention) Act (Cap. 57)

Riot Act (Cap. 69)

Sedition and Undesirable Publications Act (Cap. 70)

Sentence of Death (Expectant Mothers) Act (Cap. 71)

Small Charges Act (Cap. 72)

Uniforms Act (Cap. 76).

___

### PART II

#### AMENDMENTS OF GENERAL APPLICATION

1. The words "with hard labour", "without hard labour" and "with or without hard labour" contained in any enactment not amended under Part II shall be omitted from the enactment.

2. The words "misdemeanour" and "felony" contained in any enactment not amended under Part II shall be deleted and substituted by the word "offence", "summary offence" or "indictable offence" as may be appropriate.

3. Where in any enactment any enactment repealed under Part I is referred to and has not been amended under Part II, the repealed enactment shall be deleted and substituted by the words and figures "Criminal Code, 1997" and where there is a reference to a section of the repealed enactment the section shall be amended by substituting therefor the appropriate section of the Criminal Code, 1997.

___