UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **22-20191-CR-WILLIAMS(s)**

UNITED STATES OF AMERICA

vs.

ANDREW ALTURO FAHIE,
    a/k/a "Head Coach,"
    a/k/a "Coach,"

       Defendant.

_____/

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

      Defendant Andrew Fahie, through his undersigned counsel, hereby submits his initial proposed jury instructions. Defendant respectfully reserves the right to provide supplemental and additional instructions as may be appropriate in light of any evidence or matter of law during the course of the trial and before the Court's charge to the jury. Unless otherwise expressly stated herein, all proposed charges are drawn on the United States Court of Appeals for the Eleventh Circuit's published Pattern Jury Instructions as published under date of March 10, 2022.

Dated: January 2, 2024.

                               Respectfully submitted,

                               **VENABLE, LLP**
                               Theresa M.B. Van Vliet, Esq.
                               Fla. Bar No. 374040
                               Joyce A. Delgado, Esq.
                               Fla. Bar No. 1002228
                               *Counsel for Defendant Andrew A. Fahie*
                               200 East Broward Blvd., Suite 1110
                               Fort Lauderdale, FL 33301
                               Telephone: 954-453-8000
                               Telefax: 954-453-8010

                               By: /s/ *Theresa M.B. Van Vliet*
                                  Theresa M.B. Van Vliet, Esq.

1

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served upon

all parties registered to receive electronic notice via CM/ECF Notification on January 2, 2024.

By: /s/ Theresa M.B. Van Vliet

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  22-20191-CR-WILLIAMS(s)**

**P1**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crimes charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a

3

chain of circumstances that proves a fact. As far as the law is concerned, it makes

no difference whether evidence is direct or indirect. You may choose to believe or

disbelieve either kind and should give every piece of evidence whatever weight you

think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them

for you now:

- Statements and arguments of the lawyers. In their opening statements
  and closing arguments, the lawyers will discuss the case, but their
  remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are
  not evidence. Only the witnesses' answers are evidence. You should
  not think that something is true just because a lawyer's question
  suggests that it is. For instance, if a lawyer asks a witness, "you saw
  the defendant hit his sister, didn't you?" – that question is not
  evidence whatsoever of what the witness saw or what the defendant
  did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence.

When a lawyer asks a question or offers an exhibit and a lawyer on the other side

thinks that it is not permitted by the rules of evidence, that lawyer may object. If I

overrule the objection, then the question may be answered or the exhibit received. If

I sustain the objection, then the question cannot be answered, and the exhibit cannot

be received. Whenever I sustain an objection to a question, you must ignore the

question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of

5

witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of

the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. This case may generate some media attention.  Your decision, however, must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your

memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Course of the trial:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**Source**: Eleventh Circuit Pattern Instruction P1 (modified) (typographical and formatting; addition of possibility of media attention; conforming language to gender of Defendant and conforming instruction to single Defendant).

**T3**
**Trial Instruction**
**Explanatory Instruction**
**Transcript of Tape Recorded Conversation**

Members of the Jury: Exhibits _____ have been identified as a typewritten transcript of the oral conversation heard on the tape recording received in evidence as Exhibits _____. The transcript also purports to identify the speakers engaged in the conversation.

I've admitted the transcripts for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording and also to help you identify the speakers.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation or the identity of the speakers is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcript, and from your own examination of the transcript in relation to hearing the recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

**<u>CLOSING INSTRUCTIONS</u>**

**B1**
**Face Page - Introduction**

<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.1**
**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B2.2[1]**
**The Duty to Follow Instructions and the Presumption of Innocence**
**When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[1] This instruction is proposed in the alternative to Pattern Instruction B2.1 dependent on developments at trial.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**B6.2**
**Impeachment of Witnesses Because of**
**Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**S1.2**

**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with Codefendant Oleanvine Maynard in exchange for her testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

(**Modified** to add Ms. Maynard's name and to conform the instruction to her gender).

