UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20191-WILLIAMS(s)

UNITED STATES OF AMERICA

v.

ANDREW ALTURO FAHIE,

      **Defendant.**

_____/

### GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING THE APPLICATION OF FEDERAL RULE OF EVIDENCE 606(b) IN CASES WHERE DEFENDANT FACES A MANDATORY MINIMUM PENALTY

    Application of Rule 606(b) to Andrew Alturo Fahie's (the "Defendant's") case, which would prohibit the Court from considering juror testimony to impeach the unanimous verdict, does not violate the Defendant's rights under the Sixth Amendment or any other constitutional protection. All criminal defendants have a Sixth Amendment right to conviction by jury, not just those subject to a statutory mandatory minimum penalty. Pressure to reach a verdict does not violate that Sixth Amendment right for anyone.

    The Courts distinguish between juror pressure to reach a verdict, which is a "typical feature" of deliberations, from the kind of misconduct that undermines a defendant's right to a jury trial. See United States v. Brown, 934 F.3d 1278, 1303 (11th Cir. 2019) (quoting United States v. Foster, 878 F.3d 1297, 1310 (11th Cir. 2018)). "Jurors are presumed to follow their oath and neither history nor common experience show that the jury system is rife with mischief of these or similar kinds. To attempt to rid the jury of every irregularity of this sort would be to expose it to unrelenting scrutiny. 'It is not at all clear . . . that the jury system could survive such efforts to

perfect it.'" Pena-Rodriguez v. Colorado, 580 U.S. 206, 224 (2017) (quoting Tanner v. United States, 483 U.S. 107, 120 (1987)). "Like all human institutions, the jury system has its flaws, yet experience shows that fair and impartial verdicts can be reached if the jury follows the court's instructions and undertakes deliberations that are honest, candid, robust, and based on common sense." Pena-Rodriguez, 580 U.S. at 211; see also United States v. Hill, 643 F.3d 807, 829 (11th Cir. 2011) ("We generally presume that jurors follow their instructions.").

## **Rule 606(b)**

As noted the Government's previous filing (DE 227), "the roots of Rule 606(b) run deep in the soil of English common law." United States v. Nucera, 67 F.4th 146, 164 (3rd Cir. 2023). "The common-law development of the no-impeachment rule reached a milestone in 1975, when Congress adopted the Federal Rules of Evidence, including Rule 606(b)." Pena-Rodriguez, 580 U.S. at 217. "The version of the rule that Congress adopted was 'no accident.'" Id. (quoting Warger v. Shauers, 574 U. S. 40, 48 (2014)). Additionally, "[t]he substance of the Rule has not changed since 1975, except for a 2006 modification permitting evidence of a clerical mistake on the verdict form." Id.

Rule 606(b) categorically prohibits trial courts from relying on juror testimony to impeach a verdict but for three (3) specifically enumerated exceptions and a fourth created by the U.S. Supreme Court. These four (4) exceptions permit juror testimony as to whether: 1) extraneous prejudicial information was improperly brought to the jury's attention; 2) an outside influence was improperly brought to bear on any juror; 3) a mistake was made in entering the verdict on the verdict form, and 4) "a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant." Fed. R. Evid. 606(b)(2)(A)-(C); Pena-Rodriguez, 580 U.S. at 225.

2

> This version of the no-impeachment rule has substantial merit. It promotes full and vigorous discussion by providing jurors with considerable assurance that after being discharged they will not be summoned to recount their deliberations, and they will not otherwise be harassed or annoyed by litigants seeking to challenge the verdict. The rule gives stability and finality to verdicts.

Pena-Rodriguez, 580 U.S. at 218.

None of the four (4) Rule 606(b) exceptions are tied in any way to the minimum or maximum sentence that a convicted defendant possibly faces. Had Congress or Supreme Court wanted to do so, especially after addressing Sixth Amendment jury trial rights in Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2004), Rule 606 - in light of the 2006 amendments - would plainly state as much in its text. Apprendi and its progeny concerned whether mandatory minimum or maximum sentences were elements of the crime and thus had to be part of the jury's verdict. No one disputes that Fahie had a Sixth Amendment right to be convicted by the jury. The question here is whether the unanimous jury did so, which remains conclusively established by the Court's instructions, the verdict form, and individual juror polls. Rule 606 precludes relying on juror testimony to impeach its verdict, except for the noted exceptions that do not apply here.

Additionally, the Supreme Court has addressed the constitutionality of Rule 606 in Pena-Rodriguez, Warger, and Tanner, highlighting the "existing, significant safeguards for [a] defendant's right to an impartial and competent jury beyond juror testimony." Pena-Rodriguez, 580 U.S. at 220 (citing Tanner, 483 U.S. at 127). Had the Court found any constitutional concern with Rule 606, whether facially or as applied post-Apprendi and post-Booker, it certainly would have said so in the intervening decades.

Put another way, Rule 606(b) and its four (4) exceptions apply equally in all cases without regard to a defendant's possible sentencing exposure. These matters are kept separate for good

3

reason. By its own text and the contours of the Sixth Amendment, Rule 606(b) applies equally to all jury verdicts and does not distinguish between those resulting in mandatory minimum penalties and those that do not.

