**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20191-WILLIAMS(s)**

**UNITED STATES OF AMERICA**

**v.**

**ANDREW ALTURO FAHIE,**

**Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR LEAVE TO INTERVIEW JURORS**

The Court should deny Andrew Alturo Fahie's (the "Defendant's") motion for leave to interview jurors under Local Rule 11(e) because the Defendant has not, and cannot, establish good cause for doing so.  Under Local Rule 11(e), good cause for interviewing jurors means "satisfaction of one of the exceptions listed in Rule 606(b)."  United States v. Nerey, 877 F.3d 956, 972 (11th Cir. 2017) (citing United States v. Griek, 920 F.2d 840, 842 (11th Cir. 1991)).  The Defendant fails to meet Rule 11's "good cause" threshold.

The Defendant argues that juror interviews may lead to evidence that would satisfy one of Rule 606(b)'s exceptions but does not allege with any specificity what this information would be.  See ECF No. 231 at 6 ("As it stands now, the record is devoid of any information as to what motivated the jurors' volunteered statements.  In short, the reasons might well be those enumerated in Rule 606(b) or later engrafted as an exception … in Pena-Rodriguez v. Colorado …").  Binding Supreme Court and Eleventh Circuit precedent establish that courts should remain extremely reluctant to investigate jurors after they have reached a verdict.  See Pena-Rodriguez v. Colorado, 580 U.S. 206, 220 (2017) (acknowledging the Supreme Court's "long-recognized and very

substantial concerns supporting the protection of jury deliberations from intrusive inquiry") (internal quotations omitted) (citing <u>Tanner v. United States</u>, 483 U.S. 107, 126 (1987); <u>Nerey</u>, 877 F.3d at 972-73 ("It hardly bears repeating that courts are, and should be, hesitant to haul jurors in after they have reached a verdict in order to probe for potential instances of bias, misconduct or extraneous influences.") (citation omitted); <u>see also</u> <u>Eleventh Cir. Pattern Jury Instructions</u>, Basic Instruction No. 11 (2016) ("Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.").

Local Rule 11(e) reflects the Supreme Court's and Eleventh Circuit's disfavor of probing jurors after they have returned a verdict by prohibiting lawyers from "[communicating] with a member of the jury about a case with which the lawyer and the juror have been connected without leave of Court granted for good cause shown."  S.D. Fla. L.R. 11(e).  In the context of Local Rule 11(e), the Eleventh Circuit interprets "good cause" to mean "satisfaction of one of the exceptions listed in Rule 606(b)."  <u>Nerey</u>, 877 F.3d at 972 (citing <u>Griek</u>, 920 F.2d at 842).  Moreover, the party seeking leave to interview jurors must establish "good cause" with "clear, strong, substantial and incontrovertible evidence that a specific nonspeculative impropriety has occurred."  <u>See</u> <u>United States v. Brown</u>, 934 F.3d 1278, 1304 (11th Cir. 2019) (quoting <u>United States v. Cuthel</u>, 903 F.3d 1381, 1383 (11th Cir. 1990)).

In the instant case, the Defendant has not alleged any juror misconduct that fits within Rule 606(b)'s limited exceptions.  Instead, the Defendant seeks to explore - through juror interviews - whether any such misconduct may have occurred.  This type of speculative request remains expressly prohibited under Local Rule 11(e), Rule 606, and Eleventh Circuit precedent.  <u>See</u> <u>Brown</u>, 934 F.3d at 1304 (upholding court's decision not to interview juror where defense alleged

bias and bullying amongst the jurors, "because the evidence presented to the district court failed to allege any impropriety that could possibly fall within an exception to the no-impeachment rule."); Nerey, 877 F.3d at 972, 974 (upholding court's decision not to interview juror about potential bias toward white collar defendants under Local Rule 11 and Rule 606(b)); Griek, 920 F.2d at 842 (affirming denial of defense's motion to interview jurors for failing to satisfy "the requirements of the exception stated in the Federal Rule [606(b)]"); Cuthel, 903 F.2d at 1382 (upholding district court's denial of the defense's motion to interview jurors and "reasoning that the letter and anonymous phone call [alleging pressure during deliberations and considering the merits of the case before being instructed to deliberate] 'provided no colorable showing that any external influence had affected the jury's verdict,' that Rule 606(b) precluded 'any inquiry for the purpose of uncovering the internal deliberative process,' and that [the defense's] motion failed to demonstrate good cause under the Local Rule."); McElroy by McElroy v. Firestone Tire & Rubber Co., 894 F.2d 1504, 1511 (11th Cir. 1990) (affirming district court's Rule 606(b) denial of defense's motion to interview jurors where "[the defense] does not allege that any prejudicial information or outside influence was brought to bear on the jury" but rather, the defense's allegations "concern only the emotional state of mind" of a juror); United States v. Barber, 147 Fed. Appx. 941, 945-46 (11th Cir. 2005) (unpub.) (approving district court's Rule 606(b) denial of the defense's motion to interview jurors where anonymous juror informed [the defendant] that one of the other jurors had not supported the guilty verdict); United States v. Gibbs, 570 F.Supp.3d 1096, 1099 (N.D. Ok. Nov. 8, 2021) (in child sex abuse case, denying defense's motion to interview juror as to existence of "mistake" in verdict form where jury may have misapplied the law); Bryant v. Mascara, 2018 WL 3868709, at *2-3, No. 2:16-CV-14072-ROSENBERG/REINHART (S.D. Fla. Aug. 14, 2018)

(denying defense's motion to interview juror to investigate whether outside influences were brought to bear on the jury and mistakes occurred on the verdict form).

### Conclusion

Eleventh Circuit precedent and Local Rule 11(e) preclude interviewing jurors after a verdict has been returned and the jury has been discharged unless the moving party establishes "good cause" with "clear, strong, substantial, and incontrovertible evidence that a specific, nonspeculative impropriety has occurred."  See Brown, 934 F.3d at 1304; S.D. Fla. L.R. 11(e). The Defendant fails to satisfy any of the four (4) Rule 606(b) exceptions and instead, seeks to utilize juror interviews to explore whether any Rule 606(b) exception may exist.  The Defendant cannot establish "good cause" under Local Rule 11(e) and the Court should deny the Defendant's request to conduct juror interviews.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/ *Kevin Gerarde*
Kevin D. Gerarde
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
Fla Bar No. 113844
11200 NW 20th Street, Suite 101
Miami, Florida 33172
Tel: (305) 715-7648
Email: Kevin.Gerarde@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon

defense counsel via email on February 19, 2024.


_/s/ Kevin Gerarde_
Kevin D. Gerarde
Assistant United States Attorney