UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20191-WILLIAMS(s)

UNITED STATES OF AMERICA

v.

ANDREW ALTURO FAHIE,

      **Defendant.**

_____/

### GOVERNMENT'S REQUEST TO INTERVIEW THE JURY FOREPERSON

Although it is the government's position that there is no basis for interviewing the jurors in this case under Local Rule 11(e) or Federal Rule of Evidence 606(b), the government requests that if the Court intends to interview two of the jurors to determine if the verdict they delivered, and attested at the time was their verdict, suffered from any defect, the Court should also interview the jury foreperson in the interests of completeness. Once a verdict is delivered and a jury polled to ensure it is their unanimous verdict, a juror's change of heart cannot undermine their previously reported verdict. The high standard for calling into question a delivered verdict thus requires that the foreperson who signed the verdict form be examined to state whether the verdict was unanimous and agreed to by all the jurors.

Inquiry into the validity of a delivered verdict is limited. "During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not

receive a juror's affidavit or evidence of a juror's statement on these matters." F.R.E. 606(b). The only inquiry permitted is into whether:

> (A) extraneous prejudicial information was improperly brought to the jury's attention;
>
> (B) an outside influence was improperly brought to bear on any juror; or
>
> (C) a mistake was made in entering the verdict on the verdict form.

*Id.* Courts have also allowed inquiry into whether a juror "relied on racial stereotypes or animus to convict a criminal defendant." *Pena-Rodriguez v. Colorado*, 580 U.S. 206, 225 (2017).

But "[a]fter a jury has given its verdict, has been polled in open court and has been discharged, an individual juror's change of mind or claim that he was mistaken or unwilling in his assent to the verdict comes too late." *United States v. Williams*, 990 F.2d 507, 513 (9th Cir. 1993) (quotation omitted). That a juror may later regret their verdict or have second thoughts is not grounds for setting aside a validly delivered verdict. *See Foster*, 878 F.3d at 1303 (juror delivered a verdict "she now regretted"); *United States v. Villar*, 586 F.3d 76, 88 (1st Cir. 2009) (verdicts are not undermined by "jurors with second thoughts").

The Court has indicated its intention to question two of the jurors who delivered and affirmed their unanimous verdict in this case, regarding their later suggestions that they had not agreed on a unanimous verdict. The government maintains that any regrets or feelings that they may have been pressured to report a unanimous verdict are "typical features of jury deliberations" that may not call into question a jury's delivered verdict. *United States v. Foster*, 878 F.3d 1297, 1310 (11th Cir. 2018). The interests of completeness thus weigh in favor of questioning the jury foreperson too, and not just the two jurors, to provide complete information about whether the jury had in fact reached a unanimous verdict and whether any facts exist sufficient to undermine the validity of the jury's original verdict.

The rule of completeness embodied in Federal Rule of Evidence 106 states that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time." F.R.E. 106. The courts have "extended Rule 106 to oral testimony in light of Rule 611(a)'s requirement that the district court exercise 'reasonable control' over witness interrogation and the presentation of evidence to make them effective vehicles 'for the ascertainment of truth.'" *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005).

The rule of completeness ensures the airing of all information "relevant and … necessary to qualify, explain, or place into context" that which one party seeks to offer. *United States v. Santos*, 947 F.3d 711, 730 (11th Cir. 2020). Any inquiry into the original report of a unanimous verdict, therefore, requires examining at least the foreperson, as well, to corroborate or give context to whatever the two jurors say.

The government therefore respectfully requests that the jury foreperson by subpoenaed to testify at the scheduled March 7, 2024 hearing, along with the two previously Court-subpoenaed jurors.

                                                        Respectfully submitted,
Markenzy Lapointe
United States Attorney

By:    /s/ Jonathan D. Colan
Jonathan D. Colan
Senior Appellate Attorney
99 N. E. 4th Street
Miami, Florida 33132-2111
Tel. (305) 961-9383
Jonathan.Colan@usdoj.gov

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon defense counsel via email on February 29, 2024.

/s/  Jonathan D. Colan
Jonathan D. Colan
Senior Appellate Attorney