**B8**
**Introduction to Offense Instructions**

The superseding indictment charges four (4) separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count I charges that the Defendant knowingly and willfully conspired with others known and unknown, to import into the United States, from a place outside thereof, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 963.

Count II charges that the Defendant knowingly and willfully conspired with others known and unknown to commit money laundering in violation of Title 18, United States Code, Section 1956(h). The Government has alleged that the Defendant did so in two ways:

First, to transport, transmit and transfer a monetary instrument and funds from a place inside the United States to a through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity.

Second, to transport, transmit and transfer a monetary instrument and funds from a place inside the United States to and through a place outside the United States knowing that the monetary instruments or funds involved represent the proceeds of some form of unlawful activity and knowing that the transportation, transmission or

transfer was designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity.

I will explain the law defining some of these terms, such as specified unlawful activity in a moment.

Count III charges that the Defendant attempted to launder money in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 by knowingly attempting to transport, transmit and transfer a monetary instrument and funds from a place inside the United States to and through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity.

Count IV charges that the Defendant knowingly traveled in interstate and foreign commerce with the intent to promote, manage, establish carry on an facilitate the promotion, management, establishment and carrying on of and unlawful activity, specifically a business enterprise involving narcotics or controlled substances, and that he performed and attempted to perform acts to promote, manage, establish and carry on , and facilitated the promotion, management, establishment and carrying on of a business enterprise involving narcotics or controlled substances, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

Note that the Defendant is not charged in Counts I and II with committing importing a controlled substance into the United States or with laundering money, rather he is charged with conspiring to commit those offenses.  Similarly, Count III

does not charge that the Defendant laundered money, but rather that he attempted to do so.

I will also give you specific instructions on conspiracy and attempting to commit a crime in a moment.

(**Modified** to conform references to the specific charges in the Superseding Indictment and to conform to Defendant's gender).

**B8.1**
**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**O100**
**Controlled Substances: Conspiracy**
**21 U.S.C. § 963**

As I instructed you before, Count I charges that the Defendant knowingly and willfully conspired with others, known and unknown, to import into the United States, from a place outside thereof, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 963.

Title 21 United States Code Section 952 makes it a crime for anyone to knowingly import a mixture or substance with a detectable amount of cocaine into the United States from some place outside the United States. Note that the Defendant is not charged with the offense of importing cocaine into the United States, but rather with conspiring to do so.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators

succeeded in carrying out the plan.

The Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to import a mixture or substance containing a detectable amount of cocaine; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators. If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The Defendant is charged with conspiring to import into the United States from outside the United States five (5) kilograms of a mixture and substance containing a detectable amount of cocaine. But you may find the Defendant guilty of the crime even if the amount of the controlled substance for which he should be

27

held responsible is less than five (5) kilograms. So, if you unanimously find the Defendant guilty, you must also find whether the Government has proved beyond a reasonable doubt the weight of mixture and substance containing a detectable amount of cocaine and specify the amount on the verdict form.

(**Modified** to include a reminder of the prior instruction that the offense is a conspiracy, as opposed to the substantive crime.)

**O74.5**
**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

Count II charges that the Defendant knowingly and willfully conspired with others known and unknown to commit money laundering in violation of Title 18, United States Code, Section 1956(h).   The Government has alleged that the Defendant did so in two ways:

First, to transport, transmit and transfer a monetary instrument and funds from a place inside the United States to a through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity.

Second, to transport, transmit and transfer a monetary instrument and funds from a place inside the United States to and through a place outside the United States knowing that the monetary instruments or funds involved represent the proceeds of some form of unlawful activity and knowing that the transportation, transmission or transfer was designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity.

 It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956.

As I instructed you in connection with Count I, a "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind

of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)         two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956; and

(2)         the Defendant knew about the plan's unlawful purpose and knowingly, willfully and voluntarily joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and voluntarily joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of

a conspiracy.  Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The Government charges that Defendant conspired to commit money laundering in two ways.  These are sometimes referred to as the objects of a conspiracy.