Death penalty cases further illustrate the flaw in allowing a defendant's possible sentence to trump Rule 606(b)'s strict safeguards upholding verdict finality. To do so would swallow Rule 606 altogether. See United States v. Jones, 132 F.3d 232, 246 (5th Cir. 1998) (citing Lockett v. Ohio, 438 U.S. 586, 604 (1978) and noting that because "the Eighth Amendment requires a 'greater degree of reliability when the death sentence is imposed,' we are convinced that Rule 606(b) does not harm but helps guarantee the reliability of jury determinations in death penalty cases."). Given the severity of the death penalty, in virtually every instance a court could conclude that investigating and considering juror testimony - on any topic dealing with the jury's deliberations or verdict - is appropriate, if not judicially mandatory. Trial courts and attorneys representing convicted, death penalty defendants would be compelled to perpetually investigate jurors to uncover possible favorable juror testimony in hopes of impeaching the verdict. Allowing such an approach is directly at odds with the "long-recognized and very substantial concerns" supporting "the protection of jury deliberations from intrusive inquiry." Tanner, 483 U.S. at 127. Moreover, such "attempts to impeach a verdict would 'disrupt the finality of the process' and undermine both 'jurors' willingness to return an unpopular verdict' and 'the community's trust in a system that relies on the decisions of laypeople.'" Pena-Rodriguez, 580 U.S. at 220 (quoting Tanner, 483 U.S. at 120-21).

### Rule 606(b) & Mandatory Minimum cases

Courts are no better off discarding Rule 606(b)'s prohibitions in cases where a defendant faces a mandatory minimum custodial penalty. No principled, rule-based, reason exists to permit

4

courts to eschew Rule 606 and investigate possible post-verdict, post-polling, and post-discharge juror misconduct as to these types of verdicts, but strictly adhere to Rule 606(b) in others where no mandatory minimum sentence exists.

  Courts routinely apply Rule 606(b)'s no-impeachment rule in cases where the defendant faces a mandatory minimum penalty, without any Sixth Amendment or other constitutional implications.  See, e.g., Jones, 132 F.3d at 246 ("[a]n individual juror no longer exposed to the dynamic offered by jury deliberations often may question his vote once the jury has been dismissed" and that "[the court would] not allow a juror to change his mind after the jury has rendered a verdict."); United States v. Montes, 628 F.3d 1183, 1186 (9th Cir. 2011) (upholding trial court's decision, under Rule 606(b), to preclude the jurors from testifying regarding extraneous news article that was "insufficiently prejudicial given the issues and evidence in the case"); United States v. Cornelius, 696 F.3d 1307, 1326 (10th Cir. 2012) (upholding trial court's refusal, under Rule 606(b), to grant new trial or hold evidentiary hearing regarding juror note as to "juror's mental processes" and noting that "the district court knew the scope and nature of the alleged misconduct, and stood to gain no further, useful information from an evidentiary hearing."); United States v. Wettstain, 618 F.3d 577, 590-91 (6th Cir. 2010) (upholding trial court's decision, under Rule 606(b), to disregard post-verdict and post-discharge juror letter where juror regretted voting guilty because letter did not fit into any of Rule 606(b)'s exceptions); United States v. Barber, 147 Fed. Appx. 941, 943 (11th Cir. 2005); United States v. Gibbs, 570 F. Supp. 3d 1096 (N.D. Ok. Nov. 8, 2021) (in child sex abuse case, declining defense request to interview juror as to verdict accuracy); United States v. Ewing, 749 Fed. Appx. 317, 317-326 (6th Cir. 2018) (unpub. op.) (upholding Rul 606(b)'s constitutionality and recognizing that "[t]he Supreme Court has chosen to place the fulcrum at a point that protects jury dynamics and the finality of verdicts.  Its precedent seeks to

assure that the private deliberations of jurors do not become the constant subject of public investigation – to the destruction of all frankness and freedom of discussion and conference.").

All of these cases involved verdicts resulting in mandatory minimum penalties and applied Rule 606(b)'s bar on questioning those verdicts.

## Conclusion

Jurors are presumed to follow their oaths and the court's instructions, regardless of whether their verdict will result in a mandatory penalty. Pena-Rodriguez v. Colorado, 580 U.S. at 224; Hill, 643 F.3d at 829. On February 8, 2024, the jury returned a unanimous verdict convicting the Defendant on all counts. The Court confirmed that the verdict form was completed and filled out. After publishing the jury's verdict, the Court individually polled each and every member of the jury. Each juror individually answered "yes" in response to the Court's question if the pronounced verdict was – in fact - their verdict. Thereafter, the jury was discharged.

Based on the post-verdict, post-polling, and post-discharge events of February 8, 2024, - and having now also reviewed the juror voicemail left on defense counsel's phone - there remains no "clear, strong, substantial and incontrovertible" evidence or reason to believe that the jury ever considered extraneous prejudicial information, experienced outside influence, made a mistake on the verdict form, or relied on racial stereotypes or animus to convict the Defendant. United States v. Brown, 934 F.3d 1278, 1302-03 (11th Cir. 2019).

Rule 606 and Eleventh Circuit precedent demand that the jury's unanimous verdict remain respected and undisturbed.

                                                                       Respectfully submitted,

                                                                       MARKENZY LAPOINTE
                                                                       UNITED STATES ATTORNEY

By:      /s/ *Kevin Gerarde*
              Kevin D. Gerarde
              Assistant United States Attorney
              United States Attorney's Office
              Southern District of Florida
              Fla Bar No. 113844
              11200 NW 20th Street, Suite 101
              Miami, Florida 33172
              Tel: (305) 715-7648
              Email: Kevin.Gerarde@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon defense counsel via email on February 14, 2024.

        /s/ *Kevin Gerarde*
    Kevin D. Gerarde
    Assistant United States Attorney