The first way or object of the conspiracy the Government alleges is, by transporting, transmitting and transferring a monetary instrument and funds from a place inside the United States to and through a place outside the United States with the intent to promote the carrying on of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

The elements of this first object of the money laundering conspiracy are:

(1) the Defendant knowingly transported, transmitted or transferred a monetary instrument or money from a place in the United States to or through a place outside the United States; and

(2) the Defendant acted with the intent to promote the carrying on of specified unlawful activity.

To "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money. It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means.

To show that a transaction was conducted with the intent to promote the caring on of a specified unlawful activity, the Government must show beyond a reasonable

doubt that Defendant intended to promote the specified unlawful activity.[2]

For purposes of this first object of the charged conspiracy, it doesn't matter whether the monetary instrument or money involved in this case was derived from criminal activity. It could be legitimately earned income or even money provided by a government agent during an undercover operation.

A "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

The importation of a mixture or substance containing a detectable amount of cocaine from outside the United States into the United States is a "specified unlawful activity".

The term "with the intent to promote the carrying on of specified unlawful

---

[2] *United States v. Arroya*, No 02-10368, 2004, BL 31735 at 3-4 (11th Cir. June 24, 2004). ("To convict a defendant based on promotion money laundering, the government must prove beyond a reasonable doubt that the defendant engaged in the transaction "with intent to promote the carrying on of [the] specified unlawful activity." *United States v. Carcione*, 272 F.3d 1297, 1302 (11th Cir. 2001). The concealment money laundering offense, on the other hand, "was designed to punish defendants who [having committed a crime,] thereafter take the additional step of attempting to legitimize their proceeds so that observers think their money is derived from legal enterprises." U*nited States v. Majors*, 196 F.3d 1206, 1212 (11th Cir. 1999). Thus, to convict a defendant based on concealment money laundering, the government must show that the transaction was "intended at least in part to disguise the relationship of the item purchased with the person providing the illegally obtained proceeds."

*See also, United States v. Dobbs*, 63 F.3d 391, 397 (5th Cir. 1995). (*United States v. Standford,* 823 F.3rd 814, 849 (5th Cir. 2016) ("To satisfy the intent requirement, "the government must show the transaction at issue was conducted with the intent to promote the carrying on of a specified unlawful activity." *United States v. Trejo*, 610 F.3d 308 , 314 (5th Cir. 2010) (citing *United States v. Brown*, 186 F.3d 661 , 670 (5th Cir. 1999)). "It is not enough to show that a money launderer's actions *resulted* in promoting the carrying on of specified unlawful activity." *Id* . Instead, the "the evidence must show that the defendant's conduct not only promoted a specified unlawful activity but that he engaged in it *with the intent* to further the progress of that activity." *Id.). .*

activity" means that the Defendant must have conducted or attempted to conduct the financial transaction for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.

To "attempt" an act means to intentionally take some substantial step toward accomplishing the act so that the act will occur unless something happens to interrupt or frustrate it.

The second way or object that the Government charges is that the Defendant conspired to commit money laundering was that he transported, transmitted and transfer a monetary instrument and funds from a place inside the United States to and through a place outside the United States knowing that the monetary instruments or funds involved represent the proceeds of some form of unlawful activity and knowing that the transportation, transmission or transfer was designed in whole or in part to conceal or disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

The elements of this second object of the money laundering conspiracy are:

(1) by transporting, transmitting, and transferring a monetary instrument and funds from a place inside the United States to and through a place outside the United States;

(2) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some for of unlaw activity and knowing that such transportation, transmission, or transfer is designed in whole or in part to conceal or disguise the nature,

location, source, ownership, or control of the proceeds of specified unlawful activity.

For the purpose of this second object of the charged conspiracy, the Defendant's knowledge may be established by proof that a law enforcement officer, or someone working at the officers direction and under their control,  represented that the monetary instruments or funds represented the proceeds of some unlawful activity and, if so, that the Defendant's subsequent statements or actions indicate that the Defendant believed such representations to be true.

(**Modified** to include specific charges from the Superseding Indictment and language regarding Defendant's knowledge).

### O74.3
### Money Laundering: International
### Transportation of Monetary Instruments
### 18 U.S.C. § 1956(a)(2)(A)

Count III charges that the Defendant attempted to laundering money in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 by knowingly attempting to transport, transmit and transfer a monetary instrument and funds from a place inside the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity.

It's a Federal crime to knowingly engage in or attempt to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly attempted to transport, transmit, or transfer a monetary instrument or money from a place in the United States to or through a place outside the United States; and

(2) the Defendant acted with the intent to promote the carrying on of specified unlawful activity.

Again, to "transport, transmit, or transfer" includes all means to carry, send, mail, ship, or move money. It includes any physical means of transferring or transporting funds, and also electronic transfer by wire or computer or other means.

It doesn't matter whether the monetary instrument or money involved in this case was derived from criminal activity. It could be legitimately earned income even

money provided by a government agent in the course of an undercover operation.

A "monetary instrument" includes the coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in a form that allows ownership to transfer on delivery.

The term "specified unlawful activity" means the importation of five (5) kilograms or more of a mixture and substance with a detectable amount of cocaine as alleged in the indictment.

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have attempted to conduct the financial transaction for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.

To "attempt" an act means to intentionally take some substantial step toward accomplishing the act so that the act will occur unless something happens to interrupt or frustrate it.

Count III also charges a violation of Title 18, United States Code, Section 2. I will instruct you on the law relating to this charge, known as aiding and abetting, in a moment.

(**Modified** to include transitional notation for aiding and abetting instruction).

**O71**
**Interstate Travel in Aid of Racketeering**
**18 U.S.C. § 1952(a)(3)**

Count IV charges that the Defendant knowingly traveled in interstate and foreign commerce with the intent to promote, manage, establish carry on an facilitate the promotion, management, establishment and carrying on of and unlawful activity, specifically a business enterprise involving narcotics or controlled substances, and that he performed and attempted to perform acts to promote, manage, establish and carry on , and facilitated the promotion, management, establishment and carrying on of a business enterprise involving narcotics or controlled substances, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

It's a Federal crime for anyone to travel in foreign commerce in order to carry on certain unlawful activities.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant traveled in foreign commerce on or about the dates and between the places described in the indictment;

(2) the Defendant traveled with the specific intent to promote, manage, establish or carry on an unlawful activity; and

(3) while traveling, the Defendant knowingly committed an act to promote, manage, establish, or carry on an unlawful activity.

The term "foreign commerce" means travel, transportation, or movement between some place within the United States and some place outside the United

States. The British Virgin Islands is a place outside the United States.

The Government must prove that the Defendant traveled in foreign commerce and specifically intended to promote, manage, establish, or carry on an unlawful activity. But the Government does not have to prove that the unlawful activity was the only or even primary reason the Defendant traveled.

"Unlawful activity" includes any business enterprise involving importation of a mixture and substance containing a detectable amount of cocaine into the United States from a place outside thereof as charged in Count I and both conspiring to and attempting to commit money laundering as charged in Counts II and III.

A "business enterprise" is a continuous course of conduct or series of transactions to make a profit, not a casual, sporadic, or isolated activity. For this crime, the term includes illegal activities. It doesn't matter whether the illegal activity lasted for a particular length of time or was or was not the Defendant's primary occupation. What the Government must prove beyond a reasonable doubt is that the Defendant was involved in a business enterprise, as just defined, rather than casual, sporadic, or isolated activities.

The crime charged is traveling in foreign commerce with the intent to promote, manage, establish, and carry on an unlawful activity. The statute lists various ways or methods that violate the law. So if you find beyond a reasonable doubt that any one method or way of violating the law occurred, that's sufficient.

But you must all agree on the particular way involved.

(**<u>Modified</u>** to delete references to travel in interstate commerce, inserting a transition for aiding and abetting instruction, and to acknowledge that the BVI is outside the United States).

**S7**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

Counts III and IV also charge violations of Title 18, United States Code, Section 2.

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.